# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FLOYD SCOTT,<br><br>        Plaintiff,<br><br>    v.<br><br>J. PALMER, et al.,<br><br>        Defendants.<br>_____/ | CASE NO. 1:09-cv-01329-SMS PC<br><br>ORDER REQUIRING PLAINTIFF TO EITHER FILE AMENDED COMPLAINT OR NOTIFY COURT OF WILLINGNESS TO PROCEED ONLY ON COGNIZABLE EXCESSIVE FORCE CLAIM<br><br>(Doc. 1)<br><br>THIRTY-DAY DEADLINE |

**Screening Order**

**I.     Screening Requirement**

Plaintiff Floyd Scott, a state prisoner proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983 on July 29, 2009. Plaintiff alleges Correctional Officers J. Palmer, C. Love, and R. S. Rivera, and Sergeant M. H. Lopez violated his federal constitutional rights while he was incarcerated at Kern Valley State Prison in 2006. Plaintiff's claims arise from an incident in which Plaintiff was pepper sprayed, hit, and stomped, and placed in administrative segregation; and false reports documenting the incident were issued.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

1    A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)), and courts "are not required to indulge unwarranted inferences," Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). While factual allegations are accepted as true, legal conclusions are not. Iqbal, 129 S.Ct. at 1949.

Under section 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. Iqbal, 129 S.Ct. at 1949-50; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. Iqbal, 129 S.Ct. at 1949-50; Moss, 572 F.3d at 969.

**II.    Plaintiff's Claims**

    **A.    Allegations**

        **1.    Defendant Palmer**

Plaintiff alleges that on April 10, 2006, Defendant Palmer sprayed Plaintiff in the face, eyes, and upper torso with pepper spray, emptying the can in the process. Plaintiff informed Defendant Palmer that he had asthma and was sensitive to cigarette smoke and fragrances, but Palmer said, "So?" and sprayed him anyway. After Plaintiff was handcuffed and lying on the ground, Defendant Palmer kicked him four times in the ribs and stomped on his back and shoulder three times. Plaintiff alleges the use of force was unprovoked and he sustained injuries as a result. Thereafter, Defendant Palmer filed a false report regarding the incident.

        **2.    Defendant Love**

Prior to the incident with Defendant Palmer, Plaintiff informed Defendant Love, the control tower officer, that he had a ducat for the law library. Defendant Love told him that they went

///

1  through this every day and he would release Plaintiff when the law library called for him.  Plaintiff
2  said the law library did not summon inmates and that is why he had a priority ducat.
3      An hour later, Plaintiff called out to Defendant Love, again seeking to be released from his
4  cell for the law library or yard.  Ten minutes later, Defendant Love opened Plaintiff's cell door to
5  release him for the library.  Plaintiff said he wanted to talk to Defendant Love in fifteen minutes
6  when Love got off work.  Defendant Love asked Plaintiff if he was threatening him.  Plaintiff denied
7  threatening him and said he had talked to Love before on the yard.  Defendant Love asked him three
8  more times if he was threatening him, which Plaintiff denied each time.
9      Defendant Love said something to the floor officer and opened rotunda door, where three
10 staff members were waiting for Plaintiff.  Defendant Palmer "got at" him in a "foul" manner, telling
11 him he was threatening Defendant Love.  (Comp., court record p. 5.)  Plaintiff stated he wanted to
12 talk to Defendant Love about why he kept playing around with Plaintiff's ducat, medical showers,
13 and yard time.  Plaintiff requested to speak with a sergeant.  Defendant Palmer said no and pulled
14 out his pepper spray, which led to the incident described in subsection 1.
15     Plaintiff alleges a claim against Defendant Love for conspiracy to have Plaintiff removed
16 from the building and placed in administrative segregation.  Plaintiff asserts that he would not have
17 been pepper sprayed if Defendant Love had done his job and released Plaintiff for the law library
18 based on Plaintiff's ducat.  Plaintiff also asserts that Defendant Love filed a false report.

19              **3.    Defendants Lopez and Rivera**

20     Plaintiff alleges that Defendant Lopez, a sergeant, failed to protect him from the use of
21 excessive force by Defendant Palmer, failed to properly supervise Palmer, and created false
22 documents.  Plaintiff alleges Defendant Lopez should have stopped Defendant Palmer from
23 emptying the whole can of pepper spray at Plaintiff and should have pulled Palmer off of Plaintiff
24 when Palmer was kicking and stomping him.  Plaintiff alleges that Defendant Rivera had a duty to
25 protect him from harm, and that Rivera stood by and did nothing while Defendant Palmer emptied
26 an entire can of pepper spray at Plaintiff and kicked and stomped him.  Thereafter, Defendant Rivera
27 filed false documents which led to Plaintiff's placement in administrative segregation, where he lost
28 his job and unspecified privileges.

