# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FLOYD SCOTT,<br><br>              Plaintiff,<br><br>   v.<br><br>J. PALMER, et al.,<br><br>             Defendants.<br>_____/ | CASE NO. 1:09-cv-01329-SMS PC<br><br>SCREENING ORDER DISMISSING DUE PROCESS AND CONSPIRACY CLAIMS; DISMISSING DEFENDANT LOVE; FINDING SERVICE OF COMPLAINT APPROPRIATE; AND DIRECTING PLAINTIFF TO COMPLETE SERVICE OF PROCESS WITHIN ONE-HUNDRED TWENTY DAYS<br><br>(Docs. 1, 21, and 22) |

**I.  Order Authorizing Service of Complaint and Directing Plaintiff to Initiate Service of Process on Defendants Palmer, Rivera, and Lopez**

Plaintiff Floyd Scott, a state prisoner proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983 on July 29, 2009. Plaintiff alleges Correctional Officers J. Palmer, C. Love, and R. S. Rivera, and Sergeant M. H. Lopez violated his federal constitutional rights while he was incarcerated at Kern Valley State Prison in 2006.

On January 24, 2011, the Court screened Plaintiff's complaint pursuant to 28 U.S.C. § 1915A, and found that it states an Eighth Amendment claim against Defendants Palmer, Rivera, and Lopez for excessive force. Fed. R. Civ. P. 8(a); Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007). However, the Court found that Plaintiff's due process and conspiracy claims were not cognizable, and that Plaintiff failed to state a claim against Defendant Love. Plaintiff was ordered to either file an amended complaint or notify the Court of his willingness to proceed only on his cognizable excessive force

claim. On January 31, 2011, Plaintiff notified the Court he is willing to proceed on his excessive force claim.

Plaintiff is not proceeding in forma pauperis and is therefore responsible for serving Defendants in accordance with Rule 4 of the Federal Rules of Civil Procedure. Included with this order are the appropriate service forms and a copy of Rule 4. Unless good cause for an extension of time is shown, Plaintiff must complete service of process and file proof thereof with the Court within one-hundred twenty days. Fed. R. Civ. P. 4(m). The following two sections contain instructions on how to serve Defendants.

## II.   Instructions on Completing Service

### A.   Waiver of Service

Plaintiff has the option of notifying Defendants of the commencement of this action and requesting that they waive service of the summons. Fed. R. Civ. P. 4(d)(1). If Plaintiff wishes to do this, he must mail each Defendant (1) the form entitled "Notice of Lawsuit and Request for Waiver of Service for Summons," (2) the form entitled "Waiver of Service of Summons," (3) a copy of the complaint, and (4) a copy of this order. The documents must be addressed directly to each Defendant (not the Attorney General's Office or any other governmental entity), and the documents must be sent by first-class mail or other reliable means. Id. The Waiver of Service of Summons form must set forth the date on which the request is sent and must allow each Defendant at least thirty days to return the waiver to Plaintiff. If Defendants sign and return the waiver forms to Plaintiff, Plaintiff must then file the forms with the Court. After filing the forms with the Court, Plaintiff does not need to do anything further to serve Defendants. Fed. R. Civ. P. 4(d)(4).

### B.   Personal Service

Plaintiff must effect personal service on any Defendants whom Plaintiff does not request to waive service and on any Defendants who are requested to waive service but fail to return the Waiver of Service of Summons form to Plaintiff. In either situation, the summons, a copy of the complaint, and a copy of this order must be personally served on each Defendant (not the Attorney General's Office or any other governmental entity). Plaintiff may not effect personal service himself. Fed. R. Civ. P. 4(c)(2). Service may be effected by any person who is not a party to this action and who is

at least eighteen years old. Id. Plaintiff should review Rule 4(e), provided with this order, as it more fully addresses how personal service is effected.

**III.   Order**

In accordance with the above, it is HEREBY ORDERED that:

1. This action shall proceed on Plaintiff's complaint, filed July 29, 2009, against Defendants Palmer, Rivera, and Lopez for excessive force, in violation of the Eighth Amendment;

2. Plaintiff's due process and conspiracy claims are dismissed from this action for failure to state a claim, and Defendant Love is dismissed from this action;

3. The Clerk of the Court shall issue and send Plaintiff three summonses, and shall send Plaintiff one copy of the following documents:

    a) Complaint filed on July 29, 2009;

    b) "Notice of Lawsuit and Request for Waiver of Service of Summons;"

    c) "Waiver of Service;" and

    d) Rule 4 of the Federal Rules of Civil Procedure;

4. Plaintiff shall complete service of process on Defendants within **one-hundred twenty (120) days** from the date of service of this order; and

5. Unless good cause is shown, Plaintiff's failure to complete service of process on Defendants and to file proof thereof with the Court within one-hundred twenty days will result in dismissal of this action.

IT IS SO ORDERED.

**Dated:   February 3, 2011**                /s/ Sandra M. Snyder
                                          UNITED STATES MAGISTRATE JUDGE

3