# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FLOYD SCOTT,<br><br>              Plaintiff,<br><br>    v.<br><br>J. PALMER, et al.,<br><br>              Defendants. | CASE NO. 1:09-cv-01329-SKO PC<br><br>ORDER PARTIALLY GRANTING MOTION AND STAYING DISCOVERY PENDING RECEIPT OF PLAINTIFF'S RESPONSE TO MOTION TO STAY AND MOTION FOR SUMMARY JUDGMENT<br><br>(Doc. 42)<br><br>FORTY-FIVE DAY RESPONSE DEADLINE |

      Plaintiff Floyd Scott, a state prisoner proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983 on July 29, 2009. This action is proceeding against Defendants Palmer, Rivera, and Lopez for excessive force, in violation of the Eighth Amendment of the United States Constitution. Defendants filed an answer on June 27, 2011, and this action is subject to the scheduling order filed on June 28, 2011. On August 30, 2011, Defendants filed a motion for summary judgment and on August 31, 2011, Defendants filed a motion seeking to stay discovery pending resolution of their motion for summary judgment or a thirty-day extension of time to respond to Plaintiff's discovery requests in the event their motion to stay is denied.

      Plaintiff served Defendants with requests for admission, interrogatories, and a request for the production of documents on July 17, 2011. Pursuant to the scheduling order, Defendants' responses are due on or before September 6, 2011. Fed. R. Civ. P. 6; Discovery and Scheduling Order, ¶2. The Court will partially grant Defendants' request to stay discovery, pending Plaintiff's response to their motions to stay and for summary judgment.

If Plaintiff needs discovery to oppose Defendants' motion for summary judgment, he is entitled to it. Fed. R. Civ. P. 56(d). If Plaintiff believes he cannot oppose the motion for summary judgment on the merits without discovery, however, the burden is on him to review Defendants' motion, determine what discovery is necessary to oppose the motion, and make the requisite showing in a Rule 56(d) motion.[1]

Accordingly, for the reasons set forth above, it is HEREBY ORDERED that:

1. Defendants' motion to stay discovery, filed August 31, 2011, is partially granted and discovery is stayed pending Plaintiff's response to Defendants' motions to stay and for summary judgment; and

2. Within **forty-five (45) days** from the date of service of this order, Plaintiff shall file (1) a response to Defendants' motion to stay and (2) either a response to Defendants' motion for summary judgment on the merits or a Rule 56(d) motion.

IT IS SO ORDERED.

**Dated:   September 2, 2011**              /s/ Sheila K. Oberto
                                            UNITED STATES MAGISTRATE JUDGE

---

[1] Rule 56(d), formerly Rule 56(f), provides, "If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." Fed. R. Civ. P. 56(d). To prevail on a Rule 56(d) motion, Plaintiff must file a timely motion specifically identifying the relevant information sought, where there is some basis for believing that the information actually exists. Blough v. Holland Realty, Inc., 574 F.3d 1084, 1091 n.5 (9th Cir. 2009) (quotation marks and citation omitted). Plaintiff must demonstrate that the evidence sought actually exists and that it would prevent summary judgment. Blough, 574 F.3d at 1091 n.5 (quotation marks and citation omitted).