# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FLOYD SCOTT, | CASE NO. 1:09-cv-01329-AWI-SKO PC |
| Plaintiff, | ORDER DENYING PLAINTIFF'S RULE 56(D) MOTION AND GRANTING DEFENDANTS' MOTION TO STAY DISCOVERY |
| v. | |
| J. PALMER, et al., | (Docs. 42 and 50) |
| Defendants. | ORDER OVERRULING OBJECTIONS, DISREGARDING REPLY AND EVIDENTIARY OBJECTIONS, GRANTING DEFENDANTS' REQUEST FOR THIRTY DAYS WITHIN WHICH TO FILE A REPLY, AND DENYING PLAINTIFF'S MOTION FOR AN EXTENSION OF TIME AS MOOT |
| | (Docs. 54, 55, 60, and 62) |

**I.   Procedural History**

Plaintiff Floyd Scott, a state prisoner proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983 on July 29, 2009. This action is proceeding against Defendants Palmer, Rivera, and Lopez on Plaintiff's Eighth Amendment excessive force claim. Pending before the Court are several issues relating to Defendants' motions for summary judgment and to stay discovery, and Plaintiff's motion to defer consideration of the motion for summary judgment pending further discovery, summarized as follows.

On August 30, 2011, Defendants filed a motion for summary judgment, and on August 31, 2011, Defendants filed a motion seeking a stay of discovery pending resolution of their motion for summary judgment or, if denied, a thirty-day extension of time to respond to Plaintiff's discovery

///

1

1  requests. On September 2, 2011, the Court partially granted Defendants' motion and stayed
2  discovery pending Plaintiff's responses to the motions to stay and for summary judgment.

3  On September 9, 2011, prior to receipt of the September 2 order, Plaintiff filed (1) a motion
4  seeking re-service of the motion for summary judgment and for sanctions and (2) a motion to compel
5  and for sanctions. On September 19, 2011, the Court granted Plaintiff's motion for re-service,
6  denied Plaintiff's motions to compel and for sanctions, and ordered Plaintiff to comply with the
7  September 2 order within forty-five days. The same day, following electronic service of the order,
8  Defendants filed a proof of re-service of their motion for summary judgment.

9  On September 23, 2011, Defendants filed a motion seeking an extension of time to file a
10 reply, which the Court granted on September 27, 2011.

11 On September 30, 2011, Defendants filed evidentiary objections, and an opposition and a
12 reply to Plaintiff's September 16 filing, which they construed as both a Rule 56(d) motion and an
13 opposition to their motion for summary judgment. Plaintiff filed objections to Defendants' reply on
14 October 6, 2011, and a response to their evidentiary objections.

15 On October 17, 2011, Plaintiff filed a motion seeking an extension of time to file his
16 opposition to Defendants' motion for summary judgment, and on October 18, 2011, Plaintiff filed
17 an opposition to the motion. Defendants filed objections to the opposition on October 24, 2011, and
18 Plaintiff filed a response to their objections on November 7, 2011.

19 **II.     Rule 56(d) Motion**

20 Turning first to Plaintiff's Rule 56(d) motion, "[i]f a nonmovant shows by affidavit or
21 declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the
22 court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or
23 declarations or to take discovery; or (3) issue any other appropriate order." Fed. R. Civ. P. 56(d).
24 Plaintiff bears the burden of specifically identifying relevant information, where there is some basis
25 for believing that the information actually exists, and demonstrating that the evidence sought actually
26 exists and that it would prevent summary judgment. Blough v. Holland Realty, Inc., 574 F.3d 1084,
27 1091 n.5 (9th Cir. 2009) (quotation marks and citation omitted); Tatum v. City and County of San
28 Francisco, 441 F.3d 1090, 1100-01 (9th Cir. 2006).

The discovery phase of this litigation commenced on June 28, 2011, and Defendants filed a motion for summary judgment on August 30, 2011. Defendants argue that (1) Plaintiff's excessive force claim is barred by Edwards v. Balisok, 520 U.S. 641, 117 S.Ct. 1584 (1997) and Heck v. Humphrey, 512 U.S. 477, 114 S.Ct. 2364 (1994), because Plaintiff lost time credits and a finding in his favor would bring into question the length of his sentence, (2) the force used was reasonable under the circumstances, and (3) they are entitled to qualified immunity.

Plaintiff contends very generally that Defendants are delaying his receipt of discovery and he needs the responses to oppose their motion for summary judgment. Plaintiff also argues that he is seeking complaints filed against Defendant Palmer because he believes Palmer previously used excessive force against inmates, and he is seeking documentation or information regarding the employment-related consequences Defendants suffered following the incident.

