1
2
3
4
5
6           **UNITED STATES DISTRICT COURT**
7                EASTERN DISTRICT OF CALIFORNIA
8
  FLOYD SCOTT,                           CASE NO. 1:09-cv-01329-LJO-SKO PC
9
                    Plaintiff,           FINDINGS AND RECOMMENDATIONS
10                                        RECOMMENDING DEFENDANTS' MOTION
       v.                                FOR SUMMARY JUDGMENT BE GRANTED
11                                        IN PART AND DENIED IN PART
  J. PALMER, et al.,
12                                        (Doc. 40)
                    Defendants.
13                                        THIRTY-DAY OBJECTION DEADLINE
  _____/
14
15              **Findings and Recommendations**
16  **I.    Procedural History**
17          Plaintiff Floyd Scott, a state prisoner proceeding pro se, filed this civil rights action pursuant

18  to 42 U.S.C. § 1983 on July 29, 2009.  This action is proceeding against Defendants Palmer, Rivera,

19  and Lopez on Plaintiff's claim that while he was at Kern Valley State Prison in Delano, California,

20  Defendant Palmer used excessive physical force against him and Defendants Rivera and Lopez failed

21  to intervene, in violation of his rights under the Eighth Amendment of the United States

22  Constitution.  (Docs. 21, 23.)

23          On August 30, 2011, Defendants filed a motion for summary judgment.  (Doc. 40.)  Plaintiff

24  filed an opposition on October 18, 2011, Defendants filed a reply and evidentiary objections on

25
26
27
28
                                      1

1   January 9, 2012, and Plaintiff filed a surreply on January 24, 2012.[1,2,3]  Local Rule 230(l).  (Docs.

2   61, 66.)  For the reasons set forth below, the Court recommends that Defendants' motion be granted

3   in part and denied in part.

4   **II.   Legal Standard**

5          Any party may move for summary judgment, and the Court shall grant summary judgment

6   if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled

7   to judgment as a matter of law.  Fed. R. Civ. P. 56(a) (quotation marks omitted); Washington Mutual

8   Inc. v. U.S., 636 F.3d 1207, 1216 (9th Cir. 2011).  Each party's position, whether it be that a fact is

9   disputed or undisputed, must be supported by (1) citing to particular parts of materials in the record,

10  including but not limited to depositions, documents, declarations, or discovery; or (2) showing that

11  the materials cited do not establish the presence or absence of a genuine dispute or that the opposing

12  party cannot produce admissible evidence to support the fact.  Fed. R. Civ. P. 56(c)(1) (quotation

13  marks omitted).  While the Court *may* consider other materials in the record not cited to by the

14  parties, it is not required to do so.  Fed. R. Civ. P. 56(c)(3); Carmen v. San Francisco Unified School

15  Dist., 237 F.3d 1026, 1031 (9th Cir. 2001).

16         As the moving parties, Defendants bear the initial burden of proving the absence of a genuine

17  dispute of material fact.  In re Oracle Corp. Securities Litigation, 627 F.3d 376, 387 (9th Cir. 2010)

18  (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S.Ct. 2548 (1986)) (quotation marks

19  omitted).  Because Plaintiff bears the burden of proof at trial, Defendants need only prove that there

20  is an absence of evidence to support Plaintiff's case.  In re Oracle Corp., 627 F.3d at 387 (citing

21  Celotex, 477 U.S. at 326) (quotation marks omitted).  If Defendants meet their initial burden, the

22  burden shifts to Plaintiff to designate specific facts demonstrating the existence of genuine issues

23

24         [1] Plaintiff was provided with notice of the requirements for opposing a motion for summary judgment in an

25  order filed on March 8, 2011.  Klingele v. Eikenberry, 849 F.2d 409 (9th Cir. 1988).  (Doc. 28-1.)

26         [2] On December 8, 2011, Plaintiff's motion to continue the motion for summary judgment pending further
    discovery, brought pursuant to Federal Rule of Civil Procedure 56(d), was denied; Defendants' motion to stay

27  discovery pending resolution of their motion for summary judgment was granted; and Defendants were granted thirty
    days within which to file their reply.  (Doc. 64.)

