1

2

3

4

5

6

7

8

# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

9   FLOYD SCOTT,                                        CASE NO. 1:09-cv-01329-LJO-SKO PC

10                          Plaintiff,              ORDER DENYING MOTION FOR
                                                    APPOINTMENT OF COUNSEL
11          v.
                                                    (Doc. 82)
12   J. PALMER, et al.,

13                          Defendants.
                                                                    /
14   _____

15          Plaintiff Floyd Scott, a state prisoner proceeding pro se, filed this civil rights action pursuant

16   to 42 U.S.C. § 1983 on July 29, 2009.  On April 30, 2012, Plaintiff filed a motion seeking the

17   appointment of counsel.

18          Plaintiff does not have a constitutional right to the appointment of counsel in this action.

19   Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009); Storseth v. Spellman, 654 F.2d 1349, 1353 (9th

20   Cir. 1981).  The Court may request the voluntary assistance of counsel pursuant to 28 U.S.C. §

21   1915(e)(1), but it will do so only if exceptional circumstances exist.  Palmer, 560 F.3d at 970;

22   Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1981).  In making this determination, the

23   Court must evaluate the likelihood of success on the merits and the ability of Plaintiff to articulate

24   his claims *pro se* in light of the complexity of the legal issues involved.  Palmer, 560 F.3d at 970

25   (citation and quotation marks omitted); Wilborn, 789 F.2d at 1331.  Neither consideration is

26   dispositive and they must be viewed together.  Palmer, 560 F.3d at 970 (citation and quotation marks

27   omitted); Wilborn 789 F.2d at 1331.

28   ///

1

1      In the present case, the Court does not find the required exceptional circumstances.  Even if

2   it is assumed that Plaintiff is not well versed in the law and that he has made serious allegations

3   which, if proved, would entitle him to relief, his case is not exceptional.  The Court is faced with

4   similar cases almost daily.  Further, at this stage in the proceedings, the Court cannot make a

5   determination that Plaintiff is likely to succeed on the merits, and based on a review of the record

6   in this case, the Court does not find that Plaintiff cannot adequately articulate his claims.  Id.

7      For the foregoing reasons, Plaintiff's motion for the appointment of counsel is HEREBY

8   DENIED, without prejudice.

9

10   IT IS SO ORDERED.

11   **Dated:     May 1, 2012**                                            /s/ Sheila K. Oberto
                                                                UNITED STATES MAGISTRATE JUDGE

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28