1
2
3
4
5

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

6   FLOYD SCOTT,                                    CASE NO. 1:09-cv-01329-LJO-SKO PC

7                          Plaintiff,               FINDINGS AND RECOMMENDATIONS
                                                    RECOMMENDING (1) DEFENDANTS'
8        v.                                         MOTION TO DECLARE PLAINTIFF A
                                                    VEXATIOUS LITIGANT, FOR THE
9   J. PALMER, et al.,                              ISSUANCE OF A PRE-FILING ORDER, AND
                                                    FOR AN ORDER REQUIRING THE
10                         Defendants.              FURNISHMENT OF SECURITY BE DENIED,
                                                    AND (2) DEFENDANTS' MOTION TO
11                                                  STRIKE BE DENIED AS MOOT

12                                                  (Docs. 92 and 97)

13                                                  THIRTY-DAY OBJECTION DEADLINE

14   _____/

15       **Finding and Recommendations Recommending Defendants' Motion be Denied**

16   **I.    Procedural History**

17           Plaintiff Floyd Scott, a state prisoner proceeding pro se, filed this civil rights action pursuant

18   to 42 U.S.C. § 1983 on July 29, 2009.  This action is presently proceeding against Defendants

19   Palmer, Rivera, and Lopez on Plaintiff's Eighth Amendment excessive force claim arising out of an

20   incident in which Plaintiff was allegedly kicked and stomped after he had been handcuffed.[1]

21           On June 22, 2012, Defendants filed a motion for an order declaring Plaintiff a vexatious

22   litigant, for the issuance of a pre-filing order requiring Plaintiff to seek leave of the presiding judge

23   before filing any new actions, and for an order requiring Plaintiff to post security in an amount of

24   no less than $79,330.00 before this matter proceeds to trial. 28 U.S.C. § 1651(a); Local Rule 151(b);

25   Cal. Civ. Proc. § 391.1.  Plaintiff filed an opposition on July 5, 2012, Defendants filed a reply on

26

27   _____
         [1] Defendants were granted partial summary judgment on Plaintiff's excessive force claim arising from
28   events which preceded the handcuffing, but a motion for reconsideration is pending before the Honorable Lawrence
     J. O'Neill.  (Docs. 71, 83.)

1    July 12, 2012, and the matter has been submitted upon the record.[2]  Local Rule 230(l).  For the

2    reasons which follow, the Court recommends that Defendants' motion be denied in its entirety.

3    **II.    Discussion**

4          **A.    Declaration of Vexatiousness and Issuance of Pre-filing Order**

5                **1.    Introduction**

6          Local Rule 151(b) of the Eastern District of California authorizes the Court to issue an order

7    requiring a litigant to post security and in doing so, the Court looks to the procedures under

8    California law relating to vexatious litigants.  Local Rule 151(b); Cal. Civ. Proc. §§ 391, 391.1,

9    391.3.  The furnishment of security and Plaintiff's qualification as a vexatious litigant under

10   California law are discussed in subsection B.

11         In moving for an order declaring Plaintiff vexatious and for the issuance of a pre-filing order,

12   Defendants identify cases and conduct which they argue support a finding of vexatiousness as

13   defined in section 391(b) of the California Code of Civil Procedure.  The Court will address the

14   arguments in the order and on the basis articulated by Defendants, but under federal law, the standard

15   which must be met to declare a litigant vexatious and issue a pre-filing order is much more stringent

16   than the state statutory standard.

17              **2.    Legal Standard**

18         The Court has inherent power under the All Writs Act, 28 U.S.C. § 1651(a), to enter a pre-

19   filing order against a vexatious litigant, but a pre-filing order is "an extreme remedy that should

20   rarely be used."  Molski v. Evergreen Dynasty Corp., 500 F.3d 1047, 1057 (9th Cir. 2007), *cert.*

21   *denied*, 555 U.S. 1031 (2008) (citation omitted).  A pre-filing order "can tread on a litigant's due

22   process right of access to the courts" and it should not be entered "with undue haste" or without "a

23   cautious review of the pertinent circumstances."  Molski, 500 F.3d at 1057 (citation omitted).

