# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FLOYD SCOTT,<br><br>        Plaintiff,<br><br>    v.<br><br>J. PALMER, et al.,<br><br>        Defendants.<br>_____/ | CASE NO. 1:09-cv-01329-LJO-SKO PC<br><br>ORDER STRIKING MOTION SEEKING AN ORDER GRANTING RECONSIDERATION<br><br>(Doc. 95)<br><br>ORDER (1) GRANTING MOTION FOR RECONSIDERATION AND SETTING ASIDE ORDER DISMISSING CLAIM AS BARRED BY FAVORABLE TERMINATION RULE, AND (2) REFERRING MATTER BACK TO MAGISTRATE JUDGE FOR FURTHER SCHEDULING<br><br>(Docs. 71 and 83) |

**Order Granting Motion for Reconsideration**

**I.      Introduction**

Plaintiff Floyd Scott, a state prisoner proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983 on July 29, 2009. On April 30, 2012, Plaintiff filed a motion seeking reconsideration of the order granting Defendants' motion and dismissing his excessive force claim on the ground that it is barred by the favorable termination rule. Fed. R. Civ. P. 60(b); Local Rule 230(j). Defendants' motion for a sixty-day extension of time to file an opposition was granted on May 23, 2012, but they did not file a response and the motion has been submitted upon the record. Local Rule 230(l).

As an initial matter, Plaintiff's subsequent motion requesting an order granting his motion for reconsideration, filed on July 23, 2012, is not an appropriate request for relief and it is ordered

1

stricken from the record. Once a motion has been filed, Plaintiff is required to wait for a ruling and he should refrain from unnecessarily multiplying the proceedings by filing meritless motions requesting a ruling on an already-pending motion.

In addition, Plaintiff's motion for reconsideration indicates in its caption that it is also objections to the Magistrate Judge's findings and recommendations. While Plaintiff's motion for reconsideration is properly brought and is resolved herein, the findings and recommendations were already adopted in full and the Court will not consider objections.

## II.    Discussion

Federal Rule of Civil Procedure 60(b)(6) allows the Court to relieve a party from an order for any reason that justifies relief. Rule 60(b)(6) is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances exist. Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008) (quotations marks and citation omitted). The moving party must demonstrate both injury and circumstances beyond his control. Id. (quotation marks and citation omitted). Further, Local Rule 230(j) requires, in relevant part, that Plaintiff show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion," and "why the facts or circumstances were not shown at the time of the prior motion."

This action was proceeding against Defendants Palmer, Rivera, and Lopez on Plaintiff's claim that while he was at Kern Valley State Prison in Delano, California, Defendant Palmer used excessive physical force against him and Defendants Rivera and Lopez failed to intervene, in violation of his rights under the Eighth Amendment of the United States Constitution. On March 19, 2012, the Court (1) granted Defendants' motion for a finding that Plaintiff's excessive force claim arising out of the use of pepper spray was barred by the favorable termination rule and dismissed the claim, and (2) denied Defendants' motion for summary judgment on Plaintiff's excessive force claim arising out of being kicked and stomped once he been subdued and handcuffed.

In dismissing Plaintiff's pepper spray claim, the Court adopted in full the following findings by the Magistrate Judge:

Plaintiff was accused of refusing Defendant Palmer's order to return to his cell, failing to respond to two attempts to counsel him, refusing an order to turn around and cuff up, clenching his fists and taking an aggressive stance, raising his fist, refusing an order to get down, and advancing on Defendant Palmer, at which time Defendant pepper sprayed him.  Plaintiff was charged with and found guilty of resisting staff resulting in the use of O.C. pepper spray, based on the aforementioned events.  A finding that Defendant Palmer's use of pepper spray was unprovoked and constituted excessive force would necessarily imply the invalidity of the disciplinary finding that Plaintiff was guilty of resisting staff, resulting in the use of pepper spray.

(Doc. 69, Findings and Recommendations, 5:17-24 (internal citations to record omitted)).

As a result of being found guilty, Plaintiff lost time credits and the Court found that his pepper spray claim was necessarily barred by the favorable termination rule, which provides that where "success in a . . . [section] 1983 damages action would implicitly question the validity of conviction or duration of sentence, the litigant must first achieve favorable termination of his available state, or federal habeas, opportunities to challenge the underlying conviction or sentence." *Muhammad v. Close*, 540 U.S. 749, 751, 124 S.Ct. 1303 (2004) (citing to *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364 (1994)); *accord Wilkinson v. Dotson*, 544 U.S. 74, 81-2, 125 S.Ct. 1242 (2005).

In seeking reconsideration, Plaintiff submits evidence that he requested restoration of his lost time credits on February 14, 2012, and on March 6, 2012, a unit classification committee found that he qualified for full credit restoration.  (Doc. 83, Motion, Exs. B, C.)  Given that Plaintiff has demonstrated he achieved "favorable termination" of the credit forfeiture, the duration of his sentence is no longer implicated by the finding of guilt against him and his excessive force claim arising out of the use of pepper spray is not barred from being raised in this action. *Muhammad*, 540 U.S. at 751; *accord Wilkinson*, 544 U.S. at 81-2.  Plaintiff is therefore entitled to have the order dismissing his claim set aside and his motion for reconsideration is granted.

**III.   Order**

For the reasons set forth above, it is HEREBY ORDERED that:

1. Plaintiff's motion requesting an order granting his motion for reconsideration, filed on July 23, 2012, is STRICKEN from the record;

2. Plaintiff's motion for reconsideration, filed on April 30, 2012, is GRANTED;

///

3. The order granting Defendants' motion for dismissal of Plaintiff's excessive force pepper spray claim on the ground that it is barred by the favorable termination rule is set aside; and

4. This matter is referred back to the Magistrate Judge for further scheduling.

IT IS SO ORDERED.

**Dated:     November 19, 2012**                    /s/ Lawrence J. O'Neill
                                                                                UNITED STATES DISTRICT JUDGE