# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

FLOYD SCOTT,

              Plaintiff,

   v.

J. PALMER, et al.,

              Defendants.

CASE NO. 1:09-cv-01329-LJO-SKO PC

ORDER GRANTING MOTION FOR RECONSIDERATION AND REQUIRING DEFENDANTS TO FILE AN OPPOSITION OR A STATEMENT OF NON-OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION WITHIN FIFTEEN DAYS

(Doc. 109)

**I.    Procedural History**

Plaintiff Floyd Scott, a state prisoner proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983 on July 29, 2009. This action is currently proceeding against Defendants Palmer, Rivera, and Lopez on Plaintiff's claim that while he was at Kern Valley State Prison in Delano, California, Defendant Palmer used excessive physical force against him and Defendants Rivera and Lopez failed to intervene, in violation of his rights under the Eighth Amendment of the United States Constitution. Pending before the Court is Defendants' motion for reconsideration, filed on January 11, 2013. Fed. R. Civ. P. 60(b). Plaintiff filed an opposition on February 8, 2013, Defendants filed a reply on February 15, 2013, and the motion has been submitted upon the record. Local Rule 230(l).

On March 19, 2012, the Court granted in part and denied in part Defendants' motion for summary judgment. In relevant part, the Court found that Plaintiff's excessive force claim arising out of the use of pepper spray was barred by the favorable termination rule because Plaintiff lost time credits as a result of being found guilty of battery on a peace officer. *Wilkinson v. Dotson*, 544 U.S. 74, 81-2, 125 S.Ct. 1242 (2005).

1    On April 30, 2012, Plaintiff filed a motion for reconsideration supported by evidence that
2 on March 6, 2012, the credit forfeiture had been set aside, removing the bar to his claim.  On May
3 23, 2012, the Court granted Defendants' motion for a sixty-day extension of time to oppose the
4 motion for reconsideration, but Defendants did not file an opposition.  Instead, on June 22, 2012,
5 they filed a motion seeking an order declaring Plaintiff a vexatious litigant and requiring him to
6 furnish security, and seeking a prefiling order against Plaintiff.

7    On November 19, 2012, the Court granted Plaintiff's unopposed motion for reconsideration,
8 found that Plaintiff's claim was no longer barred by the favorable termination rule, and set aside its
9 order dismissing Plaintiff's excessive force claim arising out of the use of pepper spray.  On
10 December 21, 2012, the Court denied Defendants' vexatious litigant motion.

11    Defendants now seek reconsideration of the order granting Plaintiff's motion for
12 reconsideration on the ground that it was issued prematurely.  Defendants argue that the action was
13 stayed in its entirety during the pendency of their vexatious litigant motion.  Defendants seek to have
14 the order set aside or reissued now that the stay has been lifted.

15    Plaintiff opposes the motion on the ground that Defendants were granted sixty days within
16 which to file their opposition but they failed to do so, and the Court already ruled on his motion for
17 reconsideration.  Plaintiff also contends that Defendants' motion is frivolous and harassing, and the
18 Court's ruling caused no prejudice to Defendants.

19    In reply, Defendants deny Plaintiff's accusations and contend that he failed to address the
20 merits of their motion with respect to the existence of a stay pending resolution of their vexatious
21 litigant motion.

22 **II.    Discussion**

23    Federal Rule of Civil Procedure 60(b)(1) allows the Court to correct an order based on
24 clerical mistakes, oversights, and omissions, and 60(b)(6) allows the Court to relieve a party from
25 an order for any reason that justifies relief.  If the moving party is able to show an error in the
26 application of the law, Rule 60(b) permits the Court to correct the error.  *E.g.*, *In re Syncor ERISA*
27 *Litigation*, 516 F.3d 1095, 1099-1100 (9th Cir. 2008); *In re Int'l Fibercom, Inc.*, 503 F.3d 933, 940-
28 ///

41 (9th Cir. 2007); *Kingvision Pay-Per-View Ltd. v. Lake Alice Bar*, 168 F.3d 347, 350 (9th Cir. 1999); *Liberty Mutual Ins. Co. v. E.E.O.C.*, 691 F.2d 438, 441 (9th Cir. 1982).

