# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FLOYD SCOTT,<br><br>        Plaintiff,<br><br>    v.<br><br>J. PALMER, et al.,<br><br>        Defendants.<br>_____/ | CASE NO. 1:09-cv-01329-LJO-SKO PC<br><br>ORDER GRANTING DEFENDANTS' REQUEST FOR CLARIFICATION AND/OR EXTENSION OF TIME, AMENDING SCHEDULING ORDER, AND DENYING PLAINTIFF'S REQUEST FOR SANCTIONS<br><br>(Docs. 107 and 110)<br><br>Deadline to Serve Discovery Responses:   30 days<br><br>Amended Discovery Deadline:   07/09/2013<br><br>Amended Pretrial Dispositive Motion Deadline:   09/09/2013 |

      Plaintiff Floyd Scott, a state prisoner proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983 on July 29, 2009. On December 31, 2012, Defendants filed a motion seeking clarification of the deadline within which to respond to Plaintiff's outstanding discovery requests and/or an extension of time to respond. Plaintiff filed an opposition and a request for sanctions under Local Rule 110 on January 17, 2013. Defendants did not file a reply and their motion has been submitted upon the record. Local Rule 230(l).

      Pursuant to the order filed on May 1, 2012, Defendants were required to serve their responses to Plaintiff's outstanding discovery requests on or before June 22, 2012. (Doc. 86.) However, as addressed in the order issued by the Honorable Lawrence J. O'Neill on February 21, 2013, the filing of Defendants' vexatious litigant motion on June 22, 2012, had the effect of staying this action. Local Rule 151(b); Cal. Civ. Proc. § 391.6 (West 2013). (Doc. 116.) Defendants' motion was denied on December 21, 2012, and the stay remained in effect for ten days after the denial. Cal. Civ. Proc. § 391.6 (West 2013). (Doc. 106.)

///

1   The Court reiterates that it recognizes Plaintiff's frustration in that his ability to engage in
2 discovery has been interrupted by an early motion for summary judgment and then by the filing of
3 a vexatious litigant motion. (Doc. 104.) However, the proceedings in this case have been protracted
4 and at times perhaps even confusing, and given the automatic stay under section 391.6, Defendants'
5 request for clarification and/or an extension of time is not unreasonable. Fed. R. Civ. P. 16(b)(4).
6 Indeed, it behooves both sides to have clear parameters set as this litigation proceeds forward and
7 for both sides to have the opportunity to engage in full discovery. Therefore, Defendants' motion
8 for clarification and/or an extension of time is granted, and the Court shall, sua sponte, modify the
9 scheduling order to accommodate the delay caused by the automatic stay.

10   Plaintiff's request for sanctions under Local Rule 110 for noncompliance with the rules is
11 denied. This action was stayed from June 22, 2012, to January 7, 2013. Fed. R. Civ. P. 6; Cal. Civ.
12 Proc. § 391.6 (West 2013). Defendants' motion for clarification and/or an extension of time was
13 timely filed and it was neither frivolous nor harassing under the circumstances. As such, there is no
14 legal basis for an award of sanctions against Defendants for filing the motion.[1]

15   Accordingly, the Court HEREBY ORDERS as follows:

16   1.   Defendants' request for clarification and/or an extension of time, filed on December
17        31, 2012, is GRANTED;
18   2.   Defendants shall serve their responses to Plaintiff's discovery requests within **thirty**
19        **(30) days** from the date of service of this order;
20   3.   The discovery deadline is extended from March 29, 2013, to July 9, 2013;
21   4.   The pretrial dispositive motion deadline is extended from April 29, 2013, to
22        September 9, 2013; and

23 ///

---

[1] Federal courts have the inherent authority to sanction conduct abusive of the judicial process. Chambers v. NASCO, Inc., 501 U.S. 32, 43-45, 111 S.Ct. 2123 (1991). However, because of their very potency, inherent powers must be exercise with restraint and discretion. Chambers, 501 U.S. at 44 (quotation marks omitted). To be sanctionable under the Court's inherent power, the conduct must have constituted, or been tantamount to, bad faith. Roadway Express, Inc. v. Piper, 447 U.S. 752, 767, 100 S.Ct. 2455 (1980); Miller v. City of Los Angeles, 661 F.3d 1024, 1036 (9th Cir. 2011); Gomez v. Vernon, 255 F.3d 1118, 1134 (9th Cir. 2001); Fink v. Gomez, 239 F.3d 989, 993-94 (9th Cir. 2001).

5. Plaintiff's request for sanctions, filed on January 17, 2013, is DENIED.

IT IS SO ORDERED.

**Dated:   February 22, 2013**              /s/ Sheila K. Oberto
                                    UNITED STATES MAGISTRATE JUDGE