# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FLOYD SCOTT, | CASE NO. 1:09-cv-01329-LJO-SKO PC |
| Plaintiff, | ORDER GRANTING DEFENDANTS' MOTION TO DEPOSE PLAINTIFF BY VIDEOCONFERENCE |
| v. | |
| J. PALMER, et al., | (Doc. 111) |
| Defendants. | |

Plaintiff Floyd Scott, a state prisoner proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983 on July 29, 2009. On February 8, 2013, Defendants filed a motion seeking leave to conduct Plaintiff's deposition by videoconference. Plaintiff filed an opposition on February 21, 2013, Defendants filed a reply on February 22, 2013, and the motion has been submitted upon the record. Local Rule 230(l).

Pursuant to the discovery and scheduling order filed on June 28, 2011, Defendants were granted leave to depose Plaintiff as long as the notice of deposition is served fourteen days before the deposition. Fed. R. Civ. P. 30(a)(2)(B). Defendants now seek leave to depose Plaintiff by videoconference due to budgetary considerations. Fed. R. Civ. P. 30(b)(4). Defendants' counsel is located in Sacramento, California while Plaintiff is incarcerated approximately three-hundred sixty-five miles away in Lancaster, California.

Plaintiff opposes the motion on the grounds that he has a right to be deposed in person, he is located only one hour away by airplane, and he wants to be able to confer with the Court should an issue arise.

1    Plaintiff is not entitled to be deposed in person.  The Court has the discretion to permit a
2 deposition by remote means.  Fed. R. Civ. P. 30(b)(4).  While Plaintiff may be less concerned than
3 Defendants about the expenditure of government resources, as severe budget constraints continue
4 to plague local, state, and federal governments, depositions by remote means are becoming much
5 more common as a reasonable means to address scarce government resources.  The Court has
6 granted such requests in the past and it continues to find depositions by videoconference to be
7 reasonable and appropriate under the circumstances.

8    The ability to reach the Court if necessary is a non-issue, as the parties may contact the Court
9 regardless of whether the deposition is in person or via videoconference.  However, Plaintiff is
10 cautioned that Defendants have a right to depose him and while the Court is generally available to
11 assist parties during the course of a deposition if a legitimate issue arises, the issue must be
12 legitimate.

13    Accordingly, Defendants' motion for leave to depose Plaintiff by videoconference, filed on
14 February 8, 2013, is HEREBY GRANTED.  Fed. R. Civ. P. 30(b)(4).

16 IT IS SO ORDERED.

17 **Dated:      February 22, 2013**               /s/ Sheila K. Oberto
                                         UNITED STATES MAGISTRATE JUDGE