UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FLOYD SCOTT, | CASE NO. 1:09-cv-01329-LJO-SKO PC |
| Plaintiff, | ORDER OVERRULING OBJECTION |
| v. | (Doc. 120) |
| J. PALMER, et al., | |
| Defendants. | |

Plaintiff Floyd Scott, a state prisoner proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983 on July 29, 2009. Plaintiff's deposition by videoconference is set for February 26, 2013, and on February 22, 2013, Plaintiff filed an objection to the deposition on the ground that it was not properly noticed. Fed. R. Civ. P. 27, 30(a)(2)(B).

Rule 27, cited by Plaintiff does not apply in this context. Pursuant to Rule 30(a)(2)(B) and the discovery and scheduling order filed on June 28, 2011, Defendants have been granted leave to depose Plaintiff as long as the deposition notice is served at least fourteen days before the deposition. (Doc. 35, ¶4.) In this instance, the notice was properly served by mail on February 12, 2013, precisely fourteen days before the deposition date.[1]  (Doc. 120, p. 2.)

With respect to Plaintiff's objection to Defendants' request that he produce documents at the deposition, should a dispute arise between the parties on the day of the deposition regarding the documents, they are required to confer in good faith regarding the issue prior to any attempt to

---

[1] The date Plaintiff received the notice in hand is not the date of service. (Doc. 120, p. 2.)

1

involve the Court in a dispute over the request. Fed. R. Civ. P. 30(b)(2), 37(a)(1). Furthermore, if Plaintiff needs an extension of time to comply with the request, the Court anticipates the parties will reach a reasonable stipulation.

Accordingly, Plaintiff's objection is OVERRULED.

IT IS SO ORDERED.

**Dated:**   **February 22, 2013**              /s/ Sheila K. Oberto
UNITED STATES MAGISTRATE JUDGE