# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FLOYD SCOTT, | Case No. 1:09-cv-01329-LJO-SKO (PC) |
| Plaintiff, | ORDER (1) GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL RFP, SET ONE, (2) DENYING MOTION FOR *IN CAMERA* REVIEW, (3) DENYING MOTION FOR ORDER RE MAIL LOG AS MOOT, (4) DENYING MOTION TO COMPEL RFP, SET TWO, (5) REQUIRING DEFENDANTS TO SERVE INITIAL RESPONSE TO RFP, SET TWO, (6) DENYING MOTION TO COMPEL RFA AND ROG, SET TWO, (7) DENYING MOTION TO STRIKE, AND (8) DENYING SECOND MOTION TO COMPEL RFP, SET TWO, AS MOOT |
| v. | |
| J. PALMER, et al., | |
| Defendants. | |
| | (Docs. 117, 143, 147, 149, 160, 165, and 169) |
| | Response Deadline for (1) RFP, Set One, 18 and 19 and (2) RFP, Set Two, 1-14: thirty days |

**Order on Plaintiff's Motions to Compel and Related Discovery Motions**

**I.   Procedural History**

Plaintiff Floyd Scott ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on July 29, 2009. This action for damages is proceeding against Defendants Palmer, Rivera, and Lopez ("Defendants") on Plaintiff's claim that while he was at Kern Valley State Prison ("KVSP") in Delano, California, Defendant Palmer used excessive physical force against him, and Defendants Rivera and Lopez

failed to intervene, in violation of his rights under the Eighth Amendment of the United States Constitution.

Pending before the Court are the parties' motions to compel and related motions. This order, which is issued concurrently with five other orders, resolves Plaintiff's motions to compel concerning requests for production of documents ("RFP"), requests for admission ("RFA"), and interrogatories ("ROG"), and his request for an *in camera* review of Defendants' personnel files and other documents.

## II. Discussion

### A. Motion to Compel Further Responses to RFP, Set One

#### 1. Legal Standard

Plaintiff is proceeding pro se and he is a state prisoner challenging the constitutionality of the level of force used against him on April 10, 2006, at KVSP.[1]  As a result of Plaintiff's incarceration, the parties were relieved of some of the requirements which would otherwise apply, including initial disclosure and the need to meet and confer in good faith prior to involving the Court in a discovery dispute. Fed. R. Civ. P. 26(a)(1); Fed. R. Civ. P. 26(c); Fed. R. Civ. P. 37(a)(1); Local Rules 240, 251; Doc. 35, Discovery and Scheduling Order, ¶5. Further, where otherwise discoverable information would pose a threat to the safety and security of the prison or infringe upon a protected privacy interest, a need may arise for the Court to balance interests in determining whether disclosure should occur. *See* Fed. R. Civ. P. 26(c); *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 35 n.21, 104 S.Ct. 2199 (1984) (privacy rights or interests implicit in broad purpose and language of Rule 26(c)); *Burlington N. & Santa Fe Ry. Co. v. United States Dist. Court for the Dist. of Montana*, 408 F.3d 1142, 1149 (9th Cir. 2005) (discussing assertion of privilege); *Soto v. City of Concord*, 162 F.R.D. 603, 616 (N.D. Cal. 1995) (recognizing a constitutionally-based right of privacy that can be raised in discovery); *see also Garcia v. Clark*, No. 1:10-CV-00447-LJO-DLB PC, 2012 WL 1232315, at *6 n.5 (E.D. Cal. Apr. 12, 2012) (noting inmate's entitlement to inspect discoverable information may be accommodated in ways which mitigate institutional safety concerns); *Robinson v. Adams*, No. 1:08-cv-01380-AWI-BAM PC,

---

[1] There is no dispute that there was an incident of force.

2

2012 WL 912746, at *2-3 (E.D. Cal. Mar. 16, 2012) (issuing protective order regarding documents containing information which implicated the safety and security of the prison); *Orr v. Hernandez*, No. CV-08-0472-JLQ, 2012 WL 761355, at *1-2 (E.D. Cal. Mar. 7, 2012) (addressing requests for protective order and for redaction of information asserted to risk jeopardizing safety and security of inmates or the institution if released); *Womack v. Virga*, No. CIV S-11-1030 MCE EFB P, 2011 WL 6703958, at *5-6 (E.D. Cal. Dec. 21, 2011) (requiring defendants to submit withheld documents for *in camera* review or move for a protective order).

However, this is a civil action to which the Federal Rules of Civil Procedure apply. The discovery process is subject to the overriding limitation of good faith and callous disregard of discovery responsibilities cannot be condoned. *Asea, Inc. v. Southern Pac. Transp. Co.*, 669 F.2d 1242, 1246 (9th Cir. 1981) (quotation marks and citation omitted). Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense, and for good cause, the Court may order discovery of any matter relevant to the subject matter involved in the action.[2] Fed. R. Civ. P. 26(b)(1) (quotation marks omitted). Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. *Id.* (quotation marks omitted).

