# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FLOYD SCOTT,<br><br>    Plaintiff,<br><br>    v.<br><br>J. PALMER, et al.,<br><br>    Defendants.<br>_____/ | Case No. 1:09-cv-01329-LJO-SKO (PC)<br><br>ORDER (1) DISREGARDING SURREPLY, (2) DENYING MOTION TO STRIKE AS MOOT, (3) GRANTING DEFENDANTS' MOTION TO COMPEL PLAINTIFF'S DEPOSITION, AND (4) DIRECTING DEFENDANTS TO FILE NOTICE OF REASONABLE EXPENSES INCURRED WITHIN TWENTY DAYS<br><br>(Docs. 133, 144, and 145) |

**I.    Procedural History**

Plaintiff Floyd Scott, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on July 29, 2009. Pending before the Court is Defendants' motion to compel Plaintiff's deposition, or in the alternative for terminating sanctions, filed on March 12, 2013. Fed. R. Civ. P. 37. (Doc. 133.) Plaintiff filed an opposition on March 29, 2013, and Defendants filed a reply on April 8, 2013. (Docs. 140, 142.) Plaintiff then filed a surreply on April 29, 2013, and Defendants filed a motion to strike the surreply on May 3, 2013. (Docs. 144, 145.)

Parties do not have the right to file surreplies and motions are deemed submitted when the time to reply has expired. Local Rule 230(*l*). The Court generally views motions for leave to file

a surreply with disfavor,[1] *Hill v. England*, No. CVF05869 REC TAG, 2005 WL 3031136, at *1 (E.D. Cal. 2005) (citing *Fedrick v. Mercedes-Benz USA, LLC*, 366 F.Supp.2d 1190, 1197 (N.D. Ga. 2005)), although courts have the discretion to either permit or preclude a surreply, s*ee U.S. ex rel. Meyer v. Horizon Health Corp.*, 565 F.3d 1195, 1203 (9th Cir. 2009) (district court did not abuse discretion in refusing to permit "inequitable surreply"); *JG v. Douglas County School Dist.*, 552 F.3d 786, 803 n.14 (9th Cir. 2008) (district court did not abuse discretion in denying leave to file surreply where it did not consider new evidence in reply); *Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996) (new evidence in reply may not be considered without giving the non-movant an opportunity to respond).  As explained below, because Plaintiff's failure to testify at his deposition does not entitle Defendants to terminating sanctions, the Court does not reach their alternative argument for dismissal.  *Estrada v. Rowland*, 69 F.3d 405, 406 (9th Cir. 1995).  As a result, it is unnecessary to consider Plaintiff's surreply, which addresses what he contends are new arguments made by Defendants in their reply regarding terminating sanctions.[2]  Accordingly, Plaintiff's surreply is disregarded and Defendants' motion to strike the surreply is denied as moot.

## II.     Discussion

### A.     Background

Pursuant to the discovery and scheduling order, Defendants are entitled to depose Plaintiff so long as they *serve*, by mail, a notice in compliance with Rule 30 at least fourteen days before the deposition. Fed. R. Civ. P. 5(b)(2)(C), 30(b)(1). (Doc. 35.) On February 8, 2013, Defendants filed a request for leave to depose Plaintiff by videoconference, and on February 12, 2013, Defendants served on Plaintiff, by mail, a notice that his deposition was set for February 26, 2013. (Doc. 111; Doc. 120, 2:4-6.)  Plaintiff filed an opposition to the videoconference request on February 22, 2013, and on that date, the Court granted the videoconference request and overruled Plaintiff's objection. (Docs. 120, 123, 124.)

---

[1] Plaintiff's surreply was not accompanied by a motion seeking leave to file it, but the surreply did include his reason for filing it.

[2] Plaintiff's arguments concerning his reasons for refusing to answer questions at his deposition were fully briefed between the motion and the opposition, and the Court declines to consider any further arguments on that issue in a surreply.

