# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FLOYD SCOTT, | Case No. 1:09-cv-01329-LJO-SKO (PC) |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION RE MAIL DELIVERY AND SERVICE ISSUES |
| v. | |
| J. PALMER, et al., | (Doc. 151) |
| Defendants. | |

## I. Procedural History

Plaintiff Floyd Scott, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on July 29, 2009. This action for damages is proceeding against Defendants Palmer, Rivera, and Lopez on Plaintiff's claim that while he was at Kern Valley State Prison in Delano, California, Defendant Palmer used excessive physical force against him and Defendants Rivera and Lopez failed to intervene, in violation of his rights under the Eighth Amendment of the United States Constitution.

Defendants served Plaintiff with a request for the production of documents on May 15, 2013, but it was not delivered to Plaintiff until June 7, 2013. (Doc. 151, Ex. A.) On June 17, 2013, in response to the delayed receipt of the discovery request, Plaintiff filed a motion seeking an order (1) requiring unknown prison staff at California State Prison-Lancaster to stop interfering with Plaintiff's incoming mail and to deliver it promptly, and (2) holding that the date of service is

the date Plaintiff's receives his mail in hand.  (Doc. 151.)  Defendants filed an opposition to the motion on July 2, 2013, and Plaintiff filed a reply on July 22, 2013.  (Docs. 154, 158.)

## II. Discussion

### A. Request for Order Prohibiting Interference with Mail

There is no evidence that anyone is interfering with the delivery of Plaintiff's mail, and the Court cannot issue orders to unknown individuals over whom it lacks jurisdiction.  *See Summers v. Earth Island Institute*, 555 U.S. 488, 493, 129 S.Ct. 1142, 1149 (2009); *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 395 U.S. 100, 110, 89 S.Ct. 1562 (1969); *Mayfield v. United States*, 599 F.3d 964, 969 (9th Cir. 2010).  Furthermore, Plaintiff's suggestion that Defendants or their counsel might be involved is unfounded.

### B. Relief Available for Delayed Receipt of Mail

Next, as discussed in a separate order issued concurrently with this order, the date of service by mail is the date the documents are mailed, and the Court declines to exempt Plaintiff from the Federal Rules of Civil Procedure and allow him to treat the date he is handed his mail as the date of service.[1]  Fed. R. Civ. P. 5(b)(2)(C).  The Court and Defendants' counsel are aware that there can be some delay in the receipt of mail in prison, and to the extent a delay is substantial enough to hamper Plaintiff's ability to take necessary action, his remedy is simply to seek an extension of time to comply.  Fed. R. Civ. P. 6(b)(1).  The weeks-long delay between service of Defendants' request for the production of documents and Plaintiff's receipt of it is not legal interference with his access to the courts, as he asserts.  *Lewis v. Casey*, 518 U.S. 343, 348, 116 S.Ct. 2174 (1996); *Nevada Dep't of Corr. v. Greene*, 648 F.3d 1014, 1018 (9th Cir. 2011), *cert. denied*, 132 S.Ct. 1823 (2012).  The delay would support the existence of "good cause" for an extension of time to respond, but the onus is on Plaintiff to file a request and explain the circumstances.[2]  Fed. R. Civ. P. 6(b)(1).

---

[1] In their opposition, Defendants request that the Court clarify the date of service and the prison mailbox rule given Plaintiff's repeated misapplication of both.  Those issues have been clarified in this series of orders resolving the parties' pending discovery and related disputes.

[2] Plaintiff served his responses, rendering moot his need for an extension of time to respond in this instance.

### III. Order

Based on the foregoing, Plaintiff's motion for an order prohibiting interference with his mail and holding that the date of service is the date of receipt is HEREBY DENIED.[3]

IT IS SO ORDERED.

Dated:   **November 25, 2014**          /s/ Sheila K. Oberto
                                    UNITED STATES MAGISTRATE JUDGE

---

[3] Defendants addressed Plaintiff's motion, in part, to the extent it was construed as a motion for a protective order. Given that the appropriate remedy for an insufficient response time is a request for an extension of time and given that there is no basis for the issuance of a protective order shielding Plaintiff from having to respond, there is no ground for construing the motion as one seeking a protective order under Rule 26(c).  Fed. R. Civ. P. 26(c).

3