# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FLOYD SCOTT,<br><br>    Plaintiff,<br><br>    v.<br><br>J. PALMER, et al.,<br><br>    Defendants.<br>_____/ | Case No. 1:09-cv-01329-LJO-SKO (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO COMPEL DEPOSITION BY WRITTEN QUESTIONS, AND PROVIDING PLAINTIFF THIRTY DAYS WITHIN WHICH TO FILE NOTICE AND OFFER OF PROOF OF WILLINGNESS AND ABILITY TO COMPENSATE OFFICER TO TAKE RESPONSE AND PREPARE RECORD<br><br>(Doc. 162) |

    Plaintiff Floyd Scott, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on July 29, 2009. This action for damages is proceeding against Defendants Palmer, Rivera, and Lopez on Plaintiff's claim that while he was at Kern Valley State Prison in Delano, California, Defendant Palmer used excessive physical force against him and Defendants Rivera and Lopez failed to intervene, in violation of his rights under the Eighth Amendment of the United States Constitution.

    On August 14, 2013, Plaintiff filed a motion to compel Defendants' depositions by written questions, based on their failure to respond to the questions he served by mail on July 17, 2013. (Doc. 162.) Defendants filed an opposition on September 4, 2013, and Plaintiff filed a reply on September 13, 2013. (Docs. 166, 167.)

The discovery deadline was July 9, 2013, and Plaintiff's attempt to depose Defendants by written questions and his subsequent motion to compel are untimely under that scheduling order, as Defendants' argue.[1] (Doc. 122.) However, given the numerous discovery disputes which required resolution in this series of orders and Defendants' pending motion for modification of the scheduling order, the timeliness issue is secondary. In the primary, Plaintiff's entitlement to an order compelling Defendants' deposition by written questions fails on its merits.

Depositions by written questions entail more than mailing questions to the deponents and awaiting their written responses. Rather, an officer must be retained to take responses and prepare the record. Fed. R. Civ. P. 31(b). Plaintiff is proceeding in forma pauperis, and his motion to compel does not suggest an understanding of the requirements for conducting a deposition by written questions or the ability and willingness to pay an officer to take the responses for the record.[2] There is no entitlement to take a deposition and to do so, a party must comply with the Federal Rules of Civil Procedure. If Plaintiff is able and willing to compensate an officer to take responses and prepare the record, he may notify the Court within thirty days, accompanied by an offer of proof regarding the financial ability to compensate an officer. If Plaintiff is unable and/or unwilling to do so, the issue of depositions by written questions has come to an end.

///
///
///
///

---

[1] Plaintiff's assertion that the discovery and scheduling order filed on June 28, 2011, is no longer operative is correct only with respect to the deadlines which were extended by subsequent order. The substance of the order regarding rules and requirements remains operative and is neither superceded nor vacated by subsequent orders extending certain deadlines. Thus, the requirement that discovery be served at least forty-five days before the discovery deadline remains in effect. The Court notes further that the purpose of the order was to assist the parties by providing them with specific notice of certain issues. It does not follow that the absence of such notice negates those rules. Under no circumstance is a party entitled to serve a discovery request so close to the discovery deadline that the responding party would be required to either serve a response after the discovery deadline or forego the full response period to which he is entitled, irrespective of the presence or absence of an informational order.

[2] Plaintiff's assertion that Rule 31 applies to oral depositions is incorrect. (Doc. 167, Reply, 1:27-2:1.) Rule 30 governs oral depositions and Rule 31 governs written depositions. Even so, rules do not necessarily operate in mutual exclusion of one another, and Rule 31(b) specifically incorporates the officer's duties set forth in Rule 30(c), (e), and (f).

Accordingly, based on the foregoing, Plaintiff's motion for an order compelling Defendants' depositions by written questions (doc. 162) is DENIED.

IT IS SO ORDERED.

Dated: **November 25, 2014**         /s/ Sheila K. Oberto
                                      UNITED STATES MAGISTRATE JUDGE