1
2
3
4
5
6
7
8
9

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FLOYD SCOTT, | Case No. 1:09-cv-01329-LJO-SKO (PC) |
| Plaintiff, | ORDER DISREGARDING SURREPLY, DENYING MOTION TO STRIKE AS MOOT, GRANTING MOTION TO MODIFY SCHEDULING ORDER, AND GRANTING MOTION FOR CLARIFICATION |
| v. | |
| J. PALMER, et al., | |
| Defendants. | (Docs. 153, 161, 163, and 164) |
| | Limited Discovery Deadline: 02/02/2015 |
| | Pretrial Dispositive Motion Deadline: 04/02/2015 |

_____/

## I.   Procedural History

Plaintiff Floyd Scott, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on July 29, 2009.  This action for damages is proceeding against Defendants Palmer, Rivera, and Lopez on Plaintiff's claim that while he was at Kern Valley State Prison in Delano, California, Defendant Palmer used excessive physical force against him and Defendants Rivera and Lopez failed to intervene, in violation of his rights under the Eighth Amendment of the United States Constitution.

Pursuant to the order filed on February 22, 2013, the discovery deadline was July 9, 2013, and the pretrial dispositive motion deadline was September 9, 2013.  (Doc. 122.)  On July 2, 2013, Defendants filed a timely motion to modify the scheduling order to extend the discovery deadline thirty days to permit Plaintiff's deposition and to extend the pretrial dispositive motion deadline.

Plaintiff filed an opposition on July 22, 2013, and Defendants filed a reply on July 29, 2013. (Docs. 157, 159.)   On August 8, 2013, Plaintiff filed a surreply and on August 14, 2013, Defendants filed a motion to strike.   (Docs. 161, 163.)   On August 16, 2013, Plaintiff filed a motion for clarification regarding the pretrial dispositive motion deadline in light of his pending discovery motions.   (Doc. 164.)

Plaintiff did not seek leave of court to file a surreply, and the Court declines to consider it. Defendants' motion to strike is therefore denied as moot.

**II.**   **Discussion**

**A.**   **Discovery Deadline**

Defendants attempted to depose Plaintiff on February 26, 2013, and he refused to answer any questions, based on his erroneous beliefs that the deposition notice was not timely served and that refusal to testify was a remedy available to him.   Defendants filed a motion to compel Plaintiff's deposition on March 12, 2013, and the motion was granted in a separate order issued concurrently with this order.   Given their pending motion to compel and imminent expiration of the discovery deadline, Defendants filed a motion seeking a thirty day extension of the discovery deadline to depose Plaintiff.

Although Plaintiff opposes the motion and argues that nothing precluded Defendants from simply re-noticing his deposition within fourteen days of the deposition, his argument is premised on the correctness of his position that the deposition was improperly noticed and that he was entitled to remedy such a deficiency by refusing to answer questions.   As explained in greater detail in the order granting the motion to compel, the deposition notice was not untimely served and unilateral refusal to be deposed is not a remedy available to any party in any event.   Fed. R. Civ. P. 5(b)(2)(C); *Pioche Mines Consol., Inc. v. Dolman*, 333 F.2d 257, 269 (9th Cir. 1964). Given Plaintiff's unmeritorious position regarding his obligation to cooperate for a deposition, Plaintiff's argument that nothing prevented Defendants from simply re-noticing the deposition with "proper" notice and within the discovery deadline is unpersuasive.   *See Estrada v. Rowland*, 69 F.3d 405, 406 (9th Cir. 1995) (the remedy for appearance at but refusal to testify at a deposition is a court order to testify).   Although the Court does not suggest that Plaintiff purposefully acted in

1   bad faith, his position was nonetheless unsupportable under the law and his refusal to listen to

2   counsel, as evidenced by the deposition transcript, was not particularly reassuring concerning

3   future cooperation.   Given the circumstances, Defendants decision to first seek an order

4   compelling Plaintiff's deposition, *Estrada*, 69 F.3d at 406, and then seek an extension of the

5   approaching deadline does not demonstrate a lack of due diligence and there is no arguable

6   prejudice to Plaintiff, *Zivkovic v. Southern California Edison Co.*, 302 F.3d 1080, 1087 (9th Cir.

7   2002).   Accordingly, Defendants have shown good cause for the requested extension and it shall

8   be granted.  Fed. R. Civ. P. 16(b)(4).

9       While the Court recognizes that Defendants are seeking only a limited extension of time to

10  depose Plaintiff, various other pending discovery motions were resolved in this series of orders

11  and equity dictates that those issues which directly impact Plaintiff's discovery be taken into

12  consideration in determining the length and purpose of a discovery deadline extension.   To that

13  end, the discovery deadline will be extended (1) to allow Defendants to depose Plaintiff, (2) for

14  Plaintiff to receive and review the limited discovery requests to which he is entitled further

15  responses and file a motion to compel if necessary, and (3) for Plaintiff to make an offer of proof

16  regarding his ability to compensate an officer to take and record Defendants' depositions by

17  written questions.

18          **B.        Pretrial Dispositive Motion Deadline**

19      Both Plaintiff and Defendants seeks an extension of the pretrial dispositive motion

20  deadline, and the resolution of the pending discovery disputes coupled with the discovery deadline

21  extension logically dictate an extension of the pretrial motion deadline.  Fed. R. Civ. P. 16(b)(4).

22  (Docs. 153, 164.)  However, the parties are reminded that the Court previously resolved a motion

23  for summary judgment which involved a determination that there were triable issues of fact

24  regarding (1) whether Defendant Palmer kicked and stomped Plaintiff after subduing him with

25  pepper spray and handcuffing him, and (2) whether Defendants Rivera and Lopez failed to

26  intervene during the incident.   (Docs. 69, 71, 112, 132.)   Excessive force cases such as this

27  generally require fact finding by a jury, and the parties are cautioned that the pretrial dispositive

28

motion deadline is not intended to suggest that they take a second bite at the apple with respect to issues that have been determined. *Ingle v. Circuit City*, 408 F.3d 592, 594 (9th Cir. 2005).

### III.     Order

Based on the foregoing, it is HEREBY ORDERED that:

1.     Defendants' motion to modify the scheduling order and Plaintiff's motion for clarification are GRANTED (docs. 153, 164);

2.     The deadline for the completion of all discovery is extended to February 2, 2015, limited to conducting Plaintiff's deposition, allowing Plaintiff to file a motion to compel after receiving and reviewing the limited discovery requests to which he is entitled further responses (RFP, set one, 18 and 19, and RFP, set two), and allowing Plaintiff to make an offer of proof within thirty days regarding his ability to compensate an officer to take and record Defendants' depositions by written questions; and

3.     The deadline for filing pretrial dispositive motions is April 2, 2015.

IT IS SO ORDERED.

Dated:   **November 25, 2014**                              **/s/ Sheila K. Oberto**
                                                                  UNITED STATES MAGISTRATE JUDGE