# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FLOYD SCOTT, | Case No. 1:09-cv-01329-LJO-SKO (PC) |
| Plaintiff, | ORDER REQUIRING PLAINTIFF TO PAY REASONABLE EXPENSES INCURRED IN THE AMOUNT OF $467.50 AND STAYING ORDER IN LIGHT OF PLAINTIFF'S INDIGENCY |
| v. | |
| J. PALMER, et al., | |
| Defendants. | (Docs. 174, 179, and 182) |

Plaintiff Floyd Scott ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on July 29, 2009. This action for damages is proceeding against Defendants Palmer, Rivera, and Lopez ("Defendants") on Plaintiff's claim that while he was at Kern Valley State Prison in Delano, California, Defendant Palmer used excessive physical force against him and Defendants Rivera and Lopez failed to intervene, in violation of his rights under the Eighth Amendment of the United States Constitution.

On November 26, 2014, the Court granted Defendants' motion to compel Plaintiff's deposition and directed Defendants to file a statement of reasonable expenses incurred. Fed. R. Civ. P. 37(a)(5)(A). Defendants filed their statement of expenses on December 12, 2014, and Plaintiff filed a response and objections on December 24, 2014. *Id.*

If a motion to compel is granted, "the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the

motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A).  However, "the court must not order this payment if . . . the opposing party's nondisclosure, response, or objection was substantially justified . . . or other circumstances make an award of expenses unjust." *Id.*

The Court has reviewed the expenses sought by Defendants and it finds that 2.75 hours of time at a rate of $170.00, resulting in attorney's fees of $467.50, is reasonable.  Furthermore, it finds that Plaintiff's failure to cooperate at his deposition was not substantially justified and there are no other circumstances which make an award of expenses unjust.  *Id.*  Plaintiff's argument that while he may have misunderstood the date of service by mail, he did inform Defendants' counsel that if properly served, he would submit to a deposition is untenable.  Plaintiff was properly served with the deposition notice and he was legally required to submit to his deposition at that time. Plaintiff's misunderstanding regarding date of service, addressed in detail in the Court's order of November 26, 2014, provides no shelter from the consequences of his conduct, and a review of the transcript in question does not support the existence of circumstances weighing against an award of expenses.[1]  *Id.*

Regarding Plaintiff's additional argument that he successfully defeated Defendants' motion for summary judgment and vexatious litigant motion, among other motions, yet he is now unfairly required to pay their reasonable expenses after they succeed on one mere motion, Plaintiff mischaracterizes the legal basis upon which the Court's order was based.  When a motion to compel is granted, courts *must* (are required to) order the payment of reasonable expenses incurred unless they find the conduct of the party necessitating the motion to be substantially justified or other circumstances make the award unjust.  Fed. R. Civ. P. 37(a)(5)(A).  In contrast, when a motion to compel is granted in part and denied in part, the Court *may* (is permitted but not required to) apportion the reasonable expenses incurred.  Fed. R. Civ. P. 37(a)(5)(C).

In this case, Plaintiff may not recover any attorney's fees because he has incurred none. Fed. R. Civ. P. 37(a)(5); s*ee Kay v. Ehrler*, 499 U.S. 432, 435, 1423 S.Ct. 1435 (1991) (even pro se litigants who are attorneys are not entitled to recover attorney's fees); *Elwood v. Drescher*, 456 F.3d 943, 946-48 (9th Cir. 2006); *Gonzales v. Kangas*, 814 F.2d 1411, 1412 (9th Cir. 1987).

---

[1] Doc. 133-3, Motion to Compel, Ex. A, Depo. Tx.

2

1  Further, Plaintiff's argument that he should be allowed to bill for his time at the same rate as
2  Defendants' counsel has no merit, and his argument regarding the time he spent opposing
3  Defendants' motion for summary judgment and vexatious litigant motion is irrelevant to a Rule 37
4  fees analysis, which provides for the award of reasonable expenses incurred in bringing and/or
5  opposing *motions to compel*.

6        Here, it does not appear that an apportionment of expenses would be of any benefit to
7  Plaintiff given that apportionment will necessarily take into account the expenses actually incurred
8  by both sides, an inquiry which in turn will necessarily include consideration of Defendants'
9  attorney's fees.  Thus, what Plaintiff misperceives as bias in favor of Defendants was instead the
10 Court's reasoned determination that justice would be better served by refraining from engaging, *on*
11 *its own initiative*, an apportionment of expenses between the two sides on Plaintiff's only partially
12 successful motion to compel.  However, if Plaintiff wants to file a motion requesting reasonable
13 expenses incurred in bringing his partially successful motion to compel, he may file a separately
14 noticed motion seeking the reimbursement of reasonable expenses incurred in bringing the motion
15 and the Court will apportion expenses based on (1) the expenses *actually incurred* by both sides
16 and (2) the percentage to which each side is entitled in light of the relevant motion to compel
17 ruling.  Fed. R. Civ. P. 37(a)(5)(C).

18       According, Plaintiff is required to pay Defendants $467.50.  Fed. R. Civ. P. 37(a)(5)(A).
19 However, the Ninth Circuit has held that it is an abuse of discretion to order a sanction which
20 cannot be performed, and in response to Defendants' statement of expenses incurred, Plaintiff
21 attested under penalty of perjury that he is indigent and he provided a copy of his trust account,
22 which indicates he has no funds in his account.  *Thomas v. Gerber Prod.*, 703 F.2d 353, 357 (9th
23 Cir. 1983).  (Doc. 182, Resp. & Obj., p. 6.)  Therefore, the Court HEREBY ORDERS as follows:
24       1.    Reasonable expenses in the amount of $467.50 are assessed against Plaintiff;
25       2.    The order assessing reasonable expenses in the amount of $467.50 is stayed; and
26 ///
27 ///
28 ///

3. At any time prior to the closure of this action, Defendants may move to lift the stay and enforce the sanction upon a showing that Plaintiff has the ability to pay $467.50.

IT IS SO ORDERED.

Dated:   **January 6, 2015**                             **/s/ Sheila K. Oberto**
                                                         UNITED STATES MAGISTRATE JUDGE