# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FLOYD SCOTT, | Case No. 1:09-cv-01329-SKO (PC) |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION FOR SANCTIONS ARISING FROM CANCELLED DEPOSITION |
| v. | |
| J. PALMER, et al., | (Doc. 193) |
| Defendants. | |

## I. Procedural History

Plaintiff Floyd Scott ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on July 29, 2009. This action for damages is proceeding against Defendants Palmer, Rivera, and Lopez ("Defendants") on Plaintiff's claim that while he was at Kern Valley State Prison in Delano, California, Defendant Palmer used excessive physical force against him and Defendants Rivera and Lopez failed to intervene, in violation of his rights under the Eighth Amendment of the United States Constitution.

On January 12, 2015, Plaintiff filed a motion seeking sanctions against Defendants arising from an unsuccessful deposition attempt on January 6, 2015. (Doc. 193.) Defendants filed an opposition on January 28, 2015, and Plaintiff filed a reply on February 9, 2015. (Docs. 196, 201.) The motion has been submitted upon the record without oral argument pursuant to Local Rule 230(*l*).

On November 26, 2014, the Court granted Defendants' motion to compel Plaintiff's deposition, and Defendants subsequently noticed Plaintiff's deposition by videoconference for January 6, 2015, at 9:00 a.m. at Plaintiff's present institution. Plaintiff arrived for his deposition at 8:30 a.m., but it was cancelled at approximately 10:00 a.m. after a stenographer failed to appear and Defendants' counsel determined that his office inadvertently neglected to book a stenographer. Plaintiff seeks sanctions in the amount of $900.00, which represents six hours of his time at $150.00 per hour. Plaintiff also requests that any future request to depose him be denied, with prejudice.[1]

## II.  Discussion

### A.  Rule 37 Sanctions

Plaintiff is not entitled to sanctions under the law as a result of the cancelled deposition. As an initial matter, Plaintiff did not incur any actual attorney's fees and as a layman, he is not permitted to recoup attorney's fees for his own time. *See Kay v. Ehrler*, 499 U.S. 432, 435, 1423 S.Ct. 1435 (1991) (even pro se litigants who are attorneys are not entitled to recover attorney's fees); *Elwood v. Drescher*, 456 F.3d 943, 946-48 (9th Cir. 2006); *Gonzales v. Kangas*, 814 F.2d 1411, 1412 (9th Cir. 1987). Lack of entitlement to attorney's fees notwithstanding, Plaintiff's argument that he is entitled to reasonable expenses because Defendants violated a discovery order has no merit. Plaintiff failed to cooperate at his first deposition and Defendants' subsequent motion to compel his deposition was granted. (Doc. 174.) Defendants' inability to go through with the deposition scheduled for January 6, 2015, due to the lack of a stenographer does not constitute noncompliance with a discovery order, and Rule 37 provides no basis for Plaintiff to seek sanctions under these circumstances. Fed. R. Civ. P. 37(b).

### B.  Sanctions Under Court's Inherent Authority

Next, the events described do not support an award of sanctions under the Court's inherent authority. Defense counsel thought his assistant booked a stenographer, as directed, but when a stenographer failed to appear, counsel determined that one had never been booked. (Doc. 196,

---

[1] Defendants do not intend to re-notice Plaintiff's deposition, so that request is moot. (Doc. 196-1, Delgado Dec., ¶11.)

Opp., Delgado Dec., ¶¶4-6.)  Federal courts have the Court's inherent authority to sanction abusive litigation conduct. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43-45, 111 S.Ct. 2123 (1991). However, because of their very potency, inherent powers must be exercised with restraint and discretion, *Chambers*, 501 U.S. at 44 (quotation marks omitted), and sanctions must be supported by a specific finding of bad faith, or conduct tantamount to bad faith, *Fink v. Gomez*, 239 F.3d 989, 993-94 (9th Cir. 2001); *accord Miller v. City of Los Angeles*, 661 F.3d 1024, 1026 (9th Cir. 2011); *Gomez v. Vernon*, 255 F.3d 1118, 1134 (9th Cir. 2001).  Neither mere negligence nor mere recklessness supports the imposition of sanctions under the Court's inherent authority.  *In re Lehtinen*, 564 F.3d 1052, 1058 (9th Cir. 2009); *Zambrano v. City of Tustin*, 885 F.2d 1473, 1478-80 (9th Cir. 1989).  As such, the circumstances of Plaintiff's cancelled deposition provide no basis for sanctions and Plaintiff's motion is denied.

## III. Order

Based on the foregoing, Plaintiff's motion for sanctions arising out of his cancelled deposition, filed on January 12, 2015, is HEREBY DENIED.

IT IS SO ORDERED.

Dated:   **April 13, 2015**                    **/s/ Sheila K. Oberto**
                                                                UNITED STATES MAGISTRATE JUDGE