# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FLOYD SCOTT,<br><br>         Plaintiff,<br><br>    v.<br><br>J. PALMER, et al.,<br><br>         Defendants.<br>_____/ | Case No. 1:09-cv-01329-SKO (PC)<br><br>ORDER (1) GRANTING PLAINTIFF'S MOTION TO COMPEL RESPONSE TO RFP 9, (2) DENYING PLAINTIFF'S MOTION TO COMPEL RESPONSES TO RFP 3, 5-8, 10, 11, 13, AND 14, (3) DENYING PLAINTIFF'S MOTION FOR SANCTIONS, AND (4) DENYING PLAINTIFF'S MOTION FOR REASONABLE EXPENSES INCURRED, WITHOUT PREJUDICE TO RENEWAL WITHIN THIRTY DAYS<br><br>(Doc. 194) |

**I.   Procedural History**

Plaintiff Floyd Scott ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on July 29, 2009.  This action for damages is proceeding against Defendants Palmer, Rivera, and Lopez ("Defendants") on Plaintiff's claim that while he was at Kern Valley State Prison ("KVSP") in Delano, California, Defendant Palmer used excessive physical force against him and Defendants Rivera and Lopez failed to intervene, in violation of his rights under the Eighth Amendment of the United States Constitution.

On November 26, 2014, the Court issued an order directing Defendants to serve an initial response to Plaintiff's request for the production of documents ("RFP"), set two.  (Doc. 173.)

Defendants served their response on December 30, 2014, and on January 12, 2015, Plaintiff filed a motion to compel supplemental responses to RFP, set two, numbers 3, 4, 5, 6, 7, 8, 9, 10, 11, 13, and 14.  (Doc. 194.)  Defendants filed an opposition on January 28, 2015, and Plaintiff filed a reply on February 9, 2015.  (Docs. 197, 200.)   The motion has been submitted upon the record without oral argument pursuant to Local Rule 230(*l*).

**II.	Discussion**

        **A.	Plaintiff's Motion to Compel, RFP, Set Two, Numbers 3-11, 13, and 14**

              **1.	Legal Standard**

Plaintiff is proceeding pro se and he is a state prisoner challenging the constitutionality of the level of force used against him on April 10, 2006, at KVSP.  As a result of Plaintiff's incarceration, the parties were relieved of some of the requirements which would otherwise apply, including initial disclosure and the need to meet and confer in good faith prior to involving the Court in a discovery dispute.  Fed. R. Civ. P. 26(a)(1); Fed. R. Civ. P. 26(c); Fed. R. Civ. P. 37(a)(1); Local Rules 240, 251; Doc. 35, Discovery and Scheduling Order, ¶5.  Further, where otherwise discoverable information would pose a threat to the safety and security of the prison or infringe upon a protected privacy interest, a need may arise for the Court to balance interests in determining whether disclosure should occur.  *See* Fed. R. Civ. P. 26(c); *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 35 n.21, 104 S.Ct. 2199 (1984) (privacy rights or interests implicit in broad purpose and language of Rule 26(c)); *Burlington N. & Santa Fe Ry. Co. v. United States Dist. Court for the Dist. of Montana*, 408 F.3d 1142, 1149 (9th Cir. 2005) (discussing assertion of privilege); *Soto v. City of Concord*, 162 F.R.D. 603, 616 (N.D. Cal. 1995) (recognizing a constitutionally-based right of privacy that can be raised in discovery); *see also Garcia v. Clark*, No. 1:10-CV-00447-LJO-DLB PC, 2012 WL 1232315, at *6 n.5 (E.D. Cal. Apr. 12, 2012) (noting inmate's entitlement to inspect discoverable information may be accommodated in ways which mitigate institutional safety concerns); *Robinson v. Adams*, No. 1:08-cv-01380-AWI-BAM PC, 2012 WL 912746, at *2-3 (E.D. Cal. Mar. 16, 2012) (issuing protective order regarding documents containing information which implicated the safety and security of the prison); *Orr v. Hernandez*, No. CV-08-0472-JLQ, 2012 WL 761355, at *1-2 (E.D. Cal. Mar. 7, 2012) (addressing

requests for protective order and for redaction of information asserted to risk jeopardizing safety and security of inmates or the institution if released); *Womack v. Virga*, No. CIV S-11-1030 MCE EFB P, 2011 WL 6703958, at *5-6 (E.D. Cal. Dec. 21, 2011) (requiring defendants to submit withheld documents for *in camera* review or move for a protective order).

