# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FLOYD SCOTT, | Case No. 1:09-cv-01329-SKO (PC) |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION FOR EXPENSES INCURRED |
| v. | (Doc. 195) |
| J. PALMER, et al., | |
| Defendants. | |

Plaintiff Floyd Scott ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on July 29, 2009. This action for damages is proceeding against Defendants Palmer, Rivera, and Lopez ("Defendants") on Plaintiff's claim that while he was at Kern Valley State Prison in Delano, California, Defendant Palmer used excessive physical force against him and Defendants Rivera and Lopez failed to intervene, in violation of his rights under the Eighth Amendment of the United States Constitution.

On January 20, 2015, Plaintiff filed a motion seeking reasonable expenses incurred in bringing his motions to compel, which were addressed by the Court in orders filed on November 26, 2014. (Doc. 195.) Defendants filed an opposition on February 2, 2015, and Plaintiff filed a reply on February 12, 2015. (Docs. 198, 202.) The motion has been submitted upon the record without oral argument pursuant to Local Rule 230(*l*).

Plaintiff seeks $600.00, which represents four hours of his time invested in preparing the motions to compel, at $150.00 per hour. However, a prevailing litigant is only entitled to seek

reimbursement of expenses actually incurred. Fed. R. Civ. P. 37(a)(5). Plaintiff has submitted no evidence that he incurred any actual expenses. Plaintiff did not incur any attorney's fees because he is not represented by counsel and as a layman, he is not permitted to recoup attorney's fees for his own time. *See Kay v. Ehrler*, 499 U.S. 432, 435, 1423 S.Ct. 1435 (1991) (even pro se litigants who are attorneys are not entitled to recover attorney's fees); *Elwood v. Drescher*, 456 F.3d 943, 946-48 (9th Cir. 2006); *Gonzales v. Kangas*, 814 F.2d 1411, 1412 (9th Cir. 1987).

Accordingly, Plaintiff's motion seeking reasonable expenses incurred is HEREBY ORDERED DENIED given his failure to submit any evidence he actually incurred expenses.[1]

IT IS SO ORDERED.

Dated:    **April 13, 2015**                             /s/ Sheila K. Oberto
                                                  UNITED STATES MAGISTRATE JUDGE

---

[1] Based on Plaintiff's failure to demonstrate he incurred any expenses, the Court does not reach the issue of whether Plaintiff would be entitled to expenses under the orders and if so, whether an award would be unjust. Fed. R. Civ. P. 37(a)(5).

2