# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FLOYD SCOTT,<br><br>    Plaintiff,<br><br>  v.<br><br>J. PALMER, et al.,<br><br>    Defendants.<br>_____/ | Case No. 1:09-cv-01329-SKO (PC)<br><br>ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION REGARDING COPIES OF ADDITIONAL RULES<br><br>(Doc. 214) |

    Plaintiff Floyd Scott, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on July 29, 2009. This case is set for jury trial on October 6, 2015.

    On May 19, 2015, the Court issued a scheduling order in which the Clerk's Office was directed to send Plaintiff a copy of Local Rule 281, entitled "Pretrial Statements," to assist him in preparing his pretrial statement. Plaintiff now seeks copies of Local Rules 138(e), 270, and 293, and Federal Rules of Civil Procedure 16(c) and 26(a)(3).

    The Court does not send litigants free hard copies of rules, and any deviation from that standard practice represents an exception which must be justified.[1] One exception the Court routinely makes for incarcerated litigants proceeding pro se in civil rights cases is the provision of Local Rule 281, which addresses the form and contents of pretrial statements. Plaintiff was

---

[1] Copies of the Local Rules and the Federal Rules of Civil Procedure are available for free online. Although Plaintiff's incarceration prevents him from accessing the rules on the internet, prison officials may, in their discretion, access the rules for free via the Court's website.

provided with a courtesy copy of Local Rule 281 in accordance with the Court's general practice, and the additional rules Plaintiff now seeks are cited within the text of Local Rule 281.

The Court has reviewed Plaintiff's request and the only rule cited which merits further clarification is Local Rule 138(e), which provides in full: "**Trial Exhibits.** Exhibits offered or admitted at trial will not be scanned or received electronically unless ordered by the Court."

Local Rule 270 addresses court settlement conferences. Local Rule 281(b)(16) requires only that Plaintiff state whether settlement negotiations and/or a court settlement conference would be helpful. The text of Local Rule 270 is entirely irrelevant to Plaintiff's ability to comply with Local Rule 281(b)(16) and providing Plaintiff with a free copy is not justified.

Local Rule 293 addresses attorneys' fees. Because Plaintiff is not represented by counsel, the statement required by Local Rule 281(b)(20) is inapplicable to him and the text of Local Rule 293 is irrelevant.

Rule 16(c) is entitled "Attendance and Matters for Consideration at a Pretrial Conference." Fed. R. Civ. P. 16(c). In cases such as this, the Court does not hold a pretrial conference and Local Rule 281 identifies all the information the Court requires from litigants prior to issuance of the pretrial order, and the matters identified in Rule 16(c) either are inapplicable to this case or will be addressed in the pretrial order.[2] *See* Local Rule 240 (mandatory scheduling order requirement does not apply to prisoner actions). However, if there are any miscellaneous issues Plaintiff wishes to raise, he may do so in his pretrial statement. Once the pretrial order is issued, the parties will have an opportunity to file objections. In addition, the pretrial order will set forth deadlines for submitting exhibits, jury instructions, and other pretrial documents, and it will instruct the parties regarding motions in limine. The Court finds no justification for providing a free copy of Rule 16(c), as Plaintiff's ability to prepare his pretrial statement is not dependent upon the text of the rule and many of the matters identified therein are inapplicable, leading to unnecessary confusion and potential inclusion of irrelevant matters.

---

[2] In cases such as this, the pretrial conference is handled on the papers (the parties' pretrial statements) and the Court holds a telephonic trial confirmation hearing, at which the parties may be heard regarding any issues impacting trial or the pretrial proceedings.

Finally, Rule 26(a)(3) is entitled "Pretrial Disclosures." Local Rule 281(d) provides that the disclosures made by virtue of the contents of the parties' pretrial statements satisfy the requirements of Rule 26(a)(3). The text of Rule 26(a)(3) is unnecessary to the preparation of Plaintiff's pretrial statement and providing Plaintiff with a free copy is not justified.

Accordingly, by this order, Plaintiff's motion for copies of additional rules has been addressed. Plaintiff's motion is GRANTED as to Local Rule 138(e) in that this order includes the text of the rule in full. Plaintiff's motion is DENIED as to the other rules requested, for the reasons set forth herein.

IT IS SO ORDERED.

Dated:   **June 24, 2015**                         **/s/ Sheila K. Oberto**
                                                  UNITED STATES MAGISTRATE JUDGE