# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FLOYD SCOTT, | Case No. 1:09-cv-01329-SKO (PC) |
| Plaintiff, | ORDER GRANTING IN PART AND DENYING IN PART PARTIES' MOTIONS IN LIMINE |
| v. | |
| J. PALMER, M. H. LOPEZ, and R. S. RIVERA, | (Docs. 222 and 227) |
| Defendants. | |

## I. Background

Jury trial is scheduled for October 6, 2015, on Plaintiff's claim that Defendants Palmer, Rivera, and Lopez violated his rights under the Eighth Amendment of the United States Constitution through the use of excessive physical force on April 10, 2006. Pursuant to the pretrial order, Plaintiff filed motions in limine on August 19, 2015, Defendants filed motions in limine on August 28, 2015, and the parties filed their respective oppositions. (Docs. 222, 227, 232, 237.)

## II. Discussion

### A. Motions in Limine

A motion in limine is a procedural mechanism to limit in advance testimony or evidence in a particular area. *United States v. Heller*, 551 F.3d 1108, 1111 (9th Cir. 2009) (quotation marks omitted). In the case of a jury trial, the Court's ruling gives Plaintiff and Defendants' counsel

advance notice of the scope of certain evidence so that admissibility is settled before attempted use of the evidence before the jury. *Id.* at 1111-12 (quotation marks omitted).

### B. Plaintiff's Motions in Limine

#### 1. Testimony by L. Baker, Licensed Vocational Nurse

Plaintiff objects to any testimony by L. Baker, Licensed Vocational Nurse, on the ground that she did not personally examine him on April 10, 2006, although she may have signed off on the report as a supervisor. Plaintiff argues that any testimony by Baker regarding her examination of him would be perjury.

It does not appear that Defendants intend to question Baker about examining Plaintiff on April 10, 2006, but regardless, there are no grounds to preclude Baker from testifying. Assessing witness credibility and weighing the evidence are functions of the jury, and to the extent there are disputed issues of fact between the parties regarding what Baker saw or did on April 10, 2006, it is for jury to determine whom to believe or how much weight to give the testimony. Plaintiff will be able to testify at trial regarding who examined him and he will be able to cross-examine Baker on that and other issues. Accordingly, Plaintiff's motion to limit or exclude Baker's testimony is denied. Plaintiff may object at trial as provided for under the Federal Rules of Evidence.

#### 2. Plaintiff's Abstract of Judgment

Although Plaintiff is willing to stipulate to the fact that he is a convicted felon, he objects to any use of his abstract of judgment because he was not convicted of any crimes of dishonesty, and the details of the crimes for which he is incarcerated have no probative value and are highly prejudicial.

Defendants respond that they do not intend to elicit testimony regarding the details of Plaintiff's crimes of conviction but they intend to ask about the fact that Plaintiff is a convicted felon and the length of his sentence.

Under the Federal Rules of Evidence, Defendants are entitled to impeach Plaintiff with his 2008 criminal conviction, Fed. R. Evid. 609(a)(1)(A), unless the probative value of fact of his conviction and the length of his sentence are substantially outweighed by a danger of unfair prejudice, Fed. R. Evid. 403. Although Plaintiff argues that his conviction has no probative value,

a felony conviction is relevant to a witness's credibility and the Federal Rules of Evidence specifically provide for its use. Fed. R. Evid. 609(a)(1)(A). Moreover, the length of Plaintiff's sentence also has some bearing on his credibility. Defendants represent that they do not intend to inquire into the details of the crimes underlying Plaintiff's conviction and indeed, the unfair prejudice of those facts substantially outweighs any probative value. Fed. R. Evid. 403. Also prejudicial is the Plaintiff's one-hundred twenty-eight year sentence. Given that the probative value of the precise length of his sentence is low, the Court finds that the probative value is substantially outweighed by unfair prejudice and Defendants' inquiry shall be limited to establishing that Plaintiff is serving a lengthy prison sentence.

