# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FLOYD SCOTT,<br><br>    Plaintiff,<br><br>  v.<br><br>J. PALMER, M. H. LOPEZ, and<br>R. S. RIVERA,<br><br>    Defendants.<br>_____/ | Case No. 1:09-cv-01329-SKO (PC)<br><br>Appeal No. 15-17113<br><br>ORDER DENYING MOTION FOR TRIAL TRANSCRIPT AT GOVERNMENT EXPENSE<br><br>(Doc. 263) |

On July 29, 2009, Plaintiff Floyd Scott ("Plaintiff"), a state prisoner proceeding pro se, filed suit pursuant to 42 U.S.C. § 1983. On October 6, 2015, jury trial commenced on Plaintiff's Eighth Amendment excessive force claims against Defendants Palmer, Lopez, and Rivera. The jury returned a verdict in favor of Defendants on October 8, 2015, and on October 22, 2015, Plaintiff filed a motion seeking the trial transcript.

Plaintiff was not proceeding in forma pauperis in this action and the provisions for transcripts at government expense require in forma pauperis status. Assuming this is a deficiency that is curable given Plaintiff's incarceration, his request is still subject to denial. (Docs. 26, 267.)

A litigant who has been granted in forma pauperis status may move to have transcripts produced at government expense. Two statutes must be considered whenever the district court receives a request to prepare transcripts at the government's expense. First, 28 U.S.C. § 1915(c)

defines the limited circumstances under which the Court can direct payment the government to pay for transcripts for a litigant proceeding in forma pauperis.

> (c) Upon the filing of an affidavit in accordance with subsections (a) and (b) and the prepayment of any partial filing fee as may be required under subsection (b), the court may direct payment by the United States of the expenses of (1) printing the record on appeal in any civil or criminal case, if such printing is required by the appellate court; (2) preparing a transcript of proceedings before a United States magistrate judge in any civil or criminal case, if such transcript is required by the district court, in the case of proceedings conducted under section 636(b) of this title or under section 3401(b) of title 18, United States Code; and (3) printing the record on appeal if such printing is required by the appellate court, in the case of proceedings conducted pursuant to section 636(c) of this title. Such expenses shall be paid when authorized by the Director of the Administrative Office of the United States Courts.

28 U.S.C. § 1915(c).

Second, 28 U.S.C. § 753(f) allows the Court to order the government to pay for transcripts only if "the trial judge or a circuit judge certifies that the suit or appeal is not frivolous and that the transcript is needed to decide the issue presented by the suit or appeal." A request for a transcript at government expense should not be granted unless "the appeal presents a substantial issue." *Henderson v. United States*, 734 F.2d 483, 484 (9th Cir. 1984).

The Court does not find that Plaintiff's appeal presents any substantial issues. Accordingly, Plaintiff's motion for the trial transcript at government expense is HEREBY DENIED, and the Clerk's Office shall serve a copy of this order on the United States Court of Appeals for the Ninth Circuit.

IT IS SO ORDERED.

Dated:   **November 9, 2015**                           **/s/ Sheila K. Oberto**
                                                        UNITED STATES MAGISTRATE JUDGE