UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FLOYD SCOTT,<br><br>              Plaintiff,<br><br>    v.<br><br>J. PALMER, et al.,<br><br>              Defendants. | Case No.: 1:09-cv-01329-SKO<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR RELEASE FROM FILING FEE**<br><br>(Doc. 289) |

Plaintiff Floyd Scott is appearing pro se in this now closed civil rights action.

**I.     BACKGROUND**

Plaintiff filed his original complaint on July 29, 2009. (Doc. 1.) Following screening and service, Defendants filed an answer to the operative complaint on June 27, 2011. (Doc. 34.) On February 7, 2012, the undersigned issued Findings and Recommendations to grant in part and deny in part Defendants' motion for summary judgment. (Doc. 69.) Then assigned District Judge Lawrence J. O'Neill issued his Order Adopting Findings and Recommendations in Full on March 19, 2012. (Doc. 71.)

Following unsuccessful settlement proceedings, the Court issued an amended scheduling order on April 24, 2012. (Doc. 80.) The matter was set for trial before the undersigned on October 6, 2015.[1] (Doc. 211.)

---

[1] The parties consented to magistrate judge jurisdiction and the matter was reassigned on January 7, 2015.

Jury trial commenced on October 6, 2015, and concluded on October 8, 2015, with the jury returning a verdict for the defense. (Docs. 248, 250, 253.) Judgment was entered on October 9, 2015. (Doc. 261.)

On October 22, 2015, Plaintiff filed a notice of appeal. (Doc. 264.) On November 16, 2015, this Court issued its Order Granting Plaintiff's Motion for Leave to Proceed In Forma Pauperis on Appeal. (Doc. 273.) In case number 15-17113, the Ninth Circuit Court of Appeals issued its order affirming the jury's verdict on April 24, 2018. (Doc. 284.) On December 7, 2017, the appeals court denied Plaintiff's petition for rehearing (Doc. 287) and its mandate issued December 15, 2017 (Doc. 288).

On January 14, 2025, Plaintiff filed a document titled "Petitioner's Motion for Release From Filing Fees." (Doc. 289.)

**II.   DISCUSSION**

*Plaintiff's Motion*

Plaintiff contends the Court should release him from his obligation to pay the filing fee for the following reasons: (1) he is indigent and does not have the funds; (2) it costs the State of California and this Court "more funds" to collect the fees because in nine years just "$25.45" has been collected; (3) "at this rate," it will take Plaintiff "another ten years" to pay; and (4) Plaintiff is often left with $10.00 or less to spend on "toothpaste, soap, deodorant much needed items to stay clean" following collection of the fees. Plaintiff asks the Court to "grant the leave from remaining fees and inform the California Department of Corrections and Rehabilitation that the PLRA fees are no longer collectable."

*Analysis*

The Prison Litigation Reform Act (PLRA) provides as follows:

> (a)(1) Subject to subsection (b), any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security

---

(Doc. 192.)

>therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.
>
>(2) A prisoner seeking to bring a civil action or appeal a judgment in a civil action or proceeding without prepayment of fees or security therefor, in addition to filing the affidavit filed under paragraph (1), shall submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined.

28 U.S.C. § 1915(a)(1) & (2), italics added. It further provides that "if a prisoner brings a civil action …, the prisoner shall be required to pay the full amount of the filing fee. The court shall assess and, when funds exist, collect, as a partial payment of any court fees required by law, an initial partial filing fee of 20 percent …." 28 U.S.C. § 1915(b)(1).

When Plaintiff filed his notice of appeal following the jury trial and verdict for Defendants, Plaintiff's application to proceed IFP on appeal had been granted and the Court had considered his indigency. Plaintiff proceeded without prepayment of the filing fee for an appeal and remains obligated to pay that fee until the $505.00 is collected in full. *Robbins v. Switzer*, 104 F.3d 895, 898 (7th Cir. 1997) ("Unsuccessful litigants are liable for fees and costs and must pay when they are able"); *see also, e.g.*, *In re Smith*, 114 F.3d 1247, 1251 (D.C. Cir. 1997) (IFP status merely "defers, but does not permanently excuse, the payment of filing fees"); *Lucien v. DeTella*, 141 F.3d 773, 775 (7th Cir. 1998) ("All § 1915 has ever done is excuse pre-payment of the docket fees; a litigant remains liable for them, and for other costs, although poverty may make collection impossible" [internal quotation marks & citations omitted]).

Additionally, this Court is not empowered to release Plaintiff from his obligation. *Wortham v. United States Parole Commission*, No. 13-1385 (KBJ), 2014 WL 1710518, at *1 (D.D.C.) (May 1, 2014) ("Through the PLRA, Congress has mandated that a prisoner who brings a civil action 'pay the full amount of a filing fee.' ... The Court has no authority to excuse any prisoner from fully satisfying this financial obligation"). Therefore, Plaintiff's arguments regarding the cost to the government or this Court are not persuasive.

3

Lastly, the Court notes that according to the Financial Department, as of February 19, 2025, no payments have been collected from Plaintiff toward the $505 filing fee associated with his appeal in this action.

### III. CONCLUSION AND ORDER

For the foregoing reasons, Plaintiff's motion filed January 14, 2025 (Doc. 289) is **DENIED**.

IT IS SO ORDERED.

Dated:   **February 21, 2025**              /s/ *Sheila K. Oberto*
                                             UNITED STATES MAGISTRATE JUDGE