### B. Excessive Force Claim

Plaintiff's allegations are sufficient to state a claim against Defendant Palmer for use of excessive physical force, in violation of the Eighth Amendment. Wilkins v. Gaddy, ___ U.S. ___, ___, 130 S.Ct. 1175, 1178 (2010) (per curiam); Hudson v. McMillian, 503 U.S. 1, 7-9, 112 S.Ct. 995 (1992). Further, Plaintiff's allegations are sufficient to state an Eighth Amendment claim against Defendants Lopez and Rivera for failing to intervene during Defendant Palmer's use of force. Cunningham v. Gates, 229 F.3d 1271, 1289 (9th Cir. 2000); Robins v. Meecham, 60 F.3d 1436, 1442 (9th Cir. 1995).

### C. Due Process Claim

Plaintiff's allegations that Defendants issued false reports regarding the incident do not state a claim. Because allegations relating to false prison records are generally suggestive of a due process violation, the Court will provide that standard for Plaintiff.

The Due Process Clause protects against the deprivation of liberty without due process of law. Wilkinson v. Austin, 545 U.S. 209, 221, 125 S.Ct. 2384, 2393 (2005). In order to invoke the protection of the Due Process Clause, a plaintiff must first establish the existence of a liberty interest for which the protection is sought. Wilkinson, 545 U.S. at 221. Liberty interests may arise from the Due Process Clause itself or from state law. Id.

The Due Process Clause itself does not confer on inmates a liberty interest in avoiding "more adverse conditions of confinement." Id. Under state law, the existence of a liberty interest created by prison regulations is determined by focusing on the nature of the deprivation. Sandin v. Conner, 515 U.S. 472, 481-84, 115 S.Ct. 2293 (1995). Liberty interests created by state law are "generally limited to freedom from restraint which . . . imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin, 515 U.S. at 484; Myron v. Terhune, 476 F.3d 716, 718 (9th Cir. 2007).

Plaintiff does not enjoy a general right to be free from placement in administrative segregation, Resnick v. Hayes, 213 F.3d 443, 447 (9th Cir. 2000); May v. Baldwin, 109 F.3d 557, 565 (9th Cir. 1997), and there is no indication that the false reports caused Plaintiff to be deprived of a protected liberty interest without the procedural protections he was due under federal law,

4

Wilkinson, 545 U.S. at 221; Sandin, 515 U.S. at 484, or that Plaintiff otherwise suffered a deprivation of due process, see Nonnette v. Small, 316 F.3d 872, 878-79 (9th Cir. 2002) (addressing due process protection despite the absence of a protected interest). Therefore, Plaintiff fails to state a claim based on the issuance of false reports.

### D. Conspiracy Claim

Finally, Plaintiff's conspiracy claim against Defendant Love is not viable. To state a claim for conspiracy under section 1983, Plaintiff must show the existence of an agreement or a meeting of the minds to violate his constitutional rights, and an actual deprivation of those constitutional rights. Avalos v. Baca, 596 F.3d 583, 592 (9th Cir. 2010); Franklin v. Fox, 312 F.3d 423, 441 (9th Cir. 2001) . Plaintiff's complaint does not set forth any allegations demonstrating the existence of a conspiracy between the named defendants to violate his rights. The only viable claim for relief in the complaint is the excessive force claim and there are no facts supporting the existence of a conspiracy between Defendants Love and Palmer to violate Plaintiff's Eighth Amendment rights. The fact that Plaintiff's verbal exchange with Defendant Love may have ultimately led to the confrontation with Defendant Palmer is not sufficient. Iqbal, 129 S.Ct. at 1949-50; Avalos, 596 F.3d at 592.

### III. Conclusion and Order

Plaintiff's complaint states an Eighth Amendment claim against Defendants Palmer, Lopez, and Rivera arising out of the incident of excessive force, but the complaint fails to state any other claims for relief under section 1983. Plaintiff may either (1) proceed on his original complaint against Defendants Palmer, Lopez, and Rivera on his Eighth Amendment claim, or (2) file an amended complaint curing the deficiencies identified in this order. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

If Plaintiff files an amended complaint, he may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints). Further, Plaintiff is notified that his amended complaint will supercede his original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and therefore, it must be "complete in itself

without reference to the prior or superceded pleading," Local Rule 15-220. "All causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." <u>King</u>, 814 F.2d at 567 (citing to <u>London v. Coopers & Lybrand</u>, 644 F.2d 811, 814 (9th Cir. 1981)); <u>accord</u> <u>Forsyth</u>, 114 F.3d at 1474.

If Plaintiff is willing to proceed on his original complaint against Defendants Palmer, Lopez, and Rivera on his Eighth Amendment claim only, Plaintiff may notify the Court in writing. The Court will then dismiss Plaintiff's other claims and Defendant Love, and provide Plaintiff with further instructions regarding service of a summons and the complaint on Defendants Palmer, Lopez, and Rivera.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a civil rights complaint form;

2. Within **thirty (30) days** from the date of service of this order, Plaintiff must either:

   a. File an amended complaint curing the deficiencies identified by the Court in this order, or

   b. Notify the Court in writing that he does not wish to file an amended complaint and is willing to proceed only against Defendant Palmer, Lopez, and Rivera for violation of the Eighth Amendment; and

3. If Plaintiff fails to comply with this order, this action will be dismissed for failure to obey a court order.

IT IS SO ORDERED.

**Dated:   January 20, 2011**              /s/ Sandra M. Snyder
                                           UNITED STATES MAGISTRATE JUDGE