Regarding the loss of time credits, Plaintiff has made no showing that he needs specific discovery to respond to this argument, and the Court notes that in his opposition, Plaintiff argues that he is serving a sentence life without the possibility of parole and he lost behavior/work credits, not time credits.[1] It is unclear what other information exists, is obtainable only through discovery, and, critically, is necessary to oppose the motion on this ground.

Regarding the other issues, this is an excessive force case and the issue is whether the force at issue was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm. Hudson v. McMillian, 503 U.S. 1, 7, 112 S.Ct. 995 (1992) (quotation marks omitted). The Court may not, on summary judgment, weigh the evidence or assess the credibility of witnesses, Dominguez-Curry v. Nevada Transp. Dept., 424 F.3d 1027, 1035-36 (9th Cir. 2005), and to defeat judgment, Plaintiff need only show that a reasonable jury could have found that the force used was excessive, Lolli v. County of Orange, 351 F.3d 410, 416 (9th Cir. 2003).

In this instance, Plaintiff's verified complaint and his declaration set forth his version of events and have evidentiary value to the extent that they are based on his personal knowledge and contain facts admissible in evidence to which he is competent to testify. Lew v. Kona Hosp., 754

---

[1] The Court anticipates Defendants will address this issue in their reply.

F.2d 1420, 1423 (9th Cir. 1985) (quotation marks omitted); Jones v. Blanas, 393 F.3d 918, 923 (9th Cir. 2004). Plaintiff's general statement that he needs discovery does not suffice to stave off consideration of Defendants' motion for summary judgment, and Plaintiff has made no showing that evidence concerning Defendant Palmer's past misconduct, if any, and Defendants' punishment for the incident, if any, would prevent summary judgment. Accordingly, Plaintiff's Rule 56(d) motion is denied.

In light of that ruling, Defendants' motion to stay discovery pending resolution of their motion for summary judgment is granted. In the event that Defendants' motion for summary judgment is denied in whole or in part, the Court will issue an amended scheduling order.

### III.    Objections to Opposition

Turning to the briefing on Defendants' motion for summary judgment, Defendants object Plaintiff's October 18 opposition on the ground that Plaintiff already opposed their motion on September 16 and he is estopped from claiming his October 18 filing is his first opposition, briefing is complete on the motion, and Plaintiff did not obtain leave of court to file additional briefing. For the reasons that follow, Defendants' objections are without merit.

The relevant September 16 filing is captioned "Plaintiff's Opposition to Defendants [sic] Motion for Summary Judgment per FRCPR 56(d)." Although Plaintiff used the word opposition in the caption, the Court previously ordered Plaintiff to either file an opposition or a Rule 56(d) motion and his filing both complies with the order and clearly identifies Rule 56(d) as the basis for relief. Review of the substance of the filing likewise reveals it to be a Rule 56(d) motion rather than a merits-based opposition to the summary judgment motion, and Plaintiff concludes the filing with a request for relief pursuant to Rule 56(d). It is unclear why Defendants construed the filing as both a Rule 56(d) motion and an opposition on the merits, but the Court finds the latter construction unsupportable in light of the record. Therefore, Defendants' objection to Plaintiff's October 18 opposition is overruled, and their reply and evidentiary objections filed on September 30, 2011, are disregarded.

Defendants' request for a thirty-day extension of time to reply should their objections be overruled is granted. Briefing on Defendants' motion for summary judgment will be complete upon

the expiration of this deadline. Local Rule 230(l). In resolving Defendants' motion, only the motion, the opposition, and the reply, if any, will be considered. (Docs. 40, 41, 58.) All other filings to date, including objections, are considered resolved via the issuance of this order.

**IV.    Order**

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's Rule 56(d) motion, filed September 16, 2011, is denied;
2. Defendants' motion to stay discovery pending resolution of their motion for summary judgment, filed August 31, 2011, is granted;
3. Defendants' objections to Plaintiff's opposition, filed October 24, 2011, are overruled, and Defendants' reply and evidentiary objections, filed September 30, 2011, are disregarded;
4. Defendants' request for a thirty-day extension of time to file a reply is granted; and
5. Plaintiff's motion for an extension of time to file his opposition, filed October 17, 2011, is denied as moot.

IT IS SO ORDERED.

**Dated:     December 7, 2011**            /s/ Sheila K. Oberto
                                           UNITED STATES MAGISTRATE JUDGE