28         [3] Plaintiff does not have a right to file a surreply, but the Court exercises its discretion to consider the filing.

1  for trial. Id. (citing Celotex, 477 U.S. at 324).  However, Plaintiff need not file any countervailing

2  declarations or other materials if Defendants' papers are insufficient on their face to demonstrate the

3  lack of any material issue of fact.  Kaiser Cement Corp. v. Fischbach and Moore, Inc., 793 F.2d

4  1100, 1103-04 (9th Cir. 1986); Lew v. Kona Hosp., 754 F.2d 1420, 1423 (9th Cir. 1985) (quotation

5  marks omitted).

6      In resolving Defendants' motion for summary judgment, all of the evidence must be viewed

7  in the light most favorable to Plaintiff as the non-moving party, Garcia v. County of Merced, 639

8  F.3d 1206, 1208 (9th Cir. 2011); Hunt v. City of Los Angeles, 638 F.3d 703, 709 (9th Cir. 2011),

9  and all reasonable inferences must be drawn in his favor, LVRC Holdings LLC v. Brekka, 581 F.3d

10  1127, 1136 (9th Cir. 2009); Pinard v. Clatskanie School Dist. 6J, 467 F.3d 755, 763 (9th Cir. 2006).

11  Further, Plaintiff's papers are treated more indulgently since he is the nonmoving party.  Lew, 754

12  F.3d at 1423.

13  **III.  Discussion**[4]

14      A.      **Plaintiff's Allegations**

15      In his complaint, Plaintiff alleges that on April 10, 2006, Defendant Palmer, a correctional

16  officer, sprayed him in the face, eyes, and upper torso with pepper spray, emptying the can in the

17  process.  (Doc. 1, Comp.)  Plaintiff informed Defendant Palmer that he had asthma and he was

18  sensitive to cigarette smoke and fragrances, but Palmer said, "So?" and sprayed him anyway.  After

19  Plaintiff was handcuffed and lying on the ground, Defendant Palmer kicked him four times in the

20  ribs and stomped on his back and shoulder three times.  Plaintiff alleges that the use of force was

21  unprovoked and he sustained injuries as a result.

22      Plaintiff further alleges that Defendant Lopez, a sergeant, and Defendant Rivera, a

23  correctional officer, were present during the incident and failed to intervene.  Plaintiff alleges that

24  ────────────

25      [4] Plaintiff's complaint is verified and it functions as an opposing affidavit to the extent it is based on
Plaintiff's personal knowledge and it sets forth facts admissible in evidence to which Plaintiff is competent to testify,

26  Moran v. Selig, 447 F.3d 748, 759-60 (9th Cir. 2006); Jones v. Blanas, 393 F.3d 918, 923 (9th Cir. 2004); Lopez v.
Smith, 203 F.3d 1122, 1132 n.14 (9th Cir. 2000); Johnson v. Meltzer, 134 F.3d 1393, 1399-1400 (9th Cir. 1998);

27  Schroeder v. McDonald, 55 F.3d 454, 460 n.11 (9th Cir. 1995); McElyea v. Babbitt, 833 F.2d 196, 197-98 (9th Cir.
1987) (per curiam); Lew, 754 F.2d at 1423.  Due to their lack of verification, Plaintiff's opposition brief, his

28  declaration (exhibit B), and his surreply are not treated as opposing affidavits.  Moran, 447 F.3d at 759-60.

1   Defendant Lopez failed to stop Defendant Palmer from emptying the whole can of pepper spray on

2   Plaintiff and he failed to pull Defendant Palmer off of Plaintiff when Palmer was kicking and

3   stomping him.  Plaintiff alleges that Defendant Rivera stood by and did nothing while Defendant

4   Palmer pepper sprayed him and kicked and stomped him.

5   **B.    Favorable Termination Rule and Claim Arising from Use of Pepper Spray**

6        Defendants move for summary judgment on Plaintiff's excessive force claim arising out of

7   the use of pepper spray on the ground that a finding in Plaintiff's favor would necessarily invalidate

8   the prison disciplinary conviction against him, which resulted in the loss of time credits.  Plaintiff

9   argues that his claim is not barred, because he is not seeking the restoration of good time credits, and

10  he is serving "a life sentence with absolutely no action of parole in this life time" and cannot "legally

11  [lose] any time."  (Doc., 61, Opp., 17:1-5.)