24   ///

---

26         [2] Plaintiff filed a surreply on July 27, 2012, and Defendants filed a motion to strike on August 3, 2012.
27   Plaintiff does not have a right under either the Federal Rules of Civil Procedure or the Local Rules to file a surreply,
     and the Court does not find any further briefing to be necessary.  Accordingly, the Court declines to consider
28   Plaintiff's surreply, which was filed without leave of court, and in light of this decision, it recommends denial of
     Defendants' motion to strike as moot.

The focus under federal law is on the number of suits that were frivolous or harassing in nature rather than on the number of suits that were simply adversely decided. Molski, 500 F.3d at 1061; De Long v. Hennessey, 912 F.2d 1144, 1147-48 (9th Cir. 1990). Prior to entering a pre-filing order against a litigant, (1) the litigant must be given notice and an opportunity to be heard, (2) the Court must compile an adequate record, (3) the Court must make substantive findings about the frivolous or harassing nature of Plaintiff's litigation, and (4) the pre-filing order must be narrowly tailored to closely fit the specific vice encountered. Molski, 500 F.3d at 1057 (citing De Long, 912 F.2d at 1147-48) (quotation marks omitted).

Plaintiff has had notice and an opportunity to be heard via Defendants' motion and his written opposition. Molski, 500 F.3d at 1058-59. The "heart" of the inquiry in this case is the third factor: the frivolous or harassing nature of Plaintiff's actions. Id. at 1059. The Court "must look at both the number and content of the filings as indicia of the frivolousness of the litigant's claims." Id. (quoting De Long, 912 F.2d at 1148) (internal quotation marks omitted). A showing of litigiousness is not enough; the claims must not only be numerous but patently without merit. Id. Frivolous litigation includes not only those cases in which a legal claim is entirely without merit but also those cases in which a claimant has some measure of a legitimate claim but makes false factual assertions. Id. at 1060-61 (quotation marks omitted).

### 3. Final Adverse Determinations

In support of their argument that Plaintiff is a vexatious litigant, Defendants first identify eight cases filed in the past seven years which were decided against Plaintiff. See Cal. Civ. Proc. § 391(b)(1).[3] The eight cases are as follows, in chronological order.

In Scott v. Superior Court, case number H028918, the Sixth Appellate District summarily denied Plaintiff's appeal on July 7, 2005. (Ex. 11.)

In Scott v. Gutierrez, case number H028524, Plaintiff appealed (1) the dismissal of his amended complaint, without leave to amend, for failure to comply with the Government Claims Act

---

[3] Pursuant to section 391(b)(1) of the California Code of Civil Procedure, a vexatious litigant is a person who "in the immediately preceding seven-year period has commenced, prosecuted, or maintained in propria persona at least five litigations other than in a small claims court that have been (I) finally determined adversely to the person or (ii) unjustifiably permitted to remain pending at least two years without having been brought to trial or hearing."

1   and (2) the denial of his motion for entry of default. (Ex. 8.) On December 5, 2005, the Sixth

2   Appellate District affirmed the judgment of the trial court, and on February 8, 2006, the California

3   Supreme Court, in case number S140116, denied Plaintiff's petition for review. (Exs. 8, 9.)

4          In Scott v. Lauber, case number 4:05-cv-04355-PJH (PR), the district court dismissed the

5   case on April 13, 2006, without prejudice, as duplicative and it is clear from the order that it was

6   filed as a result of the erroneous dismissal of the earlier action and not based on abusive litigation

7   tactics. (Ex. 6.)

8          In Scott v. Lauber, case number 4:05-cv-00111-PJH, the district court dismissed the action,

9   without prejudice, on July 3, 2008, for failure to keep the court apprised of a current address,

10  following returned mail in the case. (Ex. 5.)

11         On July 6, 2009, in Scott v. Belmares, case number 08-56192, the Ninth Circuit Court of

12  Appeals affirmed the dismissal of Plaintiff's case for failure to prosecute and failure to obey the

13  court's orders. (Ex. 3.)

14         While four of these six cases were "finally adversely determined" against Plaintiff under

15  California law, as discussed in subsection B, Cal. Civ. Proc. § 391(b)(1), there is no evidence that

16  they were frivolous or harassing in nature and as a result, they do not support a determination that

17  Plaintiff is a vexatious litigant under federal law,[4] Molski, 500 F.3d at 1059; De Long, 912 F.2d at

18  1147-48. The final two cases, Scott v. Belmares, case number 2:99-cv-12458, and Scott v. Vasquez,

19  case number 2:02cv005296, were dismissed, in relevant part, for failure to prosecute.