In this case, the issue is whether the action was stayed during the pendency of Defendants' vexatious litigant motion. The relevant Local Rule and California Code of Civil Procedure Sections provide as follows:

> On its own motion or on motion of a party, the Court may at any time order a party to give a security, bond, or undertaking in such amount as the Court may determine to be appropriate. The provisions of Title 3A, part 2, of the California Code of Civil Procedure, relating to vexatious litigants, are hereby adopted as a procedural Rule of this Court on the basis of which the Court may order the giving of a security, bond, or undertaking, although the power of the Court shall not be limited thereby.

Local Rule 151(b).

> In any litigation pending in any court of this state, at any time until final judgment is entered, a defendant may move the court, upon notice and hearing, for an order requiring the plaintiff to furnish security or for an order dismissing the litigation pursuant to subdivision (b) of Section 391.3. The motion for an order requiring the plaintiff to furnish security shall be based upon the ground, and supported by a showing, that the plaintiff is a vexatious litigant and that there is not a reasonable probability that he or she will prevail in the litigation against the moving defendant.

Cal. Civ. Proc. § 391.1 (West 2013).

> When a motion pursuant to Section 391.1 is filed prior to trial *the litigation is stayed*, and the moving defendant need not plead, until 10 days after the motion shall have been denied, or if granted, until 10 days after the required security is furnished and the moving defendant given written notice thereof. When motion pursuant to Section 391.1 is made at any time thereafter, the litigation shall be stayed for such period after the denial of the motion or the furnishing of the required security as the court shall determine.

Cal. Civ. Proc. § 391.6 (West 2013) (emphasis added).

Pursuant to Local Rule 151(b), the procedures set forth in California Code of Civil Procedure Sections 391.1 and 391.6 applied to Defendants' vexatious litigant motion. Under Section 391.6, the action was automatically stayed upon the filing of the motion and remained stayed until ten days after the motion was denied. Therefore, the ruling on Plaintiff's motion for reconsideration was inadvertently issued prematurely.

The Court notes that Defendants do not argue in their motion for reconsideration or their reply that there exist any meritorious grounds upon which to oppose Plaintiff's motion to set aside the dismissal of his claim as barred by the favorable termination rule. Plaintiff submitted

3

documentary evidence that his credits were restored by prison officials and given that Defendants are amenable to a mere reissuance of the order, it is not unreasonable to infer that no meritorious grounds for opposing the motion exist. (Reply, p. 2 n.1.)

Regardless, Defendants are entitled to an opportunity to respond to the motion given that the action was stayed. The Court declines to vacate its order, but it will provide Defendants with fifteen days within which to file either an opposition or a statement of non-opposition to Plaintiff's motion for reconsideration. If Defendants file an opposition, Plaintiff may file a reply within fifteen days. If Defendants file a statement of non-opposition, Plaintiff's motion for reconsideration will be submitted. Local Rule 230(l). Once the motion has been submitted, the Court will determine the appropriate course of action with regard to its existing ruling.

### III.  Order

Based on the foregoing, it is HEREBY ORDERED that:

1. Defendants' motion for reconsideration, filed on January 11, 2013, is GRANTED;
2. Within **fifteen (15) days** from the date of service of this order, Defendants shall file an opposition or a statement of non-opposition to Plaintiff's motion for reconsideration; and
3. If Defendants file an opposition, Plaintiff may file a reply within **fifteen (15) days** from the date of service of the opposition.

IT IS SO ORDERED.

Dated:   February 21, 2013          /s/  Lawrence J. O'Neill
                                    UNITED STATES DISTRICT JUDGE