Generally, "[t]he party opposing discovery bears the burden of resisting disclosure," *Rogers v. Giurbino*, 288 F.R.D. 469, 479 (S.D. Cal. 2012) (citation omitted), but in cases such as this, the parties were relieved of the meet and confer requirement and the requirement that they file a joint statement regarding their discovery disagreement, Fed. R. Civ. P. 26(c)(1), 37(a)(1); Local Rule 251. As a result, Plaintiff bears an initial procedural burden in moving to compel; the Court is generally disinclined to sift through the parties' discovery requests and responses in an effort to determine what is in dispute and why it is in dispute. Fed. R. Civ. P. 7(b)(1). Plaintiff must identify which discovery requests are at issue and why he is entitled to the relief he seeks (e.g., why the information is relevant and why the objections lack merit). *E.g.*, *Grabek v. Dickinson*, No. CIV S-10-2892 GGH P, 2012 WL 113799, at *1 (E.D. Cal. Jan. 13, 2012);

---

[2] "Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401.

3

*Womack*, 2011 WL 6703958, at *3; *Mitchell v. Felker*, No. CV 08-119RAJ, 2010 WL 3835765, at *2 (E.D. Cal. Sep. 29, 2010); *Ellis v. Cambra*, No. 1:02-cv-05646-AWI-SMS PC, 2008 WL 860523, at *4 (E.D. Cal. Mar. 27, 2008). However, the Court is vested with broad discretion to manage discovery, *Hunt v. County of Orange*, 672 F.3d 606, 616 (9th Cir. 2012); *Surfvivor Media, Inc. v. Survivor Productions*, 406 F.3d 625, 635 (9th Cir. 2005); *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002), and notwithstanding the general procedure, Plaintiff is entitled to leniency as a pro se litigant and to the extent possible, the Court endeavors to resolve his motion to compel on its merits, *e.g.*, *Williams v. Adams*, No. 1:05-cv-00124-AWI-SMS PC, 2009 WL 1220311, at *1 (E.D. Cal. May 4, 2009).

### 2.  **Background**

On February 21, 2013, Plaintiff filed a motion to compel further responses to RFP, set one, numbers 1 through 20. (Doc. 117.) Defendants filed an opposition on March 15, 2013, and Plaintiff filed a reply on April 2, 2013. (Docs. 136, 141.)

In their opposition, Defendants stated that in reviewing Plaintiff's motion to compel, they determined there were some errors in their discovery responses and on March 13, 2013, they served supplemental responses curing those deficiencies. In his reply, Plaintiff acknowledged receipt and partial acceptance of the supplemental responses.[3]

### 3.  **RFP Standard**

A party may serve on any other party a request within the scope of Rule 26(b) to produce and permit the requesting party or its representative to inspect, copy, test, or sample the following items in the responding party's possession, custody or control: any designated documents or tangible things. Fed. R. Civ. P. 34(a)(1) (quotation marks omitted). "Property is deemed within a party's 'possession, custody, or control' if the party has actual possession, custody, or control thereof or the legal right to obtain the property on demand," *Allen v. Woodford*, No. CV-F-05-1104 OWW LJO, 2007 WL 309945, *2 (E.D. Cal. Jan. 30, 2007) (citing *In re Bankers Trust Co.*,

---

[3] Unless otherwise specified, the Court's rulings are based on its consideration of the parties' arguments in the motion, opposition, and reply briefs, and on its review of (1) Plaintiff's discovery requests and Defendants' discovery responses set forth in Exhibit A to Plaintiff's motion to compel, and (2) Defendants' supplemental discovery responses set forth in Exhibit 1 to Defendants' opposition (Doc. 136-3).

61 F.3d 465, 469 (6th Cir. 1995)); *accord Bovarie v. Schwarzenegger*, No. 08cv1661 LAB (NLS), 2011 WL 719206, at *4 (S.D. Cal. Feb. 22, 2011); *Evans v. Tilton*, No. 1:07CV01814 DLB PC, 2010 WL 1136216, at *1 (E.D. Cal. Mar. 19, 2010), and in responding to discovery requests, a reasonable inquiry must be made, Fed. R. Civ. P. 26(g)(1).

### 4.   Rulings on RFP, Set One

**RFP 1:** "[A]ll documentation on the instructions on or directions on the use of the pepper spray that was used to spray the plaintiff on April 10, 2006 which includes but not limited to the ingredients, and the [e]ffects of the pepper spray with the use in the eyes and how to use said spray." (MTC, Doc. 117, Ex. A.)

**Ruling:** Plaintiff's motion to compel a further response is denied.[4]

Following service of the supplemental response, left at issue is Plaintiff's request for the production of instructions or directions on the use of pepper spray, its effects, and the ingredient list. Defendants provided Plaintiff with copies of the applicable Title 15 regulations, which they stated represent the only source of the California Department of Correction and Rehabilitation's use of force policy in effect in April 2006; and they responded that they do not have possession, custody, or control over the pepper spray ingredient list or directions. Plaintiff's argument that he cannot obtain that information as an inmate and Defendants must therefore supply it to him lacks merit. The applicable discovery rules only require production of documents within Defendants' possession, custody, or control, and Plaintiff is required to accept their legally sufficient response that they do not have instructions or directions for the pepper spray used in April 2006.