On February 26, 2013, Defendants' counsel attempted to depose Plaintiff by videoconference, but he refused to answer any questions on the ground that he did not *receive* the deposition notice at least fourteen days prior to the deposition. Defendants now move to compel Plaintiff's deposition at his expense or, in the alternative, for terminating sanctions. Plaintiff opposes the motion on the same basis: he did not *receive* the deposition notice at least fourteen days before the date of the deposition. Plaintiff also argues he did not receive notice from the Court regarding his deposition appearance.

### B. Date of Service, Prison Mailbox Rule, and Notice by Court Order

#### 1. Date of Service by Mail

Plaintiff argues that Defendants were required to make sure he received the deposition notice in hand at least fourteen days before the deposition date. However, Plaintiff's interpretations of the legal service date and the prison mailbox rule, and their effect on the fourteen-day deposition notice requirement, are incorrect.

Turning first to date of service, Plaintiff was previously informed that the date of service is the date of mailing, which is set forth in the certificate of service attached to the document mailed; the date of service is *not* the date prison officials hand Plaintiff his incoming mail. Fed. R. Civ. P. 5(b)((2)(C) (service by mail is complete upon mailing). Moreover, Rule 6(d) does not entitle Plaintiff to add three days to the fourteen-day deposition notice requirement and claim that it must be handed to him at least seventeen days before his deposition, as he argues. Fed. R. Civ. P. 6(d). Rule 6(d) provides that when a party may or must act within a specified time after service, three days are added after the period would otherwise expire. Fed. R. Civ. P. 6(d). Rule 6 applies to actions Plaintiff must or may take, such as responding to a court order requiring him to do something or responding to a motion filed by Defendants. It does not apply to a deposition notice served on Plaintiff and any argument to the contrary is untenable.

#### 2. Prison Mailbox Rule

Under the prison mailbox rule, the date of filing is the date a prisoner delivers his legal document to prison officials for mailing to the court. *Douglas v. Noelle*, 567 F.3d 1103, 1106-07 (9th Cir. 2009) (citing *Houston v. Lack*, 487 U.S. 266, 270-71, 108 S.Ct. 2379 (1988)) (quotation

3

marks omitted). The policies underpinning the rule are prisoners' lack control over the method of mailing, prisoners' lack of ability to monitor the court's receipt of their filings, and prison officials' incentive to delay prisoners' filings. *Douglas*, 567 F.3d at 1106-07 (citing *Houston*, 487 U.S. at 270-71) (quotation marks omitted). The prison mailbox rule applies to outgoing legal filings or documents sent *by* Plaintiff, not to incoming legal filings or documents served *on* Plaintiff. *Id.* While there may be some delay inherent in the receipt of mail in an institutional setting, the prison mailbox rule, by its very terms and underlying policies, does not apply to Plaintiff's receipt of incoming mail from Defendants and does not affect the date of legal service of documents on Plaintiff. *See Hernandez v. Spearman*, 764 F.3d 1071, 1074-76 (9th Cir. 2014) (discussing requirements of and purpose underlying prison mailbox rule).

### 3. Notice by Court Order

Finally, Plaintiff's assertion that in other litigation, courts have always issued an order to appear and he did not receive one until February 26, 2013, provides no excuse. The order referred to by Plaintiff was not an order to appear for his deposition but an order overruling his objection to being deposed. A party who is served with a deposition notice that complies with Rule 30(b) is obligated to appear and testify, and that obligation does not depend on the deposing party securing a court order. Fed. R. Civ. P. 30(b). As discussed below, even where there exist grounds supporting a motion for a protective order,[3] Fed. R. Civ. P. 26(c), the mere filing of the motion for a protective order does not relieve the deponent from appearing for or testifying at the deposition, *Pioche Mines Consol., Inc. v. Dolman*, 333 F.2d 257, 269 (9th Cir. 1964). Thus, Plaintiff's argument that he was awaiting and had not yet received an order to appear for his deposition is unavailing.

### C. Motion to Compel or for Terminating Sanctions

### 1. Failure to Testify at Deposition

Turning to what occurred on February 26, 2013, where a deponent appears for his deposition but refuses to answer questions, the proper remedy is a court order to testify. Fed. R.

---

[3] Here, the grounds upon which Plaintiff resisted answering questions at his deposition lacked merit and would not have constituted good cause in support of a protective order. Fed. R. Civ.P. 26(c)(1).