However, this is a civil action to which the Federal Rules of Civil Procedure apply. The discovery process is subject to the overriding limitation of good faith and callous disregard of discovery responsibilities cannot be condoned. *Asea, Inc. v. Southern Pac. Transp. Co.*, 669 F.2d 1242, 1246 (9th Cir. 1981) (quotation marks and citation omitted). Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense, and for good cause, the Court may order discovery of any matter relevant to the subject matter involved in the action.[1] Fed. R. Civ. P. 26(b)(1) (quotation marks omitted). Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. *Id.* (quotation marks omitted).

Generally, "[t]he party opposing discovery bears the burden of resisting disclosure," *Rogers v. Giurbino*, 288 F.R.D. 469, 479 (S.D. Cal. 2012) (citation omitted), but in cases such as this, the parties were relieved of the meet and confer requirement and the requirement that they file a joint statement regarding their discovery disagreement, Fed. R. Civ. P. 26(c)(1), 37(a)(1); Local Rule 251. As a result, Plaintiff bears an initial procedural burden in moving to compel; the Court is generally disinclined to sift through the parties' discovery requests and responses in an effort to determine what is in dispute and why it is in dispute. Fed. R. Civ. P. 7(b)(1). Plaintiff must identify which discovery requests are at issue and why he is entitled to the relief he seeks (e.g., why the information is relevant and why the objections lack merit). *E.g.*, *Grabek v. Dickinson*, No. CIV S-10-2892 GGH P, 2012 WL 113799, at *1 (E.D. Cal. Jan. 13, 2012); *Womack*, 2011 WL 6703958, at *3; *Mitchell v. Felker*, No. CV 08-119RAJ, 2010 WL 3835765, at *2 (E.D. Cal. Sep. 29, 2010); *Ellis v. Cambra*, No. 1:02-cv-05646-AWI-SMS PC, 2008 WL 860523, at *4 (E.D. Cal. Mar. 27, 2008). However, the Court is vested with broad discretion to

---

[1] "Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401.

3

manage discovery, *Hunt v. County of Orange*, 672 F.3d 606, 616 (9th Cir. 2012); *Surfvivor Media, Inc. v. Survivor Productions*, 406 F.3d 625, 635 (9th Cir. 2005); *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002), and notwithstanding the general procedure, Plaintiff is entitled to leniency as a pro se litigant and to the extent possible, the Court endeavors to resolve his motion to compel on its merits, *e.g.*, *Williams v. Adams*, No. 1:05-cv-00124-AWI-SMS PC, 2009 WL 1220311, at *1 (E.D. Cal. May 4, 2009).

### 2. RFP Standard

A party may serve on any other party a request within the scope of Rule 26(b) to produce and permit the requesting party or its representative to inspect, copy, test, or sample the following items in the responding party's possession, custody or control: any designated documents or tangible things. Fed. R. Civ. P. 34(a)(1) (quotation marks omitted). "Property is deemed within a party's 'possession, custody, or control' if the party has actual possession, custody, or control thereof or the legal right to obtain the property on demand," *Allen v. Woodford*, No. CV-F-05-1104 OWW LJO, 2007 WL 309945, *2 (E.D. Cal. Jan. 30, 2007) (citing *In re Bankers Trust Co.*, 61 F.3d 465, 469 (6th Cir. 1995)); *accord Bovarie v. Schwarzenegger*, No. 08cv1661 LAB (NLS), 2011 WL 719206, at *4 (S.D. Cal. Feb. 22, 2011); *Evans v. Tilton*, No. 1:07CV01814 DLB PC, 2010 WL 1136216, at *1 (E.D. Cal. Mar. 19, 2010), and in responding to discovery requests, a reasonable inquiry must be made, Fed. R. Civ. P. 26(g)(1).

### 3. Rulings on RFP, Set Two, Numbers 3, 4, 5, 6, 7, 8, 9, 10, 11, 13, and 14

**RFP 3:** Program Status Reports for April 10, 2006, concerning inmate movement for black inmates on Facility D at KVSP.