Accordingly, Plaintiff's motion to exclude the details of the crimes for which he was convicted is granted but Defendants are permitted to adduce the fact of his felony conviction and the fact that he is serving a lengthy prison sentence. Fed. R. Civ. P. 403, 609(a)(1)(A).

### 3.   **Dismissed Claim Against Officer Love**

Finally, while not presented as a request to limit or exclude evidence, Plaintiff challenges any effort by Defendants to limit his ability to address his claim against Officer Love, which was previously dismissed from this action for failure to state a claim. Officer Love is on Defendants' witness list, and Plaintiff argues that those details are relevant because Officer Love's actions set into motion the events at issue in this action.

Defendants do not object to Plaintiff questioning Officer Love about the events on the day in question, subject to relevancy.

To the extent Plaintiff will seek to specifically question Officer Love about the facts that he was sued in this case and/or that the claim against him was dismissed, those narrow issues are not relevant and should not be raised. Fed. R. Evid. 401. However, Plaintiff is entitled to question Officer Love regarding what he saw, heard, said, did, etc. on the day in question, so long as the facts he seeks to elicit are relevant to the remaining claims in this case. *Id.*

///

///

///

### C. Defendants' Motions in Limine

#### 1. Other Lawsuits Against Defendants or Other Prison Officials, Personnel Matters, Job Performance Complaints, Disciplinary Action, and Code of Silence or Green Wall

Defendants move to exclude evidence related to other lawsuits against them or other prison officials, personnel matters, job performance complaints, disciplinary action, and the code of silence or the "Green Wall."

Plaintiff opposes their motion on the grounds of impeachment evidence and that they may open the door to relevancy through their testimony. Plaintiff also argues that Defendants got together to coordinate their stories and they cannot hide behind a code of silence.

The Court declines to issue an order broadly precluding categories of evidence in the absence of the context in which it is offered at trial. Evidence that may not be relevant to direct proof of Plaintiff's legal claims may nonetheless be admissible for other purposes, including for impeachment or to demonstrate "motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2), 607, 608, 609. Defendants may object at trial, at which time the Court will be able to evaluate whether the evidence is relevant. However, the parties must comply with the rules of evidence. As such, evidence must be relevant to be admissible. Fed. R. Evid. 401. Moreover, "[e]vidence of a person's character or character trait is not admissible to prove that on a particular occasion the person acted in accordance with that character or trait," Fed. R. Evid. 404(a)(1), and "[e]vidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion, the person acted in accordance with the character," Fed. R. Evid. 404(b)(1).

#### 2. Settlement Discussions

Defendant move to exclude any evidence and/or mention of any settlement offers or negotiations. Although Plaintiff disputes the extent of any settlement negotiations, Defendants are entitled to an order precluding any evidence or mention of settlement-related issues. Fed. R. Evid. 408.

///

### III. Order

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's motions in limine, filed on August 19, 2015, are GRANTED in part and DENIED in part as follows:

   a. Plaintiff's motion to limit or exclude L. Baker's testimony is DENIED;

   b. Plaintiff's motion to exclude the details of the crimes for which he was convicted and the specific length of his sentence is GRANTED but Defendants are permitted to elicit evidence of the fact of his felony conviction and the fact that he is serving a lengthy prison sentence; and

   c. Plaintiff may question Officer Love about the events that occurred on April 10, 2006, but the facts of his dismissed claim against Love and the dismissal of that claim are irrelevant; and

2. Defendants' motions in limine, filed on August 28, 2015, are GRANTED in part and DENIED in part as follows:

   a. Defendants' motion to exclude evidence related to other lawsuits against them or other prison officials, personnel matters, job performance complaints, disciplinary action, and the code of silence or the "Green Wall" is DENIED, without prejudice to renewal at trial; and

   b. Defendants' motion to exclude any evidence and/or mention of any settlement offers or negotiations is GRANTED.

IT IS SO ORDERED.

Dated:   **September 30, 2015**               /s/ Sheila K. Oberto
                                        UNITED STATES MAGISTRATE JUDGE