12       It has long been established that state prisoners cannot challenge the fact or duration of their

13  confinement in a § 1983 action and their sole remedy lies in habeas corpus relief.  Wilkinson v.

14  Dotson, 544 U.S. 74, 78, 125 S.Ct. 1242 (2005).  Often referred to as the favorable termination rule,

15  this exception to § 1983's otherwise broad scope applies whenever state prisoners "seek to invalidate

16  the duration of their confinement - either directly through an injunction compelling speedier release

17  or *indirectly through a judicial determination that necessarily implies the unlawfulness of the State's*

18  *custody*."  Wilkinson, 544 U.S. at 81 (emphasis added).  Thus, "a state prisoner's § 1983 action is

19  barred (absent prior invalidation) - no matter the relief sought (damages or equitable relief), no

20  matter the target of the prisoner's suit (state conduct leading to conviction or internal prison

21  proceedings) - *if* s success in that action would necessarily demonstrate the invalidity of confinement

22  or its duration."  Id. at 81-2.

23       Plaintiff does not dispute that he is serving an indeterminate term with the possibility of

24  parole.  (Doc. 66, Reply, Ex. A; Doc. 68, Surreply, 2:13-14.)  Rather, Plaintiff argues that as his

25  sentence is 274 years to life, he will never be released and he is not seeking release, precluding

26  application of the favorable termination rule to his claim.

27       The Court rejects Plaintiff's argument.  Plaintiff was not sentenced to life without the

28  possibility of parole, and he is eligible to earn and lose time credits, actions which necessarily affect

the length of his sentence.  As punishment for his disciplinary conviction, Plaintiff was assessed a ninety-day behavior/work credit loss, which did affect the length of his sentence.  Cal. Code Regs., tit. 15 § 2000(b)(103) (defining work-time credit as a reduction in time served for participation in work, training, or education programs).  (Reply, Ex. A.)

Although Plaintiff points to a general chrono documenting his ninety-day loss of dayroom and telephone privileges from May 22, 2006, to August 22, 2006, the existence of that general chrono does not bring into question the ninety-day credit loss assessment which is documented in the rules violation report, and Plaintiff submits no other evidence showing the credit loss was reversed or is otherwise in dispute.[5]  (Opp., court record p. 38.)  Plaintiff's argument that he does not earn "good time" credits is equally unavailing.  The evidence shows that Plaintiff lost behavior/work credits, and his sentence was recalculated as a result.  (Doc. 41, Motion, Ex. A-1; Reply, Ex. A.)

Given that Plaintiff lost time credits as a result of being found guilty of the prison disciplinary charge, his claim is barred by the favorable termination rule if a finding in his favor on his claim would necessarily imply the invalidity of the disciplinary conviction.  Wilkinson, 544 U.S. at 81-2; Edwards v. Balisok, 520 U.S 641, 80-81, 117 S.Ct. 1584 (1997).  In this circumstance, the Court finds that it would.

Plaintiff was accused of refusing Defendant Palmer's order to return to his cell, failing to respond to two attempts to counsel him, refusing an order to turn around and cuff up, clenching his fists and taking an aggressive stance, raising his fist, refusing an order to get down, and advancing on Defendant Palmer, at which time Defendant pepper sprayed him.  (Motion, Ex. A-1.)  Plaintiff was charged with and found guilty of resisting staff resulting in the use of O.C. pepper spray, based on the aforementioned events.  (Id.)  A finding that Defendant Palmer's use of pepper spray was unprovoked and constituted excessive force would necessarily imply the invalidity of the disciplinary finding that Plaintiff was guilty of resisting staff, resulting in the use of pepper spray.  Accordingly, the Court finds that Plaintiff's excessive force claim arising out of the use of pepper spray is barred

---

[5] The general chrono appears to be informational in nature and directed at documenting restrictions that affect Plaintiff's general housing conditions or privileges.

by the favorable termination rule, and it recommends that the claim be dismissed.[6]  Heck v.