20         In Scott v. Belmares, the district court granted the defendants' motion for terminating

21  sanctions on June 27, 2008, and dismissed the action, with prejudice, for failure to prosecute and

22  failure to obey the court's order. (Ex. 1.) Plaintiff had been ordered to show cause why the action

23  should not be dismissed (1) based on his failure to respond to a motion to compel and a motion for

24  terminating sanctions and (2) based on his failure to keep the court apprised of his current address.

25

26         [4] Based on the record provided, the Court cannot determine whether the summary denial in Scott v.
    Superior Court, case number H028918, constituted a final determination or was instead a summary denial on a
27  pretrial issue. Fink v. Shemtov, 180 Cal.App.4th 1160, 1171-73, 103 Cal.Rptr.3d 509, 517-18 (Cal. Ct. App. 2010).
    In addition, the Court considers the dismissal of Scott v. Lauber, case number 4:05-cv-04355-PJH (PR), to be purely
28  administrative in nature, as the case was filed due to confusion caused by a court error.

4

1  (Id.)  Plaintiff filed a response, but the Magistrate Judge recommended the motion for terminating
2  sanctions be granted and the action be dismissed.  (Id.)

3      The Magistrate Judge's recommendation that terminating sanctions should issue, adopted in
4  full by the district court, is well supported and details Plaintiff's protraction of the litigation, failure
5  to diligently prosecute the case, and failure to either offer any credible explanation for his conduct
6  or act to move the case forward.  (Id.)  Terminating sanctions appear to have been amply supportable,
7  particularly as Plaintiff did not cooperate in discovery and he succeeded in obtaining lengthy
8  continuances but then failed to utilize the time given to move the case forward.  That terminating
9  sanctions were appropriate in that case, however, is not sufficient to support a finding that the action
10  itself, or Plaintiff's conduct therein, rose to the level of frivolous or harassing.  Molski, 500 F.3d at
11  1059; De Long, 912 F.2d at 1147-48.  The standard is high and lack of diligence is insufficient to
12  meet it.

13      On December 11, 2009, in Scott v. Vasquez, the district court dismissed Plaintiff's claims
14  against Defendant Vasquez, with prejudice pursuant to Federal Rule of Civil Procedure 25(a)(1) and
15  dismissed Plaintiff's remaining claims with prejudice for failure to prosecute pursuant to Federal
16  Rule of Civil Procedure 41(b).  (Ex. 4.)  At the time dismissal was recommended by the Magistrate
17  Judge, Plaintiff had been given more than two years to file a timely opposition to the defendants'
18  motion for summary judgment but he failed to do so.  (Id.)  In addition to Plaintiff's failure to timely
19  oppose the motion for summary judgment, the court found that he failed to keep the court apprised
20  of his current address and he failed to prosecute his case despite not receiving any mail.  (Id.)

21      While these findings demonstrate that Plaintiff again failed to exercise due diligence in
22  prosecuting his case, they do not support a finding that the action itself, or Plaintiff's conduct therein,
23  was frivolous or harassing.  Molski, 500 F.3d at 1059; De Long, 912 F.2d at 1147-48.

24      In sum, there is no support for a finding that these eight cases were patently without merit,
25  and while Plaintiff was responsible for delays in two cases and the courts found he failed to offer any
26  credible explanations for his actions when called upon to do so, there is no support for a finding that
27  Plaintiff made false factual assertions or otherwise engaged in conduct egregious enough to rise to
28  the level of frivolous or harassing.  See Molski, 500 F.3d at 1060-61 (The district court looked at

1  allegations in approximately four-hundred cases in determining that the plaintiff's "baseless and

2  exaggerated claims of injuries exceeded any legitimacy and were made for the purpose of coercing

3  settlement.").