While Plaintiff may be disinclined to trust Defendants' discovery responses, he is in a position no different than any other civil litigant: in the absence of legal or fact-based substantive deficiencies, he is required to accept the responses provided. Mere distrust and suspicion regarding discovery responses do *not* form a legitimate basis to further challenge responses which are facially legally sufficient; and Plaintiff is entitled neither to continue demanding additional and/or different evidence in support of discovery responses already provided nor to expand the

---

[4] The bases for the Court's rulings are identified. However, the Court finds it both unnecessary and unhelpful to further burden the record with a recitation of objections and arguments not relied upon for the rulings. Therefore, Defendants' responses are not reproduced herein.

5

scope of discovery beyond that sought in the initial discovery request. Fed. R. Civ. P. 26(g)(1), 33; *Gorrell v. Sneath*, 292 F.R.D. 629, 632 (E.D. Cal. 2013); *L.H. v. Schwarzenegger*, No. S-06-2042 LKK GGH, 2007 WL 2781132, at *2 (E.D. Cal. 2007).

Moreover, signed discovery responses are themselves certifications to the best of the person's knowledge, information, and belief formed after a reasonable inquiry, Fed. R. Civ. P. 26(g)(1)(B) (quotation marks omitted), as are other signed filings presented to the Court, *see* Fed. R. Civ. P. 11(b). *See also* Fed. R. Civ. P. 33(c). Further, as counsel is aware, Defendants are required to supplement their discovery responses should they learn that their responses were incomplete or incorrect, if the incomplete or incorrect information has not otherwise been made known to Plaintiff. Fed. R. Civ. P. 26(e)(1) (quotation marks omitted).

**RFP 2:** "[T]he C.D.C.R. Policy on the use of pepper spray that was in place on April 10, 2006 incident, which shall include all training and instructions on the use of pepper spraying inmates." (MTC, Ex. A.)

**Ruling:** Denied as moot in light of Plaintiff's acceptance of Defendants' supplemental response.

**RFP 3:** KVSP's "[p]olicy on the use of pepper spray that was in place on April 10, 2006 incident, which shall include all training and instructions on the use of pepper spraying inmates which also includes but not limited to how to assist inmates who've been pepper spray to be decontaminated." (MTC, Ex. A.)

**Ruling:** Plaintiff's motion to compel a further response is denied.

Defendants' supplemental response was acceptable in part to Plaintiff, and his remaining contention that they did not comply fully with his request lacks any specific factual support. Plaintiff's motion to compel was based on an erroneous source identification, which Defendants cured in their supplemental response, and a bare assertion regarding incomplete compliance is insufficient to support a motion to compel a further response.

**RFP 4:** "[P]roof that each [defendant] attended training as provided by C.D.C.R. and KVSP's policy and how many hours each named defendant was required to attend and how often the training is available to each named defendant." (MTC, Ex. A.)

6

1 **Ruling:** Plaintiff's motion to compel a further response is denied.

2 Defendants responded that (1) the IST (in service training) Reports produced to Plaintiff show the training classes each defendant actually attended and (2) no other responsive documents exist. This response is legally sufficient and Plaintiff is required to accept it.

**RFP 5:** "C.D.C.R. and KVSP's Policy on how Correctional Officers are entitled to carry pepper Spray on their person(s) 'compare to how to Correctional Officer is entitled to have use of a fire arm such as a handgun or rifle' is there some type of test a Correctional Officer must take and pass and if so did Defendant J. Palmer have authority to carry and use pepper spray." (MTC, Ex. A.)

**Ruling:** Plaintiff's motion to compel a further response is denied.

Defendants' response is sufficient. Defendants produced the documents responsive to Plaintiff's policy request, and Plaintiff cannot, via a document production request, ask whether correctional officers must pass a test to carry pepper spray and whether Defendant Palmer was authorized to carry and use pepper spray. Questions such as those form the basis for interrogatories, not document requests.

**RFP 6:** The pepper spray manufacturer's "[p]olicy on the use of [its] product, which includes instructions on how long to spray and how much to spray, in a persons eyes, how to decontaminate the pepper spray once used on a person." (MTC, Ex. A.)

**Ruling:** Plaintiff's motion to compel a further response is denied.

Plaintiff's is required to accept Defendants' response that they do not have possession, custody, or control over the manufacturer's product use policies.

**RFP 7:** CDCR's "[p]olicy on the use of excessive force from a Correctional Officers use with pepper spray, Plaintiff also seeks from KVSP's Policy on a Correctional Officers use of excessive force with the use of pepper spray." (MTC, Ex. A.)

**Ruling:** Denied as moot in light of Plaintiff's acceptance of Defendants' supplemental response.

///

///

7

**RFP 8:** CDCR's "[p]olicy on the use of excessive force from a Correctional Officer by use of Correctional Officers hands, and feet used to assault inmates that was in place in April, 2006." (MTC, Ex. A.)