4

Civ. P. 37(a)(3); *Estrada* 69 F.3d at 406. Terminating sanctions are not available at this juncture.[4] Fed. R. Civ. P. 37(a)(3); *Estrada*, 69 F.3d at 406. In this case, the Court did not issue an order relieving Plaintiff from being deposed and Plaintiff refused to answer questions at his deposition, entitling Defendants to an order compelling him to submit to his deposition. Fed. R. Civ. P. 37(a)(3); *Estrada*, 69 F.3d at 406.

Plaintiff's attempt to excuse his refusal to answer questions based on his non-receipt of the order denying his objection provides no shelter for Plaintiff. As previously discussed, Plaintiff's receipt of an order in hand does not dictate the date of legal service but more to the point here, the filing of a motion seeking relief from a deposition does *not* relieve the deponent from being deposed. *Pioche Mines Consol., Inc.*, 333 F.2d at 269. The view that a party need not appear if a motion is on file "would be an intolerable clog upon the discovery process." *Id.* "Rule [26(c)] places the burden on the proposed deponent to get an order, not just to make a motion."[5] *Id.* Thus, even if Plaintiff's objection was treated, charitably, as a motion for a protective order, the duty to appear and cooperate remained until and unless the Courts granted the motion for relief from the deposition. *Id.*

### 2.  **Reasonable Costs Incurred in Bringing Motion**

As the prevailing parties on their motion to compel, Defendants are entitled to the reasonable expenses incurred in making the motion. Fed. R. Civ. P. 37(a)(5)(A). Defendants are not entitled to recoup the cost incurred in attempting to take the deposition given that Plaintiff did not fail to appear and did not violate a court order compelling his deposition.[6] Fed. R. Civ. P. 37(b), (d). Accordingly, Defendants shall file a notice setting forth the reasonable expenses incurred in bringing their motion to compel within twenty days, and Plaintiff shall have thirty days

---

[4] The failure to appear for a deposition and/or the failure to comply with a court order compelling a deposition will support terminating sanctions. Fed. R. Civ. P. 37(b), (d). However, neither the order overruling Plaintiff's objection nor the order granting leave to depose Plaintiff by videoconference constituted an order compelling Plaintiff's deposition.

[5] At the time the *Pioche* decision was issued, Rule 30(b) addressed protective orders. Fed. R. Civ. P. 30(b) Advisory Committee Notes, 1970 Amendments. The language was subsequently transferred to Rule 26(c). *Id.*

[6] However, any failure to cooperate at the deposition in contravention of *this* order will be sanctionable conduct. Fed. R. Civ. P. 37(b).

from the date of service of the notice to be heard on the issue of expenses.  Fed. R. Civ. P. 37(a)(5)(A).

### D. Profanity Toward Counsel During Deposition Attempt

Finally, during the course of counsel's attempt to depose Plaintiff, the record well reflects his uncooperativeness and unreasonableness, and at one point, he told counsel to "shut the fuck up."  (MTC, Doc. 133-3, Depo. Tx., court record p. 13, ln. 15.)  The use of profanity toward counsel, or any other abusive conduct, is unacceptable and it is grounds for sanctions, including terminating sanctions.  Plaintiff's pro se status will not shield him from the consequences of abusive behavior, and he is required to behave with civility.

## III. Order

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's surreply is disregarded and Defendants' motion to strike the surreply is DENIED as moot (docs. 144 and 145);

2. Defendants' motion to compel Plaintiff's deposition is GRANTED (doc. 133);

3. Plaintiff is required to appear for and testify at his deposition, which may be conducted in person or by videoconference;

4. Within **twenty (20) days** from the date of service of this order, Defendants shall file a notice setting forth the reasonable expenses incurred in bringing their motion to compel; and

5. Plaintiff has **thirty (30) days** from the date of service of Defendants' notice of reasonable expenses within which to file a response.

IT IS SO ORDERED.

Dated:   **November 25, 2014**                    **/s/ Sheila K. Oberto**
                                                  UNITED STATES MAGISTRATE JUDGE