**Ruling:** Plaintiff's motion to compel is denied.

Documents concerning the movement of black inmates do not appear to have much relevance to Plaintiff's excessive force claim, but despite Defendants' objection on the ground of relevancy, they stated they conducted a diligent search and were unable to locate any responsive documents. Plaintiff is required to accept that answer, and his bare assertion that their response is false does not suffice to create a dispute regarding the sufficiency of their search or response. (Doc. 200, Reply, 3:4-5.) As set forth in the order filed on November 26, 2014,

4

> While the Court recognizes that Plaintiff is disinclined to trust the supplemental responses and the representations made by Defendants' counsel during the telephonic discovery conferences, he is in a position no different than any other civil litigant: in the absence of deficiencies such as those addressed in the prior order or of actual evidence of discovery abuse, he is required to accept the responses provided. Mere distrust and suspicion regarding discovery responses do *not* form a legitimate basis to further challenge responses which are facially sufficient, and Plaintiff is entitled neither to continue demanding additional and different evidence in support of discovery responses already provided nor to expand the scope of discovery beyond that sought in the initial discovery request. Fed. R. Civ. P. 11(b), 26(g)(1), 33; *Gorrell*, 292 F.R.D. at 632; *L.H.*, 2007 WL 2781132, at *2.
>
> As Plaintiff was informed by counsel, signed discovery responses are themselves certifications to the best of the person's knowledge, information, and belief formed after a reasonable inquiry, Fed. R. Civ. P. 26(g)(1)(B) (quotation marks omitted), as are any signed filings presented to the Court, Fed. R. Civ. P. 11(b). *See also* Fed. R. Civ. P. 33(c). (Pl. Stat. Rpt., 4:24-26.) Further, as counsel is aware, Defendants are required to supplement their discovery responses should they learn that their responses were incomplete or incorrect, if the incomplete or incorrect information has not otherwise been made known to Plaintiff. Fed. R. Civ. P. 26(e)(1) (quotation marks omitted).

(Doc. 173, Order, 5:21-6:10.)

**RFP 4:** Withdrawn by Plaintiff. (Doc. 194, Motion, 3:9.)

**RFP 5:** KVSP's Daily Movement Sheet relating to types of inmates housed at KVSP on April 10, 2006.

**Ruling:** Plaintiff's motion to compel is denied.

Defendants responded that after conducting a diligent search, they were unable to locate any responsive documents, and Plaintiff is required to accept that response. (Doc. 197, Opp., 4:8-9.)

**RFP 6:** The layout of Facility D-1 at KVSP, including drawings and photos of the cell area, dayroom area, rotunda, control tower, and staff offices.

**Ruling:** Plaintiff's motion to compel is denied.

Neither a request for production nor a motion to compel may be used to cause a responding party to create responsive documents, and Plaintiff is required to accept Defendants' response that they do not have any responsive documents or photographs. If Defendants create any responsive documents or photographs for use at trial, they will be produced to Plaintiff, as Defendants recognize. Fed. R. Civ. P. 26(e)(1)

1    To the extent responsive documents exist but are not within Defendants' possession, custody, or control, a possibility raised by their response, the Court finds that the burden and expense of seeking responsive documents through the issuance of a third-party subpoena duces tecum, coupled with legitimate security concerns arising from an inmate possessing any sort of detailed prison layout, greatly outweigh any potential relevance. Fed. R. Civ. P. 26(b)(1), (2)(C). There is no dispute that an incident involving physical force occurred between Plaintiff and Defendant Palmer on April 10, 2006, and the issue is whether it was necessary in the face of Plaintiff's refusal to comply with repeated orders, as Defendants assert, or whether it was totally unprovoked, as Plaintiff asserts.  Plaintiff seeks documents or photographs so he can show he could not have left his cell or the dayroom area without being let out by Officer Love, and therefore, he presented no actual threat to Officer Love or Defendants. (Doc. 194, Motion, 4:2-14; Doc. 200, Reply, 3:23-25.) Plaintiff may testify as to those facts, he may question other witnesses, he may create his own drawing, and/or he may request that Defendants stipulate to certain facts, such as the need for officers to release inmates from their cells, from the dayroom, etc. Plaintiff's need for documents, diagrams, or photographs as evidence on this point is therefore so minimal that it outweighs neither the burden and expense associated with seeking responsive documents, diagrams, or photographs through a thirty-party subpoena nor the security risk associated with the possession of such physical prison layout details by inmates. Plaintiff's argument that there is no threat because he is no longer at KVSP is unpersuasive; Plaintiff, who is serving a lengthy sentence, may be transferred back to KVSP in the future and once in Plaintiff's possession, the documents, photographs, or diagrams can easily be shared with other inmates. (Doc. 194, Motion, 4:14-23.) Plaintiff's other argument that there is no security threat by the virtue of the fact that KVSP is a level four prison with various layers of security is simply untenable.