Humphrey, 512 U.S. 477, 489, 114 S.Ct. 2364 (1994) (until and unless favorable termination of the

conviction or sentence occurs, no cause of action under § 1983 exists).

### C.   Claim Arising From Post-Pepper Spray Events

#### 1.   Defendant Palmer

Defendant Palmer also argues that he is entitled to judgment as a matter of law on Plaintiff's

claim that Palmer kicked and stomped Plaintiff after subduing him with pepper spray and

handcuffing him.  Defendant attests that he did not kick or stomp Plaintiff at any time, and he points

to the lack of any evidence supporting Plaintiff's claim, including the absence of any documentation

that Plaintiff ever complained of or sought treatment for injuries arising out of being kicked or

stomped.  (Motion, Palmer Dec., ¶21, Ex. A-1-7.)

The Cruel and Unusual Punishments Clause of the Eighth Amendment protects prisoners

from the use of excessive physical force.  Wilkins v. Gaddy, ___ U.S. ___, ___, 130 S.Ct. 1175,

1178 (2010) (per curiam); Hudson v. McMillian, 503 U.S. 1, 8-9, 112 S.Ct. 995 (1992).  What is

necessary to show sufficient harm under the Eighth Amendment depends upon the claim at issue,

with the objective component being contextual and responsive to contemporary standards of

decency.  Hudson, 503 U.S. at 8 (quotation marks and citations omitted).  For excessive force claims,

the core judicial inquiry is whether the force was applied in a good-faith effort to maintain or restore

discipline, or maliciously and sadistically to cause harm.  Wilkins, ___ U.S. at ___, 130 S.Ct. at 1178

(quoting Hudson, 503 U.S. at 7) (quotation marks omitted).

Not every malevolent touch by a prison guard gives rise to a federal cause of action.  Wilkins,

___ U.S. at ___, 130 S.Ct. 1178 (quoting Hudson, 503 U.S. at 9) (quotation marks omitted).

Necessarily excluded from constitutional recognition is the de minimis use of physical force,

provided that the use of force is not of a sort repugnant to the conscience of mankind.  Wilkins, ___

U.S. at ___, 130 S.Ct. at 1178 (quoting Hudson, 503 U.S. at 9-10) (quotations marks omitted).  In

---

[6] Because the Court finds Plaintiff's pepper spray claim is barred by the favorable termination rule, it does not reach Defendants' alternate arguments that the force used was reasonable under the circumstances and that they are entitled to qualified immunity.

determining whether the use of force was wanton and unnecessary, courts may evaluate the extent of the prisoner's injury, the need for application of force, the relationship between that need and the amount of force used, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of a forceful response. Hudson, 503 U.S. at 7 (quotation marks and citations omitted).

While the absence of a serious injury is relevant to the Eighth Amendment inquiry, it does not end it. Hudson, 503 U.S. at 7. The malicious and sadistic use of force to cause harm always violates contemporary standards of decency. Wilkins, ___ U.S. at ___, 130 S.Ct. at 1178 (quoting Hudson, 503 U.S. at 9) (quotation marks omitted). Thus, it is the use of force rather than the resulting injury which ultimately counts. Id. at 1178.

In his verified complaint, Plaintiff alleges that Defendant Palmer kicked him four times in the ribs on his left side and stomped his back and shoulder three times. (Comp., § IV.) This allegation *is* evidence and it is sufficient to bring into dispute the issue of whether Defendant Palmer kicked and stomped Plaintiff once he was subdued and handcuffed. Jones, 393 F.3d at 923.

While Plaintiff has not submitted any evidence to demonstrate he sustained any specific injuries as a result of allegedly being kicked and stomped, it is the nature of the force used which is definitive and not the absence of injury. Wilkins, ___ U.S. at ___, 130 S.Ct. at 1176. Viewing the facts in the light most favorable to Plaintiff, he was already subdued, handcuffed, and lying on his stomach when he was kicked and stomped by Defendant Palmer. Thus, there was no longer any threat requiring the use of physical force, let alone force involving kicking and stomping. Hudson, 503 U.S. at 7. The Court finds that Plaintiff's version of events is sufficient to raise a triable issue of fact regarding whether Defendant Palmer used excessive physical force against him after he was handcuffed. Wilkins, ___ U.S. at ___, 130 S.Ct. at 1178; Hudson, 503 U.S. at 9-10.