4  **4.    Re-litigation Against Same Parties**

5  Defendants next contend that Plaintiff has re-litigated, or attempted to re-litigate, the same

6  claims, controversies, and/or legal issues against the same parties, and as a result, he meets the

7  vexatious litigant standard.  See Cal. Civ. Proc. § 391(b)(2).[5]

8  **a.    Scott v. Vasquez Cases**

9  The first series of cases purportedly involves Plaintiff's claims against City of Compton

10  police officers for excessive force and malicious prosecution.  On December 22, 1999, Plaintiff filed

11  case number 2:99-cv-13427-UA in the Central District of California.  (Ex. 12.)  The court denied

12  Plaintiff's application to proceed in forma pauperis and dismissed the case on February 1, 2000.  (Id.)

13  However, only the docket was provided by Defendants and the ground for the dismissal is unknown;

14  the ground well may have been limited to Plaintiff's ineligibility to proceed in forma pauperis,

15  without any consideration of the merits of Plaintiff's complaint.

16  On February 21, 2000, Plaintiff filed another case, 2:01-cv-01693-UA-AJ, against the same

17  eight defendants named in case number 2:99-cv-13427-UA.  (Ex. 13.)  The court denied Plaintiff

18  leave to proceed in forma pauperis and dismissed the case; again, the ground is unknown and it may

19  well have been limited to Plaintiff's ineligibility to proceed in forma pauperis.  (Id.)

20  On April 30, 2001, Plaintiff filed another case naming "several Compton, California, police

21  officers and the Compton Chief of Police."  (Ex. 14, p. 1.)  Plaintiff paid the filing fee for the case

22  which was dismissed without prejudice on January 23, 2002, for failure to effect timely service of

23  the summons and complaint.  Fed. R. Civ. P. 4(m).  (Id., p. 10.)

24  On April 10, 2002, Plaintiff filed another case naming six defendants who were also named

25

26  [5] Pursuant to section 391(b)(2), a vexatious litigant is a person who "[a]fter a litigation has been finally
determined adversely against the person, repeatedly relitigates or attempt to relitigate, in propria persona, either (I)

27  the validity of the determination against the same defendant or defendants as to whom the litigation was finally
determined or (ii) the cause of action, claim, controversy, or any of the issues of fact or law, determined or

28  concluded by the final determination against the same defendant or defendants as to whom the litigation was finally
determined."

in case numbers 2:99-cv-13427-UA and 2:01-cv-01693-UA-AJ. (Ex. 15.) Plaintiff was denied leave to proceed in forma pauperis and the case was dismissed on April 29, 2002. (Id.) Although Defendants contend that it appears Plaintiff tried to circumvent the filing fee by filing the action as a petition for writ of habeas corpus, there is insufficient evidence to support such a finding. The docket's caption reflects that the nature of suit was habeas corpus, but the first docket entry reflects that Plaintiff lodged a complaint. The nature of suit may have been misidentified by the court through administrative error, Plaintiff may have mistakenly used the wrong form, or Plaintiff may have intentionally filed a habeas petition hoping to avoid the higher filing fee for civil rights action. Whatever occurred, there is no evidence from which the Court can find that Plaintiff was attempting to intentionally mislead the district court and benefit from the lower filing fee for habeas petitions.

Finally, Plaintiff filed another case against seven defendants who were named in his previous cases. (Ex. 4.) As previously discussed in subsection 3, the court in Scott v. Vasquez, case number 2:02-cv-05296-GAF-AJW, dismissed Plaintiff's claims against Defendant Vasquez on December 11, 2009, with prejudice pursuant to Federal Rule of Civil Procedure 25(a)(1) and dismissed Plaintiff's remaining claims with prejudice for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). (Id.) This Court already determined that Scott v. Vasquez, number 2:02-cv-05296-GAF-AJW, shows Plaintiff's lack of diligence but not frivolousness or harassment.

These five "City of Compton" cases do not demonstrate frivolousness or harassment and therefore do not support a finding of vexatiousness. While Plaintiff may have been determined to pursue claims against a group of officers with the City of Compton, and while Plaintiff may even be litigious, that is not enough. The first four dismissals were without prejudice and the dismissals do not reflect any determination on the merits. From the record provided, Plaintiff's determination to pursue his claims did not run afoul of any court order. The evidence presented simply does not demonstrate any improper conduct on Plaintiff's part sufficient to support a finding of vexatiousness. Molski, 500 F.3d at 1059; De Long, 912 F.2d at 1147-48.