**Ruling:** Denied as moot in light of Plaintiff's acceptance of Defendants' supplemental response.

**RFP 9:** KVSP's "[p]olicy on the use of excessive force from Correctional Officer by use of Correctional Officers hands, and feet used to assault inmates that was in place in April, 2006." (MTC, Ex. A.)

**Ruling:** Denied as moot in light of Plaintiff's acceptance of Defendants' supplemental response.

**RFP 10:** CDCR and KVSP's policies "for the use of excessive force upon an inmate who is laying face down on the ground in handcuffs." (MTC, Ex. A.)

**Ruling:** Denied as moot in light of Plaintiff's acceptance of Defendants' supplemental response.

**RFP 11:** CDCR and KVSP's policies "on Correctional Officers assisting and or Protecting inmates from excessive force from other Correctional Officers and their need to report such incidents to their Supervisors which includes but not limited to the use of pepper spray, hitting and kicking handcuffed inmates." (MTC, Ex. A.)

**Ruling:** Denied as moot in light of Plaintiff's acceptance of Defendants' supplemental response.

**RFP 12:** C.D.C.R. and KVSP's policies "on the use of pepper spray on an inmate who informs Correctional Officers that they have Asthma, and Allergies to Fragrances Sensitiviety." (MTC, Ex. A.)

**Ruling:** Denied as moot in light of Plaintiff's acceptance of Defendants' supplemental response.

**RFP 13:** "Plaintiff seeks in discovery on defendant J. Palmer, J. Palmers employment record minus the personal addresses or contact numbers. Plaintiff seeks: '(1) Any C.D.C.R. Form 602's that other inmates filed on J. Palmer for excessive force against them. (2) Any C.D.C.R.

Form 602 filed against J. Palmer for the use of pepper spray.  (3) Any complaints filed against J. Palmer from any fellow Correctional Officers which includes any Supervisors as well.  (4) The reasons why J. Palmer was either transferred by choice or for other reasons from one prison to another prison.  Which includes but not limited to did he leave on his own terms or because of complaints filed against him by either inmates or other C.D.C.R. Staff Members. (5) Any and all documentation on J. Palmer attendance for training on the use of pepper spray prior to the April 10, 2006 incident. (6) Any and all documentation on J. Palmers attendance for training on the use of force against inmates prior to April 10, 2006. (7) The Report on what the C.D.C.R. and KVSP did to J. Palmer stemming from the April 10, 2006 excessive use of force against Plaintiff.  Which includes but not limited to any suspensions, wage lost, retraining, any documentation on J. Palmer not being around Plaintiff i.e. Restraining Order or Keep Away Orders." (MTC, Ex. A.)

**RFP 14:** "Plaintiff seeks in discovery on Defendant M.H. Lopez's employment record minus any addresses, or contact numbers.  Plaintiff seeks: (1) Any and all C.D.C.R. Form 602 filed against Lopez for excessive force.  (2) Any and all complaints on Lopez filed by any C.D.C.R. Staff Employees including Supervisors.  (3) Plaintiff seeks the C.D.C.R. and KVSP's Report on Lopez from the April 10, 2006 incident stemming from Lopez's failure to Protect Plaintiff from J. Palmers assault upon Plaintiff.  This includes but not limited to any Suspensions, wage lost; retraining, and documentation on M.H. Lopez's not being around Plaintiff i.e. Restraining Orders or keep away orders.  (4) Any and all Documentation that Lopez attended training on Protecting inmates from assaults from other Correctional Officers.  (5) Any and all training on Lopez on the use of force against inmates. (6) Any and all documentation that Lopez attended training on the use of force against inmates. (7) Any and all documentation that Lopez's training as a Supervisor  (8) Any and all documentation on training that was supervised by Lopez on the use of force against inmates.  (10) Any and all documentation on Lopez's supervising Correctional Officers on the use of pepper spray."[5]  (MTC, Ex. A.)

**RFP 15:** "Plaintiff seeks in discovery on Defendant R.S. Rivera's employment record minus any addresses, or contact numbers.  Plaintiff seeks: (1) Any and all documented C.D.C.R.

---

[5] Plaintiff does not include a subsection (9) in his request for RFP 14.

9

Form 602's against Rivera for force against inmates.  (2) Any and all documented complaints on against Rivera from any C.D.C.R. Staff members including Supervisors.  (3) Plaintiff seeks the C.D.C.R. and KVSP's Report on Rivera from the April 10, 2006 incident stemming from J. Palmers assault upon Plaintiff, This includes but not limited to any Suspensions wage lost, retraining, and restraining orders and or keep away orders of not being around Plaintiff.  (4) Any and all training that Rivera received on the use of force used against inmates.  (5) Any and all training that Rivera received regarding the protection of inmates from personal assaults from other Correctional Officers.  (6) Any and all training that Rivera received on the use of pepper spray." (MTC, Ex. A.)