**RFP 7:** Information on how much pepper spray a can holds (ounces, pounds, etc.).

**Ruling:** Plaintiff's motion to compel is denied.

Defendants were unable to locate any responsive documents and Plaintiff is required to accept that response. Moreover, Plaintiff may not seek to compel a non-documentary response. Plaintiff sought the information via a request for production of documents and in the absence of

6

any responsive documents, he may not transform the request into either an interrogatory or a request for the production of a tangible thing (pepper spray can) and then seek to compel an answer.

**RFP 8:** Proof that inmates attack officers or inmates every day at KVSP.[2]

**Ruling:** Although Plaintiff listed RFP 8 as in dispute, his argument misidentified it as RFP 7 and Defendants did not address it in their opposition. As drafted, the RFP is overly broad, but Plaintiff is seeking Program Status Reports ("PSRs") and in as much as Plaintiff seeks PSRs for February, March, and April 2006 in RFP 9 and his motion is granted as to those documents, Plaintiff's motion to compel a response to RFP 8 shall be denied as moot.

**RFP 9:** Any lock-down orders for attacks on officers by inmates at KVSP in February, March, and April 2006.[3]

**Ruling:** Plaintiff's motion to compel is granted.

Defendants did not address this RFP in their opposition, but they previously submitted declarations attesting to the frequency of daily and monthly inmate-instigated security incidents at KVSP. (Doc. 194, Motion, Ex. C.) Plaintiff is entitled to discover relevant evidence, including evidence intended for impeachment, and given Defendants' specific testimony regarding the frequency of inmate assaults, evidence of any lock-downs caused by inmate violence or other security issues is relevant and subject to discovery. In addition, Plaintiff reasonably limited his request to a three-month period. Defendants' privacy argument is unpersuasive given that Plaintiff seeks information concerning any incidents which occurred and the names of specific inmates and staff involved may be redacted. Therefore, within thirty days, Defendants shall produce any responsive Program Status Reports, Part A, subject to redaction to protect the identities of any involved staff or inmates.

**RFP 10:** CDCR (California Department of Corrections and Rehabilitation) and KVSP policies relating to attacks on officers by inmates, including lock downs and searches.

---

[2] In his motion to compel, Plaintiff states he is seeking Program Status Reports, known as PSRs. (Doc. 194, Motion, 5:20-21.)

[3] Plaintiff is seeking lock down orders in the form of PSRs. (Doc. 194, Motion, 6:20.)

7

**Ruling:** Plaintiff's motion to compel is denied.

Plaintiff sought policies and he is required to accept Defendants' response that there is no responsive policy to produce. Further, this request seeks documents which are only tangentially relevant, at best. Plaintiff has shown the relevance of evidence regarding inmate attacks in the face of Defendants' statements relating to the frequency of such incidents. However, policies regarding lock downs and searches initiated as a result of inmate attacks are simply not relevant either to Plaintiff's claim, which does not involve lock downs or searches resulting from inmate attacks, or for purposes of controverting Defendants' testimony on the frequency of inmate-initiated attacks.

**RFP 11:** CDCR and KVSP policies relating to the job duties and official title of a Medical Technical Assistant.

**Ruling:** Plaintiff's motion to compel is denied.

Defendants responded that "[t]he Medical Technical Assistant billet was phased out gradually in 2005-2006, and no longer exists as a position within CDCR," and that to the extent Plaintiff is seeking a departmental or institutional job description for the position of Medical Technical Assistant, no responsive documents exist. (Doc. 194, Motion, Ex. A.) Plaintiff is required to accept that answer. Additionally, the Court notes that Plaintiff failed to show the relevance of this information. Plaintiff was seen by a medical staff member on April 10, 2006, and to the extent he seeks to show bias in favor of other staff and against inmates, he may do that through testimony.[4] (Doc. 194, Motion, 9:7-22; Doc. 200. Reply, 27-28.) The relevance of the medical staff member's written job duties to the issue of bias Plaintiff identifies is, again, minimal at best.

**RFP 13:** KVSP's policy relating to the maintenance of inmates' medical chronos in the control tower and staff offices.