### 2.      Claim Against Defendants Rivera and Lopez

Defendants Rivera and Lopez move for judgment as a matter of law on Plaintiff's claim against them arising out of their alleged failure to intervene when Defendant Palmer kicked and stomped him. Defendant Rivera, who was present when the incident occurred, denies seeing Defendant Palmer kick or stomp Plaintiff. (Motion, Rivera Dec., ¶11.) Defendant Lopez attests that

1   he was in the staff office when the incident began. (Motion, Lopez Dec., ¶6.)  By the time he exited

2   the office and headed toward the area, he smelled pepper spray; when he reached the section door,

3   he was Plaintiff lying on ground being handcuffed and helped to his feet.  (Id., ¶¶7, 8.)  Defendant

4   Lopez also denies seeing Defendant Palmer kick or stomp Plaintiff.  (Id., ¶10.)

5        The failure to intervene can support an excessive force claim where the bystander-officers

6   had a realistic opportunity to intervene but failed to do so.  Lolli v. County of Orange, 351 F.3d 410,

7   418 (9th Cir. 2003);  Cunningham v. Gates, 229 F.3d 1271, 1289 (9th Cir. 2000); Robins v.

8   Meecham, 60 F.3d 1436, 1442 (9th Cir. 1995); see also Motley v. Parks, 383 F.3d 1058, 1071 (9th

9   Cir. 2004) (neither officers who participated in the harassing search nor officers who failed to

10  intervene and stop the harassing search were entitled to qualified immunity).  Although Defendants

11  argue that there is no evidence they acted with deliberate indifference to a substantial risk of harm

12  to Plaintiff, the issue in this case is whether they are liable for the use of excessive force against

13  Plaintiff by virtue of their failure to intervene when Defendant Palmer kicked and stomped Plaintiff,

14  Lolli, 351 F.3d at 418; Cunningham, 229 F.3d at 1289; Robins, 60 F.3d at 1442, not whether there

15  is any evidence they acted with deliberate indifference, Farmer v. Brennan, 511 U.S. 825, 835, 114

16  S.Ct. 1970 (1994) (application of deliberate indifference standard is inappropriate in excessive force

17  cases).

18       While Defendants Rivera and Lopez deny seeing Defendant Palmer kick or stomp Plaintiff,

19  there is a no dispute that Defendant Rivera was present during the entire incident, and Plaintiff attests

20  that if Defendant Lopez had pulled Defendant Palmer off of him, he would not have been kicked and

21  stomped. (Comp., court record p. 6.)  Both the incident report and Defendant Lopez's declaration

22  time his arrival on the scene with Plaintiff getting handcuffed, which was just prior to when he was

23  allegedly kicked and stomped.  (Opp., court record p. 42; Lopez Dec., ¶8.)  Accepting Plaintiff's

24  version of events as true, as it must, the Court finds a triable issue of fact regarding whether

25  Defendants Rivera and Lopez had a reasonable opportunity to intervene but failed to do so.  Lolli,

26  351 F.3d at 418; Robins, 60 F.3d at 1442.

27  ///

28  ///

**IV.      Conclusion and Recommendation**

For the reasons set forth herein, the Court RECOMMENDS that Defendants' motion for summary judgment, filed on August 30, 2011, be GRANTED in part and DENIED in part as follows:

1.      Defendants' motion for a finding that Plaintiff's excessive force claim arising out of the use of pepper spray is barred by the favorable termination rule be GRANTED and the claim be dismissed; and

2.      Defendants' motion for summary judgment on Plaintiff's excessive force claim arising out of being kicked and stomped once handcuffed be DENIED.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **thirty (30) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).


IT IS SO ORDERED.

**Dated:      February 6, 2012**                        _____/s/ Sheila K. Oberto_____
                                                                      UNITED STATES MAGISTRATE JUDGE