///

///

///

1                              **b.**     **Scott v. Hodges**

2              In <u>Scott v. Hodges</u>, Plaintiff sued a correctional counselor and a correctional officer in the

3    Northern District of California for allegedly filing declarations in a different action which falsely

4    stated that the documents he was seeking in discovery would create a security risk. (Ex. 22.) The

5    court in the underlying action had already considered the declarations, found that there was no

6    security risk, and ordered the documents turned over to Plaintiff. (<u>Id.</u>) The district court dismissed

7    <u>Scott v. Hodges</u> with prejudice on the ground that Plaintiff's claim arising out of the allegedly false

8    declarations was appropriately precluded by res judicata. (<u>Id.</u>)

9              While <u>Scott v. Hodges</u> was dismissed with prejudice, the court did not find that the filing of

10   the case was frivolous or harassing or otherwise abusive.  Again, while Plaintiff may be litigious,

11   there is no support for a finding that this action was patently without merit or that Plaintiff made

12   false assertions.  The court's determination that Plaintiff's claim could have been brought in the

13   action in which the discovery dispute was adjudicated and was therefore barred does not equate to

14   a determination of frivolousness or harassment.  <u>Molski</u>, 500 F.3d at 1059; <u>De Long</u>, 912 F.2d at

15   1147-48.

16                              **c.**     **Scott v. Lewis Cases**

17             Plaintiff filed two civil rights actions in the Northern District of California which were

18   dismissed, with prejudice, for failure to state a claim. (Exs. 32, 33.) Officer D. Lewis was named

19   as a defendant in both cases, but the cases involved different events and additional defendants,

20   although both cases arose out of the alleged harassment of Plaintiff by correctional staff.  There is

21   no support for a finding that the filing of these two cases was frivolous or harassing.  That Plaintiff

22   was unsuccessful in bringing the cases falls well below the standard for vexatious litigation.  <u>Molski</u>,

23   500 F.3d at 1059; <u>De Long</u>, 912 F.2d at 1147-48.

24                              **d.**     **Scott v. Palmer**

25             Finally, Defendants argue that in this case, Plaintiff once again attacked the evidence which

26   contradicts his version of events, as is Plaintiff's practice in litigating his cases.

27             However, the Court previously determined that there exist triable issues of material fact in

28   this case and the fact that Plaintiff's version of events differs from Defendants' version is hardly

                                                  8

1    unusual or noteworthy.  (Docs. 69, 71.)  There is simply no support for a finding that Plaintiff's

2    conduct in this action has been vexatious.  Molski, 500 F.3d at 1059; De Long, 912 F.2d at 1147-48.

3        In summary, the cases identified by Defendants do not support a finding that they were

4    frivolous or harassing.  The fact that particular types of actions were filed repetitiously is not enough.

5    De Long, 912 F.2d at 1148 n.3.  In the actions identified, there is no evidence of intent to harass

6    either the defendants or the court, and while Plaintiff re-filed the same or similar claims against the

7    same group of defendants in the Scott v. Vasquez cases, only the final case was dismissed with

8    prejudice.  The earlier dismissals were without prejudice and as a result, there was nothing improper

9    about re-filing the cases.

10            **5.    Unmeritorious Filings**

11       Finally, Defendants argue that Plaintiff should be declared a vexatious litigant because he

12   filed unmeritorious, abusive papers, and engaged in frivolous, dilatory tactics in the Belmares and

13   Vasquez litigation.  See Cal. Civ. Proc. § 391(b)(3).[6]

14       Under the relevant state statute, what constitutes "repeatedly" or "unmeritorious" in any

15   given case is left to the sound discretion of the trial court, and while broad, this discretion is not

16   unfettered.  Morton v. Wagner, 156 Cal.App.4th 963, 971-72, 67 Cal.Rptr.3d 818, 825 (Cal. Ct. App.