**Ruling on RFP 13, 14, and 15:** Plaintiff's motion to compel a further response is denied.[6]

With respect to inmate appeals and other types of complaints filed against Defendants, Plaintiff has not met his burden as the party moving to compel production.  The documents sought must be relevant, and Plaintiff fails to show how other inmates' appeals and other types of complaints are relevant to his claim, which arises from a single incident of alleged excessive force on April 10, 2006. Fed. R. Civ. P. 26(b)(1); Fed. R. Evid. 401.  Plaintiff argues that he needs the appeals and complaints to show Defendants' propensity for and pattern of using force.  However, Plaintiff cannot use evidence of other incidents of force to prove that he was subjected to unlawful force on April 10, 2006, Fed. R. Evid. 404(a)(1), and he has not otherwise indicated how unrelated third-party complaints against Defendants are relevant to his claim, Fed. R. Evid. 401.[7]

Turning to the issue of Defendant Palmer's transfer to another prison, Plaintiff's request

---

[6] Defendants' cursory citation to state law as a shield against disclosure of personnel files is unavailing in federal court, *Sanchez v. City of Santa Ana*, 936 F.2d 1027, 1033-34 (9th Cir. 1990); *Soto v. City of Concord*, 162 F.R.D. 603, 613 (N.D.Cal. 1995), as is Plaintiff's citation to the Freedom of Information Act (5 U.S.C. §§ 552 *et seq.*) as a source of authority compelling the discovery he seeks, *Drake v. Obama*, 664 F.3d 774, 785-86 (9th Cir. 2011); *Moore v. United Kingdom*, 384 F.3d 1079, 1089 (9th Cir. 2004).  However, given the denial of Plaintiff's motion to compel on other grounds discussed herein, the Court need not reach the relevant privilege, which is the federal "official information" privilege. *Sanchez*, 936 F.2d at 1033-34; *Soto*, 162 F.R.D. 603 at 613.

[7] Inadmissibility at trial does not necessarily preclude discovery, Fed. R. Civ. P. 26(b)(1), and evidence which is inadmissible for one purpose may still be admissible for a different purpose.  However, the scope of discovery is limited to evidence which is relevant to Plaintiff's excessive force claim and where the relevance is not obvious, Plaintiff bears the burden of informing the Court of the basis for his motion to compel. Fed. R. Civ. P. 26(b)(1); Fed. R. Evid. 401.

was in the form of a question rather than a document request, as Defendants noted, but regardless, Defendants stated that Defendant Palmer was not transferred to another prison.  (Opp., Doc. 136, 9:24-10:2.)  Based on that response, there is nothing further to compel.

Regarding training, Defendants produced the IST Reports, thereby responding in full to this document production request.

With respect to other documentation related to any adverse action taken against Defendants as a result of the incident of force on April 10, 2006, Plaintiff is required to accept Defendants' response that no documents exist, and Plaintiff identifies no grounds meriting the *in camera* review he requests.[8]  The Court reviewed the third level response to Plaintiff's inmate appeal, which was cited by Plaintiff in seeking an *in camera* review, and the response neither found nor implied that Plaintiff's allegations of staff misconduct were *substantiated*.  Rather, an inquiry into Plaintiff's allegations was initiated and completed.

**RFP 16:** "[A] detailed outline of KVSP's Facility 'D's building one (1) C-sections general area including the cell doors and the dayroom area, as well as the door to the rotunda and the rotunda itself.  By use of photo's and or drawings such as used for fire drill escapes or evactuations with the dinning room door and the yard door."  (MTC, Ex. A.)

**Ruling:** Plaintiff's motion to compel a further response is denied.

First, it is not clear how these documents and/or photographs are relevant to Plaintiff's claim that on April 10, 2006, Defendant Palmer used excessive force against him, or that Defendants Lopez and Rivera were present but failed to intervene.  Fed. R. Civ. 26(b)(1); Fed. R. Evid. 401.  Second, Defendants responded that they do not have possession, custody, or control over any responsive documents or photographs, and that response is legally sufficient.[9]

**RFP 17:** "[A] detailed copy of KVSP's Facility D building ones Rotunda's cameras film

---

[8] *In camera* reviews, which are burdensome and intrusive, are not routinely conducted and they are not available to a litigant merely seeking reassurance regarding the sufficiency of the response received.  *See U.S. v. Zolin*, 491 U.S. 554, 569-575, 109 S.Ct. 2619 (1989); *In re Grand Jury Investigation*, 974 F.2d 1068, 1074-75 (9th Cir. 1992).  Here, Defendants certified that no responsive documents exist and Plaintiff identifies no factual basis suggesting otherwise.

[9] As Defendants acknowledged in their response to RFP 16, if they create responsive documents or photographs for trial purposes, they will be required to produce them to Plaintiff at that time.  Fed. R. Civ. P. 26(e).  (MTC, Doc. 117, p. 28 n.2.)

11

for the April 10, 2006 incident." (MTC, Ex. A.)

**Ruling:** Plaintiff's motion to compel a further response is denied.

Plaintiff may not use his motion to compel to exceed the scope of his discovery request, which was limited to camera footage; he is required to accept the legally sufficient response that no camera footage exists; and he lacks any legal entitlement to a declaration or other evidence "proving" to him that no footage exists.