**Ruling:** Plaintiff's motion to compel is denied.

Plaintiff is required to accept Defendants' response that they conducted a diligent search and no policy exists. (Doc. 197, Opp., 7:9-12.)

---

[4] Doc. 41-2, Motion for Summary Judgment, court record p. 10.

1 **RFP 14:** The layout of the Facility D Medical Clinic, including the decontamination area.

2 **Ruling:** Plaintiff's motion to compel is denied for the same reason his motion to compel a further response to RFP 6 was denied. Plaintiff is required to accept Defendants' response that they do not have possession, custody, or control over any responsive documents but they will produce any they create for trial. Plaintiff seeks the medical clinic layout to show that there was no direct source of fresh outside air, which allegedly exacerbated the painful effects of the pepper spray. The pain suffered by Plaintiff is relevant. However, Plaintiff's need for a diagram as to this point is minimal, and it is greatly outweighed by the burden and expense of seeking a diagram via a subpoena duces tecum and by the security risks attendant in an inmate's possession of any prison layout diagram.

Assuming Plaintiff is correct regarding the medical clinic layout, the Court strongly encourages the parties to reach a reasonable stipulation as to what appears to be the point Plaintiff desires to make at trial: the medical clinic lacks exterior doors or windows leading directly outdoors.

### B. Sanctions and Reasonable Expenses

Plaintiff requests sanctions against Defendants based on their responses to RFP, set two. However, Defendants served their initial response to RFP, set two, in compliance with the Court's order filed on November 26, 2014, and Plaintiff's mere disagreement with the responses does not provide a basis for sanctions premised on the failure to comply with a discovery order. Fed. R. Civ. P. 37(b).

With respect to reasonable expenses, the Court may apportion expenses if a motion is granted in part and denied in part. Fed. R. Civ. P. 37(a)(5)(C). The Court is disinclined to apportion expenses because doing so imposes a burden on the Court's resources without *any* corresponding benefit either to Plaintiff or to Defendants given Plaintiff's indigency. Plaintiff may only seek reimbursement of the reasonable expenses he actually incurred and he would be entitled only to a minimal apportionment given that his motion was granted as to one RFP. Assuming for the sake of argument that Plaintiff actually incurred some minimal expense for copies or mailing, an amount which would be further reduced due to apportionment, that expense

would be offset against and greatly outweighed by Defendants' corresponding entitlement to more significant reimbursement given that they incurred attorney's fees and Plaintiff's motion was denied in large part.

If Plaintiff is not persuaded by the Court's rationale for declining to apportion expenses, he may renew his motion for an apportionment of expenses within thirty days. Plaintiff must support his request with evidence of the expenses he actually incurred, including a copy of his trust account showing he had funds from which copying and mailing costs were deducted. As Plaintiff has been informed several times in other orders, he is not an attorney and he may not seek attorney's fees or reimbursement for fees based on his estimate of the time he invested in preparing his motion to compel. *See Kay v. Ehrler*, 499 U.S. 432, 435, 1423 S.Ct. 1435 (1991) (even pro se litigants who are attorneys are not entitled to recover attorney's fees); *Elwood v. Drescher*, 456 F.3d 943, 946-48 (9th Cir. 2006); *Gonzales v. Kangas*, 814 F.2d 1411, 1412 (9th Cir. 1987).

## III. Order

Based on the foregoing, the Court HEREBY ORDERS as follows:

1. Plaintiff's motion to compel the Program Status Reports responsive to RFP, set two, number 9, is GRANTED, subject to redaction to protect inmate and staff identities, and the documents shall be produced within **thirty (30) days** from the date of service of this order;

2. Plaintiff's motion to compel as to RFP, set two, numbers 3, 5, 6, 7, 8, 10, 11, 13, and 14 is DENIED;[5]

3. Plaintiff's motion for sanctions is DENIED;

4. Plaintiff's motion for an apportionment of reasonable expenses is DENIED, without prejudice to renewal within **thirty (30) days**; and

///

///

///

---

[5] RFP 4 was withdrawn by Plaintiff.

5. If Plaintiff files a renewed motion, Defendants may respond within **twenty-one (21) days**, to include their statement of reasonable expenses incurred, and Plaintiff may file a reply within **fifteen (15) days**.

IT IS SO ORDERED.

Dated:   **April 13, 2015**                              /s/ Sheila K. Oberto
                                                         UNITED STATES MAGISTRATE JUDGE