17   2007) (citation and quotation marks omitted).  While there is no bright-line rule, most cases falling

18   within the state statute involve dozens of motions during the pendency of an action or relating to the

19   same judgment.  Morton, 156 Cal.App.4th at 972, 67 Cal.Rptr.3d at 825 (citation and quotation

20   marks omitted).  Furthermore, unsuccessful motions are not necessarily unmeritorious or frivolous;

21   "repeated motions must be so devoid of merit and be so frivolous that they can be described as a

22   flagrant abuse of the system, have no reasonable probability of success, lack reasonable or probable

23   cause or excuse and are clearly meant to abuse the processes of the courts and to harass the adverse

24   party. . . ."  Id. at 972, 825 (quoting Wolfgram v. Wells Fargo Bank, 53 Cal.App.4th 43, 58, 61

25   Cal.Rptr.2d 694, 704 (Cal. Ct. App. 1997)) (internal quotation marks omitted).

26

27           [6]  Pursuant to section 391(b)(3), a vexatious litigant is a person who "while acting in propria persona,
     repeatedly files unmeritorious motions, pleadings, or other papers, conducts unnecessary discovery, or engages in
28   other tactics that are frivolous or solely intended to cause unnecessary delay."

1    Under neither the state nor the federal standard do the filings identified by Defendants qualify

2    as vexatious.

3    In the Belmares case, the district court granted the defendants' motion for terminating

4    sanctions and dismissed the action, with prejudice, based on Plaintiff's failure to prosecute and

5    failure to obey the court's orders.  (Ex. 1.)  In recommending the foregoing course of action, the

6    Magistrate Judge described Plaintiff's motion for default judgment as meritless and Plaintiff's

7    motion for the judge to recuse himself as baseless, summarized the "protracted" proceedings, and

8    dismissed Plaintiff's explanations as lacking in credibility.  (Ex. 1, p. 2.)  This Court previously

9    stated that the report and recommendation was well-supported, but that does not equate to a finding

10   of vexatiousness.  There is no evidence that Plaintiff repeatedly filed the same unmeritorious motions

11   or otherwise engaged in conduct which was a flagrant abuse of the judicial system, and the fact that

12   a particular motion is denied as unmeritorious or baseless does not suffice.  Molski, 500 F.3d at

13   1057; De Long, 912 F.2d at 1147-48; Morton, 156 Cal.App.4th at 972, 67 Cal.Rptr.3d at 825.

14   In the Vasquez cases, the Court previously addressed Defendants' contention that Plaintiff

15   repeated filed the same action in subsection 4(a).  The earlier actions were not dismissed with

16   prejudice and, until the final case was dismissed with prejudice, there was no bar to re-filing.

17   Plaintiff's determination to pursue his claims for relief against City of Compton officials cannot be

18   described as flagrantly abusive or otherwise improper, at least on the record before the Court.

19   Molski, 500 F.3d at 1057; De Long, 912 F.2d at 1147-48; Morton, 156 Cal.App.4th at 972, 67

20   Cal.Rptr.3d at 825.

21   In conclusion, while Plaintiff may be litigious and while he may have failed to exercise due

22   diligence in prosecuting some of his earlier actions, he has not engaged in conduct sufficient to

23   support a finding that he is a vexatious litigant under federal law.  Molski, 500 F.3d at 1057-61; De

24   Long, 912 F.2d at 1147-48.  Accordingly, the Court recommends that Defendants' motion to declare

25   Plaintiff a vexatious litigant and issue a pre-filing order be denied, with prejudice.[7]

26   _____

27   [7] The Court notes that even if Defendants had been entitled to a declaration that Plaintiff is a vexatious litigant under federal law, the broad pre-filing order they seek is clearly prohibited.  De Long, 912 F.2d at 1148.

28   Under no circumstances would Defendants be entitled to a general pre-filing order requiring Plaintiff to seek leave of the presiding judge before filing any new action.  Id.  The Court declines to speculate what would constitute a

**B.** **Furnishment of Security**

**1.** **Legal Standard**

The Court next turns to Defendants' motion for an order requiring Plaintiff to furnish security, which is an inquiry distinct from the declaration of vexatiousness and issuance of a pre-filing order under federal law.

Local Rule 151(b) of the Eastern District of California provides:

> On its own motion or on motion of a party, the Court may at any time order a party to give a security, bond, or undertaking in such amount as the Court may determine to be appropriate. The provisions of Title 3A, part 2, of the California Code of Civil Procedure, relating to vexatious litigants, are hereby adopted as a procedural Rule of this Court on the basis of which the Court may order the giving of a security, bond, or undertaking, although the power of the Court shall not be limited thereby.