**RFP 18:** "[A] detailed written report conducted at least twice by KVSP's internal affairs investigation into the April 10, 2006 incident, which includes but not limited to what is commonly called the 'GOON SQUAD' by inmates or 'TASK FORCE'." (MTC, Ex. A.)

**Ruling:** Plaintiff's motion to compel is granted in part and denied in part.

While the Court agrees that Plaintiff's use of terminology such as "goon squad" is both unnecessary and lacking in any apparent relevance to his legal claim, he is nonetheless entitled to the production of investigatory internal affairs reports relating to the incident of force on April 10, 2006, *if any*, and the Court is not persuaded that Defendants lack the legal right to obtain any such reports.[10]  The Court notes that Defendants already produced a "Crime/Incident Report" and a "Use of Force Incident" report, but notably absent from their response to RFP 18 is a statement that there are no additional responsive documents. (Opp., Doc. 136-3, pp. 30-70.)

Accordingly, within thirty days from the date of service of this order, Defendants shall either (1) produce any additional investigatory reports responsive to RFP 18 or (2) serve Plaintiff with a supplemental response making clear that they conducted a reasonable inquiry and no additional investigatory reports exist.  If Defendants serve a supplemental response certifying that there are no additional responsive documents, Plaintiff is required to accept that answer. Fed. R. Civ. P. 26(g)(1), 34.

**RFP 19:** "Any and all Medical Reports on the Defendants from the April 10, 2006 incident." (MTC, Ex. A.)

---

[10] Plaintiff's mere distrust of a discovery response or mere desire for a different response does not suffice to support a motion to compel.  However, neither is the Court required to suspend all reason and common sense when independently reviewing the sufficiency of a disputed discovery response, and an adverse employment-related determination is more than likely available to the involved employee.

**Ruling:** Plaintiff's motion to compel is granted in part and denied in part.

Documentation of any injuries sustained by Defendant Palmer during the physical altercation with Plaintiff on April 10, 2006, is relevant, and Defendants' argument to the contrary lacks merit. Therefore, Defendants shall produce any medical reports concerning Defendant Palmer's injuries or lack of injury within thirty days. Defendants may redact any unnecessary and highly sensitive information such as birth date, address, Social Security number, etc., and they may redact any medical information which is irrelevant and/or unrelated to injuries sustained on April 10, 2006. Such information might include but is not limited to medical history or preexisting conditions unrelated to any injuries sustained on April 10, 2006. *However*, in granting Plaintiff's request for a supplemental response, the Court notes that the Crime/Incident Report already produced to Plaintiff documents the lack of injury to Defendant Palmer. (Opp., Doc. 136-3, p. 39.) As a result, there may well be no additional records subject to production, and if that is so, Plaintiff is required to accept that answer.

Plaintiff is not entitled to Defendants Lopez and Rivera's medical records, as they were not directly involved in the incident of force and their medical information has no apparent relevance to Plaintiff's legal claim.[11]

**RFP 20:** "[A]ny and all changes that KVSP implemented into their Policy reguarding the use of pepper spray and the training for the use of pepper spray since the April 10, 2006 incident which also includes but not limited to any changes in Policy on excessive force and any training reguarding such." (MTC, Ex. A.)

**Ruling:** Plaintiff's motion to compel a further response is denied.

Defendants supplemented their initial discovery response and produced documents from Title 15, the DOM (Departmental Operations Manual), and the IMSP&P (Inmate Medical Services Policies and Procedures) manual. Although Plaintiff now asserts that KVSP has its own policies, his initial discovery request was already clear that he was seeking KVSP policies and his motion to compel arose from Defendants' "erroneous" Title 15 citation. Defendants served a

---

[11] To the extent that the medical records are somehow relevant, Plaintiff fails to make that showing in either his motion or his reply; and the Crime/Incident Report indicates they sustained no injuries.

13

supplemental response accompanied by documents; as their response appears legally sufficient on its face, Plaintiff's bare assertion in his reply that there is or should an additional prison-specific policy is insufficient to support a motion to compel a further response.

### B. Motion for *In Camera* Review of Personnel Files

On April 25, 2013, Plaintiff filed a motion seeking an *in camera* review of Defendants' personnel files. (Doc. 143.) Defendants filed an opposition on May 16, 2013, and Plaintiff filed a reply on April 25, 2013. (Docs. 146, 148.)

Plaintiff's motion for an *in camera* review is premised on Defendants' response to his RFP, set one, and their responses to his RFA. Plaintiff contends that evidence of Defendants' reassignment to different positions and yards suggests they were disciplined following their involvement in the April 10, 2006, incident of force; and given their refusal to admit such, the Court should engage in an *in camera* review of their personnel files.