California Code of Civil Procedure § 391.1 in turn provides:

> In any litigation pending in any court of this state, at any time until final judgment is entered, a defendant may move the court, upon notice and hearing, for an order requiring the plaintiff to furnish security or for an order dismissing the litigation pursuant to subdivision (b) of Section 391.3. The motion for an order requiring the plaintiff to furnish security shall be based upon the ground, and supported by a showing, that the plaintiff is a vexatious litigant and that there is not a reasonable probability that he or she will prevail in the litigation against the moving defendant.

**2.** **Vexatiousness Under California Law**

Under California law, a vexatious litigant, in relevant part, is one who in the immediately preceding seven-year period has commenced, prosecuted, or maintained in propria persona at least five litigations other than in small claims court that have been finally determined adversely to the person.[8] Cal. Civ. Proc. Code § 391(b)(1) (quotation marks omitted). As discussed in subsection (A)(3), Defendants identify eight cases which they argue satisfy the statutory requirement for a finding of vexatiousness.

///

---

sufficiently narrowly tailored pre-filing order given Plaintiff's broad ranging litigation history, but it bears noting that in this district, Plaintiff has only brought three cases, the first of which went to trial (2:89-cv-00135-JFM) and the second of which was resolved on summary judgment (2:92-cv-00643-LKK-JFM). The third is this case, and Defendants' argument that Plaintiff has engaged in improper conduct in this action lacks merit. Suffice it to say, issuing an order "narrowly tailored to closely fit the specific vice encountered" might prove to be difficult for a court in this district. Id.

[8] The Court does not address subsections 2 and 3 of the statute because, for the reasons set forth in subsection(A)(4) and (5), Plaintiff does not qualify as a vexatious litigant.

1    Plaintiff argues in his opposition that those cases identified by Defendants which fall within

2    the seven-year time frame were not frivolous or lacking in merit, and Plaintiff sets forth his

3    justifications for the litigation and his conduct in <u>Scott v. Belmares</u> and <u>Scott v. Vasquez</u>, which

4    were dismissed for failure to prosecute.  However, the standard under California law is much lower

5    than under federal law and section 391(b)(1) does not require any evidence of misconduct on the part

6    of Plaintiff.  Rather, any final determination which was adverse to Plaintiff qualifies, and Plaintiff

7    has had at least five actions which were "finally determined adversely" to him.[9]  However, the

8    inquiry does not end with the identification of five qualifying cases and the determination that

9    Plaintiff is a vexatious litigant within the meaning of section 391.

10                    **3.    <u>Reasonable Probability of Prevailing</u>**

11    The Court must also find that Plaintiff does not have a reasonable probability of prevailing

12    in this case.  Cal. Civ. Proc. § 391.3.  In making this determination, the Court is required to weigh

13    the evidence and it does not assume the truth of Plaintiff's allegations.  <u>Moran v. Murtaugh Miller</u>

14    <u>Meyer & Nelson, LLP</u>, 40 Cal.4th 780, 784-86, 152 P.3d 416, 417-20 (Cal. 2007); <u>Golin v. Allenby</u>,

15    190 Cal.App.4th 616, 635, 118 Cal.Rptr.3d 762, 780 (Cal. Ct. App. 2010).

16    This action is proceeding on Plaintiff's Eighth Amendment excessive force claim and for

17    such claims, the core judicial inquiry is whether the force was applied in a good-faith effort to

18    maintain or restore discipline, or maliciously and sadistically to cause harm.  <u>Wilkins v. Gaddy</u>, ___

19    U.S. ___, ___, 130 S.Ct. 1175, 1178 (2010) (per curiam) (quoting <u>Hudson v. McMillian</u>, 503 U.S.

20    1, 7, 112 S.Ct. 995 (1992)) (quotation marks omitted).