No substantively meritorious basis for an *in camera* review has been presented. *See U.S. v. Zolin*, 491 U.S. 554, 569-575, 109 S.Ct. 2619 (1989); *In re Grand Jury Investigation*, 974 F.2d 1068, 1074-75 (9th Cir. 1992). As an initial matter, Plaintiff's contention that he is entitled to an *in camera* review on any discovery request involving a confidentiality objection is incorrect. (Reply, Doc. 148, 2:16-18.) To the contrary, *in camera* reviews are available only in limited circumstances, and even if the moving party meets its initial factual burden, courts retain discretion to grant or deny the request. *See Zolin*, 491 U.S. at 570-572; *In re Grand Jury Investigation*, 974 F.2d at 1075.

Plaintiff's motion to compel further responses to his RFP, set one, was fully addressed in section II(A). With the limited exception of RFPs 18 and 19, Plaintiff's motion was denied and he was informed that he is required to accept the response that no documents, or no additional documents, exist. Furthermore, a denial in response to an RFA is a legally sufficient answer, and Plaintiff is required to accept it. Fed. R. Civ. P. 36(a)(4). Finally, the fact that Defendants have worked different positions at different locations falls short of supplying the requisite factual basis for raising a challenge to the truthfulness of Defendants' response that they were not subject to adverse employment action as a result of the incident on April 10, 2006.

14

Given the absence of a sufficient factual basis supporting Plaintiff's motion for an *in camera* review, the motion is denied.  *See Zolin*, 491 U.S. at 569-575; *In re Grand Jury Investigation*, 974 F.2d at 1074-75.

### C. Motion to Compel Response to RFP, Set Two

#### 1. Procedural Background

On February 27, 2013, Plaintiff filed a motion to compel a response to RFP, set two, which he represents was served on September 12, 2011.[12]  (Doc. 127.)  On February 28, 2013, the Court denied Plaintiff's motion as premature in light of the order granting Defendants an extension to time to March 28, 2013, to serve discovery responses.[13]  (Doc. 129.)  On May 23, 2013, Plaintiff filed another motion to compel responses to RFP, set two.  (Doc. 147.)  Defendants filed an opposition on June 13, 2013, and Plaintiff filed a reply on July 3, 2013; a motion for a court order pursuant to Federal Rule of Civil Procedure 37 on October 15, 2013; and a proof of service for RFP, set two, on October 28, 2013.  (Docs. 150, 155, 169, 170.)

#### 2. RFP, Set Two

Plaintiff represents that he served Defendants with RFP, set two, on September 12, 2011, and he subsequently submitted a mail log evidencing he sent mail to the Attorney General's Office in Sacramento on September 13, 2011.[14]  (MTC, Doc. 147, p. 1; Mail Log, Doc. 170, p. 3.)  Defendants, however, submit counsel's declaration that she did not receive any discovery requests in between those served on July 17, 2011, and January 16, 2013.  (Chinn Dec., Doc. 150, ¶2.)

Cutting through the parties' various arguments, there is insufficient support for a finding that Plaintiff did not serve RFP, set two, by mail on September 12, 2011, or that Defendants received it but failed to answer.  Without question, mail sometimes fails to reach its destination and here, there is no indication that anything other than lost mail is to blame.  The Court cannot

---

[12] Several stays during the course of this litigation impacted discovery response deadlines.

[13] At that time, Defendants and the Court thought the discovery request subject to the extension of time was RFP, set two.  Instead, it turned out to be a different discovery request, entitled "Motion for Additional Discovery" and lacking a "set two" designation.  (Reply, Doc. 155, 2:1-3.)

[14] Plaintiff's motion for an order requiring Salinas Valley State Prison to send him a copy of his mail log is moot in light of Plaintiff's subsequent receipt of the log.  (Docs. 169, 170.)  That motion is therefore denied as moot.

divine how or why the mail went astray, but a just resolution requires only that Defendants now respond. Accordingly, to the end, Plaintiff's motion to compel is denied, but Defendants are required to serve their initial response to RFP, set two, within thirty days.[15]

### D. Motion to Compel Further Responses to RFA and ROG, Set Two

#### 1. Procedural Background

On June 3, 2013, Plaintiff filed a motion seeking to compel further responses to his RFA and ROG, set two, served on Defendant Palmer. (Doc. 149.) Defendants filed a response on June 24, 2013, and Plaintiff filed a reply on July 15, 2013. (Docs. 152, 156.)

#### 2. Electronic Signature and *In Camera* Review Request

Plaintiff's stated challenge to Defendant Palmer's discovery responses lies mainly with Defendant's electronic signature. However, Defendant Palmer may sign documents electronically through his counsel, and his electronic signature complies with Local Rule 131(f).[16] Plaintiff's preference for a handwritten signature provides no basis for a challenge, as he lacks any legal entitlement to demand a non-electronic signature. With respect to Plaintiff's argument that he is required to sign his filings and other documents, Defendants are represented by counsel and are required to use the electronic filing system, which includes authorization of electronic signatures. Local Rule 133(a). Plaintiff, on the other hand, is pro se and is required to file documents conventionally, which requires a handwritten signature. Local Rule 133(b)(2).

Additionally, Plaintiff seeks again seeks an *in camera* view. However, Plaintiff is not entitled to an *in camera* review, and the record is devoid of any legitimate basis for one. *See Zolin*, 491 U.S. at 569-575; *In re Grand Jury Investigation*, 974 F.2d at 1074-75.