21    At this juncture in the proceedings, the Court has already considered the parties' evidence

22    in resolving Defendants' motion for summary judgment.  (Docs. 69, 71.)  In denying Defendants'

23    motion for summary judgment in part, the Court necessarily found that a reasonable jury could find

24    in favor of Plaintiff.  <u>E.g.</u>, <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510

25    (1986).  The parties offered competing declarations regarding what occurred, and Defendants are not

26

27          [9] <u>Scott v. Belmares</u>, case number 08-56192; <u>Scott v. Gutierrez</u>, case number H028524; <u>Scott v. Gutierrez</u>,
      case number S140116; <u>Scott v. Lauber</u>, case number 4:05-cv-00111-PJH; <u>Scott v. Belmares</u>, case number 2:99-cv-
28    12458; and <u>Scott v. Vasquez</u>, case number 2:02cv005296.

                                                    12

1   entitled to a finding that their declarations are of greater weight than is Plaintiff's declaration.  With

2   this type of evidence, whose version is more credible must be determined by the trier of fact, and

3   Defendants' declarations are no less "self-serving" than is Plaintiff's.  (Doc. 94, Reply, 5:7-8.)

4         In moving for summary judgment, Defendants also pointed to the lack of evidence "that

5   Plaintiff ever complained of or sought treatment for injuries arising out of being kicked or stomped."

6   (Doc. 69, F&R, 6:10-11, adopted in full, Doc. 71.)  The lack of such evidence weighs in favor of

7   Defendants and against Plaintiff given that Plaintiff claims he was kicked and stomped.  However,

8   the lack of injury, while relevant, is not determinative, and the Court does not find the lack of injury

9   to be so compelling as to support a finding that Plaintiff does not have a reasonable probability of

10   prevailing.  Hudson, 503 U.S. at 7.  A jury may find that Plaintiff's version is credible, lack of

11   evidence of injury notwithstanding, and if so, Plaintiff may prevail.

12         In sum, while the Court must evaluate and weigh the evidence in determining whether

13   Plaintiff has a reasonable probability of prevailing, the type and weight of the evidence in this case

14   "does not so clearly favor" Defendants that the Court can find that Plaintiff has no reasonable

15   probability of prevailing.  El-Shaddai v. Wheeler, No. CIV S-06-1898 KJM EFB P, 2011 WL

16   1332044, at *6 (E.D.Cal. Apr. 5, 2011), adopted in full, 2011 WL 2415224 (E.D.Cal. Jun. 13, 2011).

17   **III.**   **Conclusion and Recommendation**

18         The Court has carefully considered Defendants' motion for an order declaring Plaintiff a

19   vexatious litigant, for the issuance of a pre-filing order against Plaintiff, and for an order requiring

20   Plaintiff to furnish security in an amount of no less than $79,330.00 before proceeding to trial.[10]

21   However, while Plaintiff may be litigious and while he may have engaged in dilatory conduct in

22   prosecuting several past actions, he does not qualify as a vexatious litigant under federal law and the

23   issuance of a pre-filing order is not supportable.  Molski, 500 F.3d at 1057; De Long, 912 F.2d at

24   1148.  Therefore, the Court recommends that Defendants' motion be denied as to those forms of

25   relief.

26

27        [10] The Court has also considered Plaintiff's opposition and Defendants' reply.  That the arguments set forth
therein are not addressed in greater specificity should not be perceived by the parties as a failure by the Court to
28   consider their arguments.

As to the request for an order to furnish security, within the past seven years, Plaintiff has commenced, prosecuted, or maintained at least five litigations which were "finally determined adversely" to him. Cal. Civ. Proc. § 391(b)(1). As a result, Plaintiff qualifies as a vexatious litigant under California law for the purpose of furnishing security. Local Rule 151(b); Cal. Civ. Proc. § 391.3. However, the Court cannot find that Plaintiff has no reasonable probability of success in this action and therefore, Defendants are not entitled to an order requiring Plaintiff to furnish security before this action proceeds any further. Local Rule 151(b); Cal. Civ. Proc. § 391.3.

Accordingly, based on the foregoing, it is HEREBY RECOMMENDED that:

1.     Defendants' motion to declare Plaintiff a vexatious litigant and issue a pre-filing order against him be DENIED, with prejudice;

2.     Defendants' motion for an order requiring Plaintiff to furnish security be DENIED, with prejudice; and

3.     Defendants' motion to strike Plaintiff's surreply be DENIED as moot.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the

///
///
///
///
///
///
///
///
///
///

specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:    November 15, 2012              /s/ Sheila K. Oberto**
                                UNITED STATES MAGISTRATE JUDGE