#### 3. Review of Substantive RFA and ROG Responses

The stated bases for Plaintiff's motion to compel, discussed in the previous subsection, lack merit. However, in an effort to bring final closure to RFA and ROG responses, set two, the

---

[15] Defendants shall treat Plaintiff's motion to compel, Ex. A., pages 6 through 9, as RFP, set two, and respond accordingly.

[16] Electronic signatures are permissible so long as counsel has the original signature on file and the electronic signature is accompanied by a statement to that effect. Local Rule 131(f). The signature in question, which is Exhibit B to Plaintiff's motion, is accompanied by the statement that the original signature is on file.

1 Court has considered the discovery requests and responses on their merits, and it finds no
2 additional basis warranting relief to Plaintiff.

3 Specifically, Defendant Palmer's admission (RFA 1) and denials (RFAs 3, 4, and 5) are
4 legally sufficient, and Plaintiff is not entitled to seek any further response. Fed. R. Civ. P.
5 36(a)(4). With respect to RFA 2, Defendant's objection is sustained and Plaintiff's motion to
6 compel is denied. The question "Admit the reason that you are no longer employed by C.D.C.R.
7 K.V.S.P." is not a request for admission, and Plaintiff is not entitled to a further response to his
8 improper inquiry. Fed. R. Civ. P. 36(a)(5).

9 Defendant Palmer's substantive responses to Plaintiff's ROGs, 1-5, are also legally
10 sufficient. Fed. R. Civ. P. 33(b). Although Defendant objected to ROGs 2-5, he nevertheless
11 responded to them in full, and there exist no grounds to compel a different or an additional
12 response. *Id.*

13 **E.     Second Motion to Compel Response to RFP, Set Two**

14 On August 8, 2013, Plaintiff filed a second motion to compel a response to RFP, set two.
15 (Doc. 160.) In response, on August 29, 2013, Defendants filed a motion to strike the motion to
16 compel as duplicative of the motion filed on May 23, 2013. (Doc. 165.) Plaintiff filed a reply on
17 September 16, 2013. (Doc. 168.)

18 Again cutting through the parties' various arguments, Plaintiff renamed RFP, set two, as
19 RFP, set three, and re-served it on June 24, 2013. Plaintiff's decision to re-serve the RFP was due
20 to (1) Defendants' representation they never received RFP, set two, and (2) the confusion of RFP,
21 set two, with the third discovery request sent to Defendants and entitled "Motion for Additional
22 Discovery," discussed in footnote 12.[17] Defendants did not serve a response to the re-served RFP
23 and instead informed Plaintiff by letter that the RFP was untimely under the operative scheduling
24 order. Plaintiff then brought his second motion to compel. In as much as Plaintiff attempted to
25 address Defendants' earlier argument that they were not served with RFP, set two, by re-serving it

---

[17] The Court will continue to refer to this second RFP as set two and the parties are directed to do the same. Plaintiff's relabeling of the RFP as set three shall be disregarded.

17

on June 24, 2013, his second motion to compel is not duplicative of the first motion and Defendants' motion to strike on that ground is denied.

Pursuant to the scheduling order filed on February 22, 2013, the discovery deadline was July 9, 2013, and Defendants' rejection of Plaintiff's re-served RFP, set two, as untimely was supported given the requirement that discovery requests be served at least forty-five days before the discovery deadline. (Doc. 35, ¶3; Doc. 122.) However, as discussed in section II(C), Defendants are required to serve a response to RFP, set two, within thirty days, and Plaintiff's second motion to compel is denied moot.

### III.  Order

Based on the foregoing, the Court HEREBY ORDERS as follows:

1. Plaintiff's motion to compel further responses to RFP, set one (doc. 117), is DENIED as to RFPs 1-17 and 20, and GRANTED as to RFPs 18 and 19;

2. Within **thirty (30) days** from the date of service of this order, Defendants shall serve Plaintiff with supplemental responses to RFPs 18 and 19;

3. Plaintiff's motion for an *in camera* review (doc. 143) is DENIED;

4. Plaintiff's motion to compel a response to RFP, set two (doc. 147), is DENIED, but Defendants shall serve their initial response to RFP, set two, within **thirty (30) days** from the date of service of this order;

5. Plaintiff's motion for an order requiring Salinas Valley State Prison to send him a copy of his mail log (doc. 169) is DENIED as moot;

6. Plaintiff's motion to compel further responses to RFAs and ROGs, set two, and for an *in camera* review (doc. 149), is DENIED;

7. Defendants' motion to strike Plaintiff's second motion to compel a response to RFP, set two (doc. 165), is DENIED; and

///
///
///
///

8. Plaintiff's second motion to compel a response to RFP, set two (doc. 160), is DENIED as moot.

IT IS SO ORDERED.

Dated:     **November 25, 2014**                    **/s/ Sheila K. Oberto**
                                                                  UNITED STATES MAGISTRATE JUDGE